IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAIRVIEW HOSPITAL, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MICHAEL O. LEAVITT, )<br>)<br>Defendant. )<br>_____ ) | Civ. Action No. 1:05cv01065 (RWR) |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE EXISTS NO GENUINE ISSUE**

Pursuant to Fed. R. Civ. P. 56 and Rules 7 and 56.1 of this Court, defendant in the above captioned action respectfully submits the following statement of material facts in support of his alternative motion for summary judgment.

1. The Commonwealth of Massachusetts assesses a tax on the private-sector charges of hospitals. Mass. Gen. Laws Ann. Ch. 118G, § 18(e); Complaint ("Compl.") at ¶ 21. The revenue from this tax is placed in an Uncompensated Care Pool ("UCP") and is re-distributed to the hospitals based on their relative share of uncompensated care. Compl. at ¶¶ 22-24.

2. Historically, hospitals in Massachusetts did not consider the UCP tax assessment reimbursable under Medicare and did not claim it on their cost reports. Declaration of Vincent Guarino ("Guarino Dec.") at ¶ 3 (Def. Ex. B at 1); Letter of Robert Baroutas dated November 19, 2002 ("Baroutas Letter") at 1 (Def. Ex. B at 5).

3. Plaintiffs in this case include three hospitals in Massachusetts that participate in Medicare and were subject to the UCP tax. Compl. at ¶¶ 4, 21. The cost reports submitted by plaintiff Fairview Hospital ("Fairview") were processed by its intermediary, Mutual of Omaha

Insurance Company ("Mutual of Omaha"). Declaration of Thomas Bruce ("Bruce Dec.") at ¶ 2 (Def. Ex. A at 1). The cost reports of Tufts-New England Medical Center ("Tufts") and Mount Auburn Hospital ("Mount Auburn") were processed by their intermediary, Associated Hospital Services ("Associated"). Guarino Dec. at ¶ 2.

     4. On August 28, 2002, Fairview asked Mutual of Omaha to reopen final the determinations for the 1997-1999 cost-reporting years. Bruce Dec. at ¶ 3. The letter requesting reopening stated as follows:

> Prior to this time, we had been under the impression that our hospital's gross liability to the Massachusetts Uncompensated Care Pool (UCP) was not allowable cost that could be included on Worksheet A of our Medicare cost report. A study of the regulations, applicable PRRB decisions, US Court rulings, and other pertinent references now leads us to believe that failing to include our annual assessment from the UCP was a material error in the statement of our total allowable cost. In fact, it is our understanding that Mutual of Omaha has for several years reimbursed other Massachusetts hospitals for these costs.

Letter of Darlene Rodowicz dated August 28, 2002 at 1 (Def. Ex. A at 4).

     5. Fairview's reopening request was granted by the intermediary on October 1, 2002, Letters of Jeffrey M. Grabowski dated October 1, 2002 at 1 (Def. Ex. A at 48-50), and final determinations for the 1997-1999 years were revised to include reimbursement for the UCP tax. Bruce Dec. at ¶ 4.

     6. With respect to the years 2000 and 2001, Fairview was awarded UCP reimbursement in the notices of program reimbursement issued by the intermediary. Bruce Dec. at ¶ 5.

     7. On June 21, 2002, a non-plaintiff hospital in Massachusetts asked Associated to reopen a final payment determination for a cost-reporting period in 1997 in order to obtain reimbursement for the UCP tax in a manner similar to Fairview. Letter of Larry Seck dated June 21, 2002 at 1-4 (Def. Ex. B at 9-12). Before issuing a decision on this and "numerous" similar

requests for reopening, Associated sought to have the status of the UCP tax resolved by obtaining a "final decision" from CMS. Baroutas Letter at 1. The letter noted that Mutual of Omaha and Associated had come to different conclusions about the treatment of the tax for purposes of Medicare reimbursement. Id.

8. In March 2003, CMS concluded that the UCP tax assessments "can be recognized as an allowable cost." Memorandum of Robert Baroutas dated March 18, 2003 at 1 (Ex. A attached to Compl.). In compliance with this opinion, Associated instituted a policy of including UCP reimbursement for all cost-reporting periods where the claim was supported by documentary evidence of the tax assessment and (a) a payment determination was not yet final, (b) an administrative appeal was pending (regardless of whether the tax issue had been raised in the appeal), or (c) a decision on a timely reopening request had not yet been made. Id.

9. As a result of the resolution of timely administrative appeals, Tufts received UCP reimbursement for years 1993 through 1996. Guarino Dec. at ¶ 3. Tufts received UCP reimbursement for the years 1997 through 1999 based on timely reopening requests, and was awarded UCP reimbursement in the final determinations issued by the intermediary for the 2000-2001 years. Id.

10. Mount Auburn received UCP reimbursement as a result of timely reopening requests for the 1998 and 1999 years and as a result of final determinations for the 2000 and 2001 years. Guarino Dec. at ¶ 4. An untimely request for reopening for the 1997 year was denied. Id.

11. There are three ways that a hospital can pursue a claim for Medicare reimbursement where the hospital believes that the claim is likely to be denied by the fiscal intermediary. The first way is to include the expense on Worksheet A of its annual cost report. If this cost is then disallowed, the provider's right to appeal is preserved. The second way is to include the

assessment on a portion of the cost report set aside for protested amounts. The third way is to identify the disputed cost in a cover letter submitted with the cost report. The second and third avenues also would preserve the hospital's appeal rights if the claim were denied. Guarino Dec. at ¶ 5.

|  |  |
|---|---|
|  | Respectfully submitted, |
| OF COUNSEL:<br>PAULA M. STANNARD<br>Acting General Counsel | PETER D. KEISLER<br>Assistant Attorney General |
| KATHLEEN H. MCGUAN<br>Associate General Counsel | KENNETH L. WAINSTEIN<br>United States Attorney |
| MARK D. POLSTON<br>Acting Deputy Associate<br>General Counsel | _____<br>SHEILA M. LIEBER<br>PETER ROBBINS<br>Department of Justice |
| ROBERT BALDERSTON<br>Attorney<br>Department of Health<br>and Human Services | 20 Massachusetts Avenue, N.W., Room 7142<br>Washington, D.C. 20530<br>Tel: (202) 514-3953<br>Attorneys for Defendant |