IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BERKSHIRE MEDICAL CENTER, et al., | ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | Civ. Action No. 1:04cv01562 (RWR) |
| TOMMY G. THOMPSON, | ) ) ) | |
| Defendant. | ) ) ) | |

## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
## JOINT MOTION FOR A STAY OF PROCEEDINGS

### INTRODUCTION

On November 3, 2004, the parties jointly moved this Court to stay proceedings in the above-captioned action pending the resolution of Bradley Memorial Hospital v. Thompson, Civ. Action No. 04-416 (EGS) (D.D.C.). By Order dated December 7, 2004, the Court instructed the parties to file a supplemental memorandum addressing two questions. First, the Court asked the parties to discuss whether the two cases are related within the meaning of Local Rule 40.5(a)(3) and, if so, whether the case should be transferred to Judge Sullivan. Second, the Court instructed the parties to explain in more detail how the resolution of the Bradley case might affect the outcome in this case. For the following reasons, the parties do not believe this action is a related case, but strongly believe that significant judicial economy can be achieved by a stay of proceedings pending final resolution (including any appeal) in Bradley.

### STATEMENT OF THE CASES

The Bradley case involves hospitals in Connecticut that were subject to a state tax on gross earnings to fund an uncompensated-care program. The plaintiff hospitals did not claim the

tax as a reimbursable expense on the annual cost reports that they submitted to their fiscal intermediary, which processes Medicare claims on behalf on the Secretary of Health and Human Services. In 2001, however, the Secretary determined that the state tax assessment was reimbursable under Medicare, and, pursuant to 42 C.F.R. § 405.1885(b), the intermediary was ordered to reopen payment determinations for a period of three prior years. The plaintiff hospitals now seek mandamus relief to compel the Secretary to extend the reopening to include, among other things, payment determinations that became final more than three years prior to the reopening order.

The claims in the Bradley complaint are based on three legal theories. First, the plaintiffs contend that the Secretary has a statutory duty to reopen the payment determinations at issue, notwithstanding § 405.1885(b). Bradley Complaint at ¶ 29(a). Second, they contend that the Secretary is obligated to reopen under 42 C.F.R. § 405.1885(d), without regard to time limits, on the basis of "fraud or similar fault" alleged to have been committed by the Secretary and/or the intermediary in connection with statements (or the failure to make statements) about the Medicare-related status of the Connecticut state tax prior to 2001. Bradley Complaint at ¶ 29(b). Third, plaintiffs contend that the three-year limit in 42 C.F.R. § 405.1885(b) should not be applied in this setting. Bradley Complaint at ¶ 29(c).

The Secretary has moved to dismiss or, in the alternative, for summary judgment. First, he argues that plaintiffs are not entitled to mandamus relief because they did not exhaust available alternative remedies. Defendant's Memorandum in Support of His Motion to Dismiss or, in the Alternative, for Summary Judgment ("Def. Mem.") at 15-17. Second, he argues that nothing in the Medicare statutes requires the Secretary to reopen final payment determinations. Def. Mem. at 18-19. Third, he argues that the reopening provision in 42 C.F.R. § 405.1885(d)

does not apply because the Secretary and intermediaries are not parties to the intermediary determination, within the meaning of 42 C.F.R. §§ 405.1805, 405.1885(d), and because neither the Secretary nor the intermediary could be said to have "procured" the intermediary's payment determination, within the meaning of § 405.1885(d). Def. Mem. at 19-21.  Fourth, he argues that fraud or similar fault had not been "established," within the meaning of § 405.1885(d), before the complaint was filed.  Def. Mem. at 22.  Fifth, he argues that the alleged failure of the Secretary to inform the plaintiff hospitals prior to 2001 about the reimbursable status of the tax did not amount to "fraud or similar fault," within the meaning of 42 C.F.R. § 405.1885(d).  Def. Mem. at 22-27.  Sixth, he argues that § 405.1885(b) does not require him to extend the reopening beyond three years.  Def. Mem. at 31.  Finally, he argues that mandamus relief should be denied on the ground that plaintiffs unreasonably delayed bringing suit.  Def. Mem. at 31.  Plaintiffs disagree with each of these arguments and have cross-moved for summary judgment.

      The above-captioned case involves eight hospitals in Massachusetts that were subject to a state tax on revenues to fund an uncompensated-care program similar to the one in Connecticut. Complaint at ¶¶ 21-25.  In 2003, the Secretary issued a memorandum in which he determined that the Massachusetts tax was reimbursable under Medicare and, among other things, ordered the fiscal intermediary to reopen any payment determination for which a request for reopening had been submitted within three years of the date of the final determination.  Exhibit A attached to Complaint.  Plaintiffs now seek mandamus relief to compel the Secretary to extend the reopening to, among other things, payment determinations for cost-reporting years from 1985 through 2001.  Complaint at ¶¶ 29-36.

      As in Bradley, plaintiffs base their claim for relief on three legal theories.  First, they contend that the Secretary has a statutory duty to reopen the payment determination at issue,

-3-

notwithstanding the time limits in 42 C.F.R. §§ 405.1885(a)-(b). Complaint at ¶ 37. Second, they contend that the Secretary is obligated to reopen under 42 C.F.R. § 405.1885(d), without regard to time limits, on the basis of "fraud or similar fault" alleged to have been committed by the Secretary and/or the intermediary in connection with statements (or the failure to make statements) about the Medicare-related status of the Massachusetts state tax prior to 2003. Complaint at ¶ 38. Third, plaintiffs contend that the three-year limit in 42 C.F.R. § 405.1885(b) should not be applied in this setting. Complaint at ¶ 39. Defendant anticipates that his defenses will be similar, if not identical, to those raised in Bradley.

## ARGUMENT

### I. THE CASES ARE NOT RELATED WITHIN THE MEANING OF LOCAL RULE 40.5(a)(3).

Although the legal issues raised in this case and in Bradley are largely identical, the cases are not related, within the meaning of Local Rule 40.5(a)(3), because they do not "relate to common property," "involve common issues of fact," or "grow out of the same event or transaction." Local Rule 40.5(a)(3)(i)-(iii).[1] The Bradley case arises from a state tax on hospital gross earnings in Connecticut. This case arises from a state tax on hospital revenues in Massachusetts. The actions taken by the Secretary with respect to reopening also differ slightly in the two cases. (In Bradley, the Secretary ordered a general reopening, but in this case the reopening was limited to those payment determinations for which a request for reopening had been made within three years). In addition, factual development in this case may reveal differences in the nature of the communications between the hospitals and the Secretary/intermediary concerning the status of the state tax assessment. For these reasons, the

---

[1] They also do not involve a patent. Local Rule 40.5(a)(3)(iv).

cases are not related within the meaning of Local Rule 40.5(a)(3), and the case cannot be transferred to Judge Sullivan on that basis.  See Local Rule 40.2(f).

## II. A STAY OF PROCEEDINGS WOULD CONSERVE JUDICIAL AND PARTY RESOURCES.

Even though the cases are not related within the meaning of the Local Rule, a stay of proceedings here pending final resolution of the Bradley action (including any appeal) would conserve the resources of this Court and the parties.  As was discussed above, the claims raised by the plaintiffs in this case are virtually identical to those raised in Bradley, and the defenses are likely to be the same.  Most of the defenses raised by the Secretary in Bradley are pure issues of law, and success on them before the Court of Appeals for this Circuit would likely obviate the need for further proceedings here.  Even if some issues remain for resolution after the disposition in Bradley, however, they are likely to be reduced to discrete factual questions (e.g., the nature of any specific communications between the hospitals and the Secretary/intermediary concerning the status of the Massachusetts tax).  Such a narrowing of the case would facilitate more economical proceedings and/or possible settlement discussions in the future.  The parties therefore believe that a stay of proceedings affords the most efficient avenue for disposition of the above-captioned action.

|  | Respectfully submitted, |
|---|---|
| OF COUNSEL: | |
| | |
| ALEX M. AZAR II | PETER D. KEISLER |
| General Counsel | Assistant Attorney General |
| | |
| ROBERT P. JAYE | KENNETH L. WAINSTEIN |
| Acting Associate General Counsel | United States Attorney |
| | |
| MARK D. POLSTON | |
| Acting Deputy Associate General Counsel | SHEILA M. LIEBER |
| | PETER ROBBINS |
| | Attorneys |
| LAWRENCE M. MEISTER | U.S. Department of Justice |
| Attorney | 20 Massachusetts Ave., N.W., Room 7142 |
| Department of Health and Human Services | Washington, D.C. 20530 |
| | Tel:  (202) 514-3953 |
| | Attorneys for Defendant |

OF COUNSEL:

| MURRAY J. KLEIN | JACQUELINE E. BENNETT |
|---|---|
| Reed Smith LLP | D.C. Bar No. 474355 |
| | Reed Smith LLP |
| | 1301 K Street, N.W. |
| | Washington, D.C.  20005 |
| | Tel: (202) 414-9200 |
| | |
| | Attorneys for the Plaintiff |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DANA-FARBER CANCER INSTITUTE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civ. Action No. 1:04cv01537 (RWR) |
| TOMMY G. THOMPSON, | ) ) ) | |
| Defendant. | ) ) ) | |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
JOINT MOTION FOR A STAY OF PROCEEDINGS**

**INTRODUCTION**

On November 3, 2004, the parties jointly moved this Court to stay proceedings in the above-captioned action pending the resolution of <u>Bradley Memorial Hospital v. Thompson</u>, Civ. Action No. 04-416 (EGS) (D.D.C.). By Order dated December 7, 2004, the Court instructed the parties to file a supplemental memorandum addressing two questions. First, the Court asked the parties to discuss whether the two cases are related within the meaning of Local Rule 40.5(a)(3) and, if so, whether the case should be transferred to Judge Sullivan. Second, the Court instructed the parties to explain in more detail how the resolution of the <u>Bradley</u> case might affect the outcome in this case. For the following reasons, the parties do not believe this action is a related case, but strongly believe that significant judicial economy can be achieved by a stay of proceedings pending final resolution (including any appeal) in <u>Bradley</u>.

**STATEMENT OF THE CASES**

The <u>Bradley</u> case involves hospitals in Connecticut that were subject to a state tax on gross earnings to fund an uncompensated-care program. The plaintiff hospitals did not claim the

tax as a reimbursable expense on the annual cost reports that they submitted to their fiscal intermediary, which processes Medicare claims on behalf on the Secretary of Health and Human Services. In 2001, however, the Secretary determined that the state tax assessment was reimbursable under Medicare, and, pursuant to 42 C.F.R. § 405.1885(b), the intermediary was ordered to reopen payment determinations for a period of three prior years. The plaintiff hospitals now seek mandamus relief to compel the Secretary to extend the reopening to include, among other things, payment determinations that became final more than three years prior to the reopening order.

The claims in the Bradley complaint are based on three legal theories. First, the plaintiffs contend that the Secretary has a statutory duty to reopen the payment determinations at issue, notwithstanding § 405.1885(b). Bradley Complaint at ¶ 29(a). Second, they contend that the Secretary is obligated to reopen under 42 C.F.R. § 405.1885(d), without regard to time limits, on the basis of "fraud or similar fault" alleged to have been committed by the Secretary and/or the intermediary in connection with statements (or the failure to make statements) about the Medicare-related status of the Connecticut state tax prior to 2001. Bradley Complaint at ¶ 29(b). Third, they contend that the three-year limit in 42 C.F.R. § 405.1885(b) should not be applied in this setting. Bradley Complaint at ¶ 29(c).

The Secretary has moved to dismiss or, in the alternative, for summary judgment. First, he argues that plaintiffs are not entitled to mandamus relief because they did not exhaust available alternative remedies. Defendant's Memorandum in Support of His Motion to Dismiss or, in the Alternative, for Summary Judgment ("Def. Mem.") at 15-17. Second, he argues that nothing in the Medicare statutes requires the Secretary to reopen final payment determinations. Def. Mem. at 18-19. Third, he argues that the reopening provision in 42 C.F.R. § 405.1885(d)

-2-

does not apply because the Secretary and intermediaries are not parties to the intermediary determination, within the meaning of 42 C.F.R. §§ 405.1805, 405.1885(d), and because neither the Secretary nor the intermediary could be said to have "procured" the intermediary's payment determination within the meaning of § 405.1885(d). Def. Mem. at 19-21. Fourth, he argues that fraud or similar fault had not been "established," within the meaning of § 405.1885(d), before the complaint was filed. Def. Mem. at 22. Fifth, he argues that the alleged failure of the Secretary to inform the plaintiff hospitals prior to 2001 about the reimbursable status of the tax did not amount to "fraud or similar fault," within the meaning of 42 C.F.R. § 405.1885(d). Def. Mem. at 22-27. Sixth, he argues that § 405.1885(b) did not require him to extend the reopening beyond three years. Def. Mem. at 31. Finally, he argues that mandamus relief should be denied on the ground that plaintiffs unreasonably delayed bringing suit. Def. Mem. at 31. Plaintiffs disagree with each of these arguments and have cross-moved for summary judgment.

The above-captioned case involves a hospital in Massachusetts that was subject to a state tax on revenues to fund an uncompensated-care program similar to the one in Connecticut. Complaint at ¶¶ 21-25. In 2003, the Secretary issued a memorandum in which he determined that the Massachusetts tax was reimbursable under Medicare and, among other things, ordered the fiscal intermediary to reopen any payment determination for which a request for reopening had been submitted within three years of the date of the final determination. Exhibit A attached to Complaint. Plaintiff now seeks mandamus relief to compel the Secretary to, among other things, extend the reopening to a payment determination that became final in 1998. Complaint at ¶¶ 29-35.

As in <u>Bradley</u>, plaintiff bases its claim for relief on three legal theories. First, it contends that the Secretary has a statutory duty to reopen the payment determination at issue,

-3-

notwithstanding the time limits in 42 C.F.R. §§ 405.1885(a)-(b). Complaint at ¶ 36. Second, it contends that the Secretary is obligated to reopen under 42 C.F.R. § 405.1885(d), without regard to time limits, on the basis of "fraud or similar fault" alleged to have been committed by the Secretary and/or the intermediary in connection with statements (or the failure to make statements) about the Medicare-related status of the Massachusetts tax prior to 2003. Complaint at ¶ 37. Third, plaintiff contends that the three-year limit in 42 C.F.R. § 405.1885(b) should not be applied in this setting. Complaint at ¶ 38. The Secretary anticipates that his defenses will be similar, if not identical, to those raised in Bradley.

## ARGUMENT

**I. THE CASES ARE NOT RELATED WITHIN THE MEANING OF LOCAL RULE 40.5(a)(3).**

Although the legal issues raised in this case and in Bradley are similar, the cases are not related, within the meaning of Local Rule 40.5(a)(3), because plaintiff's claims do not "relate to common property," "involve common issues of fact," or "grow out of the same event or transaction." Local Rule 40.5(a)(3)(i)-(iii).[1] The Bradley case arises from a state tax on hospital gross earnings in Connecticut. This case arises from a state tax on hospital revenues in Massachusetts. The actions taken by the Secretary with respect to reopening also differ slightly in the two cases. (In Bradley, the Secretary ordered a general reopening, but in this case the reopening was limited to those payment determinations for which a request for reopening had been made within three years). In addition, factual development in this case may reveal differences in the nature of the communications between the hospitals and the Secretary/intermediary concerning the status of the state tax assessment. For these reasons, the

---

[1] They also do not involve a patent. Local Rule 40.5(a)(3)(iv).

-4-

cases are not related within the meaning of Local Rule 40.5(a)(3), and the case cannot be transferred to Judge Sullivan on that basis.  See Local Rule 40.2(f).

## II. A STAY OF PROCEEDINGS WOULD CONSERVE JUDICIAL AND PARTY RESOURCES.

Even though the cases are not related within the meaning of the Local Rule, a stay of proceedings here pending final resolution of the Bradley action (including any appeal) would conserve the resources of this Court and the parties.  As was discussed above, the claims raised by the plaintiff in this case are virtually identical to those raised in Bradley, and the defenses are likely to be the same.  Most of the defenses raised by the Secretary in Bradley are pure issues of law, and success on them before the Court of Appeals for this Circuit would likely obviate the need for further proceedings here.  Even if some issues remain for resolution after the disposition in Bradley, however, they are likely to be reduced to discrete factual questions (e.g., the nature of any specific communications between the hospital and the Secretary/intermediary concerning the status of the Massachusetts tax).  Such a narrowing of the case would facilitate more economical proceedings and/or possible settlement discussions in the future.  The parties therefore believe that a stay of proceedings affords the most efficient avenue for disposition of the above-captioned action.

|  |  |
|---|---|
| OF COUNSEL: | Respectfully submitted, |
| ALEX M. AZAR II<br>General Counsel | PETER D. KEISLER<br>Assistant Attorney General |
| ROBERT P. JAYE<br>Acting Associate General Counsel | KENNETH L. WAINSTEIN<br>United States Attorney |
| MARK D. POLSTON<br>Acting Deputy Associate General Counsel | SHEILA M. LIEBER<br>PETER ROBBINS |

-5-

-6-

| | |
|---|---|
| LAWRENCE M. MEISTER<br>Attorney<br>Department of Health and Human Services | Attorneys<br>U.S. Department of Justice<br>20 Massachusetts Ave., N.W., Room 7142<br>Washington, D.C. 20530<br>Tel: (202) 514-3953<br>Attorneys for Defendant |

OF COUNSEL:

| | |
|---|---|
| MURRAY J. KLEIN<br>Reed Smith LLP | JACQUELINE E. BENNETT<br>D.C. Bar No. 474355<br>Reed Smith LLP<br>1301 K Street, N.W.<br>Washington, D.C. 20005<br>Tel: (202) 414-9200<br><br>Attorneys for the Plaintiff |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| MILTON HOSPITAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 1:04cv01497 (RWR) |
| | ) | |
| TOMMY G. THOMPSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
JOINT MOTION FOR A STAY OF PROCEEDINGS**

**INTRODUCTION**

On November 3, 2004, the parties jointly moved this Court to stay proceedings in the above-captioned action pending the resolution of <u>Bradley Memorial Hospital v. Thompson</u>, Civ. Action No. 04-416 (EGS) (D.D.C.). By Order dated December 7, 2004, the Court instructed the parties to file a supplemental memorandum addressing two questions. First, the Court asked the parties to discuss whether the two cases are related within the meaning of Local Rule 40.5(a)(3) and, if so, whether the case should be transferred to Judge Sullivan. Second, the Court instructed the parties to explain in more detail how the resolution of the <u>Bradley</u> case might affect the outcome in this case. For the following reasons, the parties do not believe this action is a related case, but strongly believe that significant judicial economy can be achieved by a stay of proceedings pending final resolution (including any appeal) in <u>Bradley</u>.

**STATEMENT OF THE CASES**

The <u>Bradley</u> case involves hospitals in Connecticut that were subject to a state tax on gross earnings to fund an uncompensated-care program. The plaintiff hospitals did not claim the

tax as a reimbursable expense on the annual cost reports that they submitted to their fiscal intermediary, which processes Medicare claims on behalf on the Secretary of Health and Human Services. In 2001, however, the Secretary determined that the state tax assessment was reimbursable under Medicare, and, pursuant to 42 C.F.R. § 405.1885(b), the intermediary was ordered to reopen payment determinations for a period of three prior years. The plaintiff hospitals now seek mandamus relief to compel the Secretary to extend the reopening to include, among other things, payment determinations that became final more than three years prior to the reopening order.

The claims in the Bradley complaint are based on three legal theories. First, the plaintiffs contend that the Secretary has a statutory duty to reopen the payment determinations at issue, notwithstanding § 405.1885(b). Bradley Complaint at ¶ 29(a). Second, they contend that the Secretary is obligated to reopen under 42 C.F.R. § 405.1885(d), without regard to time limits, on the basis of "fraud or similar fault" alleged to have been committed by the Secretary and/or the intermediary in connection with statements (or the failure to make statements) about the Medicare-related status of the Connecticut state tax prior to 2001. Bradley Complaint at ¶ 29(b). Third, they contend that the three-year limit in 42 C.F.R. § 405.1885(b) should not be applied in this setting. Bradley Complaint at ¶ 29(c).

The Secretary has moved to dismiss or, in the alternative, for summary judgment. First, he argues that plaintiffs are not entitled to mandamus relief because they did not exhaust available alternative remedies. Defendant's Memorandum in Support of His Motion to Dismiss or, in the Alternative, for Summary Judgment ("Def. Mem.") at 15-17. Second, he argues that nothing in the Medicare statutes requires the Secretary to reopen final payment determinations. Def. Mem. at 18-19. Third, he argues that the reopening provision in 42 C.F.R. § 405.1885(d)

does not apply because the Secretary and intermediaries are not parties to the intermediary determination, within the meaning of 42 C.F.R. §§ 405.1805, 405.1885(d), and because neither the Secretary nor the intermediary could be said to have "procured" the intermediary's payment determination within the meaning of § 405.1885(d). Def. Mem. at 19-21. Fourth, he argues that fraud or similar fault had not been "established," within the meaning of § 405.1885(d), before the complaint was filed. Def. Mem. at 22. Fifth, he argues that the alleged failure of the Secretary to inform the plaintiff hospitals prior to 2001 about the reimbursable status of the tax did not amount to "fraud or similar fault," within the meaning of 42 C.F.R. § 405.1885(d). Def. Mem. at 22-27. Sixth, he argues that § 405.1885(b) did not require him to extend the reopening beyond three years. Def. Mem. at 31. Finally, he argues that mandamus relief should be denied on the ground that plaintiffs unreasonably delayed bringing suit. Def. Mem. at 31. Plaintiffs disagree with each of these arguments and have cross-moved for summary judgment.

The above-captioned case involves a hospital in Massachusetts that was subject to a state tax on revenues to fund an uncompensated-care program similar to the one in Connecticut. Complaint at ¶¶ 21-25. In 2003, the Secretary issued a memorandum in which he determined that the Massachusetts tax was reimbursable under Medicare and, among other things, ordered the fiscal intermediary to reopen any payment determination for which a request for reopening had been submitted within three years of the date of the final determination. Exhibit A attached to Complaint. Plaintiff now seeks mandamus relief to compel the Secretary to, among other things, extend the reopening to a payment determination that became final in 1998. Complaint at ¶¶ 29-35.

As in <u>Bradley</u>, plaintiff bases its claim for relief on three legal theories. First, it contends that the Secretary has a statutory duty to reopen the payment determination at issue,

-3-

notwithstanding the time limits in 42 C.F.R. §§ 405.1885(a)-(b).  Complaint at ¶ 36.  Second, it contends that the Secretary is obligated to reopen under 42 C.F.R. § 405.1885(d), without regard to time limits, on the basis of "fraud or similar fault" alleged to have been committed by the Secretary and/or the intermediary in connection with statements (or the failure to make statements) about the Medicare-related status of the Massachusetts tax prior to 2003.  Complaint at ¶ 37.  Third, plaintiff contends that the three-year limit in 42 C.F.R. § 405.1885(b) should not be applied in this setting.  Complaint at ¶ 38.  The Secretary anticipates that his defenses will be similar, if not identical, to those raised in Bradley.

## ARGUMENT

### I. THE CASES ARE NOT RELATED WITHIN THE MEANING OF LOCAL RULE 40.5(a)(3).

Although the legal issues raised in this case and in Bradley are similar, the cases are not related, within the meaning of Local Rule 40.5(a)(3), because plaintiff's claims do not "relate to common property," "involve common issues of fact," or "grow out of the same event or transaction."  Local Rule 40.5(a)(3)(i)-(iii).[1]  The Bradley case arises from a state tax on hospital gross earnings in Connecticut.  This case arises from a state tax on hospital revenues in Massachusetts.  The actions taken by the Secretary with respect to reopening also differ slightly in the two cases.  (In Bradley, the Secretary ordered a general reopening, but in this case the reopening was limited to those payment determinations for which a request for reopening had been made within three years).  In addition, factual development in this case may reveal differences in the nature of the communications between the hospitals and the Secretary/intermediary concerning the status of the state tax assessment.  For these reasons, the

---

[1] They also do not involve a patent.  Local Rule 40.5(a)(3)(iv).

cases are not related within the meaning of Local Rule 40.5(a)(3), and the case cannot be transferred to Judge Sullivan on that basis. See Local Rule 40.2(f).

## II. A STAY OF PROCEEDINGS WOULD CONSERVE JUDICIAL AND PARTY RESOURCES.

Even though the cases are not related within the meaning of the Local Rule, a stay of proceedings here pending final resolution of the Bradley action (including any appeal) would conserve the resources of this Court and the parties. As was discussed above, the claims raised by the plaintiff in this case are virtually identical to those raised in Bradley, and the defenses are likely to be the same. Most of the defenses raised by the Secretary in Bradley are pure issues of law, and success on them before the Court of Appeals for this Circuit would likely obviate the need for further proceedings here. Even if some issues remain for resolution after the disposition in Bradley, however, they are likely to be reduced to discrete factual questions (e.g., the nature of any specific communications between the hospital and the Secretary/intermediary concerning the status of the Massachusetts tax). Such a narrowing of the case would facilitate more economical proceedings and/or possible settlement discussions in the future. The parties therefore believe that a stay of proceedings affords the most efficient avenue for disposition of the above-captioned action.

Respectfully submitted,

OF COUNSEL:

| | |
|---|---|
| ALEX M. AZAR II | PETER D. KEISLER |
| General Counsel | Assistant Attorney General |
| | |
| ROBERT P. JAYE | KENNETH L. WAINSTEIN |
| Acting Associate General Counsel | United States Attorney |

| | |
|---|---|
| MARK D. POLSTON<br>Acting Deputy Associate General<br>Counsel | SHEILA M. LIEBER<br>PETER ROBBINS<br>Attorneys |
| LAWRENCE M. MEISTER<br>Attorney<br>Department of Health and Human Services | U.S. Department of Justice<br>20 Massachusetts Ave., N.W., Room 7142<br>Washington, D.C. 20530<br>Tel: (202) 514-3953<br>Attorneys for Defendant |
| OF COUNSEL: | |
| MURRAY J. KLEIN<br>Reed Smith LLP | JACQUELINE E. BENNETT<br>D.C. Bar No. 474355<br>Reed Smith LLP<br>1301 K Street, N.W.<br>Washington, D.C. 20005<br>Tel: (202) 414-9200<br><br>Attorneys for the Plaintiff |