IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| BERKSHIRE MEDICAL CENTER, et al., | ) | |
| Plaintiffs | ) | |
| v. | ) | Civ. Action No. 1:04cv01562 (RWR) |
| MICHAEL O. LEAVITT,[1] | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION, AND MEMORANDUM IN SUPPORT
THEREOF, TO MODIFY STAY OF PROCEEDINGS**

On March 10, 2005, this Court granted the parties' joint motion to stay proceedings in the above-captioned action, pending resolution of the case in Bradley Memorial Hospital v. Leavitt, No. 04-416 (EGS) (D.D.C.). Two related cases were stayed in the same manner. All of the cases involved hospital claims for reimbursement under the Medicare program.

At the time the parties moved for the stay, they felt that the allegations in Bradley, while not identical to the complaint in this action, were sufficiently similar to make Bradley a plausible "lead" case. Since then, however, the Bradley complaint has been substantially amended to allege entirely new facts that have no connection to this case. In addition, numerous factual issues have arisen between the parties in connection with the plaintiffs' pending motion for summary judgment in Bradley. However, dispositive briefing has begun in a new related case, Fairview Hospital v. Leavitt, No. 05-1065 (RWR) (D.D.C.), which is identical in all respects to this case. The same counsel represent plaintiffs and defendant in both cases. Defendant

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the current Secretary of Health and Human Services has been substituted for his predecessor.

therefore respectfully moves this Court to modify the existing stay, so as to substitute <u>Fairview</u> for <u>Bradley</u> as the lead case.[2]

The complaint in <u>Bradley</u> was filed on March 15, 2004.  Among other things, it alleged that the plaintiff hospitals were entitled to a reopening of Medicare payment determinations because the Secretary of Health and Human Services and his fiscal agents had engaged in fraud or similar fault-worthy conduct within the meaning of 42 C.F.R. § 405.1885(d).  Def. Ex. A.  The allegations in the original <u>Bradley</u> complaint were similar to the complaint filed in this action, except that the <u>Bradley</u> case involved the Medicare treatment of a state tax assessment in Connecticut and this case involved a state tax assessment in Massachusetts.

Following a first round of dispositive briefings, however, the <u>Bradley</u> plaintiffs amended their complaint.  The amended complaint made numerous new allegations about the conduct and payment practices of a succession of fiscal agents that processed hospital cost reports in Connecticut.  Def. Ex. B.  Similar party-specific allegations do not appear anywhere in the complaint in this case, which involves entirely different fiscal agents processing cost reports for different hospitals in a different state.  In addition, the subsequent briefing in <u>Bradley</u> has revealed numerous factual disputes in connection with the plaintiffs' cross-motion for summary judgment.  Def. Ex. C.

In light of the new factual allegations and the new factual disputes in <u>Bradley</u>, defendant believes that <u>Bradley</u> no longer presents the most efficient vehicle for a "lead" case to resolve any

---

[2] Counsel for defendant discussed this motion with counsel for plaintiffs two weeks ago. Counsel for plaintiffs have not yet indicated whether plaintiffs intend to oppose the motion. They did, however, indicate that plaintiffs intend to move to stay the <u>Fairview</u> proceedings pending the resolution in <u>Bradley</u>.  Their opposition to the present motion can therefore now be presumed.

issues it may still have in common with this case and the related stayed cases.  The better choice for a lead case is now Fairview, which, unlike Bradley, involves the Medicare treatment of a state tax assessment in Massachusetts.  Apart from the names of the plaintiffs, the complaint in Farview is virtually word-for-word identical with the complaint in this action and the related cases.  The briefing of a motion to dismiss in Fairview has already begun, and the case will presumably proceed without the factual complications (and possible future need for discovery and/or trial) that have arisen in Bradley.  Defendant therefore moves to modify the existing stay to substitute Fariview for Bradley as the lead case.  A proposed order is attached.

|  |  |
|---|---|
| OF COUNSEL:<br>PAULA M. STANNARD<br>Acting General Counsel | Respectfully submitted,<br><br>PETER D. KEISLER<br>Assistant Attorney General |
| KATHLEEN H. MCGUAN<br>Associate General Counsel | KENNETH L. WAINSTEIN<br>United States Attorney |
| MARK D. POLSTON<br>Acting Deputy Associate<br>General Counsel | _____<br>SHEILA M. LIEBER<br>PETER ROBBINS<br>Department of Justice |
| ROBERT BALDERSTON<br>Attorney<br>Department of Health<br>and Human Services | 20 Massachusetts Avenue, N.W., Room 7142<br>Washington, D.C.  20530<br>Tel:  (202) 514-3953<br>Attorneys for Defendant |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DANA-FARBER CANCER INSTITUTE, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civ. Action No. 1:04cv01537 (RWR) |
| MICHAEL O. LEAVITT,[1] | ) ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT'S MOTION, AND MEMORANDUM IN SUPPORT
THEREOF, TO MODIFY STAY OF PROCEEDINGS**

On March 10, 2005, this Court granted the parties' joint motion to stay proceedings in the above-captioned action, pending resolution of the case in Bradley Memorial Hospital v. Leavitt, No. 04-416 (EGS) (D.D.C.). Two related cases were stayed in the same manner. All of the cases involved hospital claims for reimbursement under the Medicare program.

At the time the parties moved for the stay, they felt that the allegations in Bradley, while not identical to the complaint in this action, were sufficiently similar to make Bradley a plausible "lead" case. Since then, however, the Bradley complaint has been substantially amended to allege entirely new facts that have no connection to this case. In addition, numerous factual issues have arisen between the parties in connection with the plaintiffs' pending motion for summary judgment in Bradley. However, dispositive briefing has begun in a new related case, Fairview Hospital v. Leavitt, No. 05-1065 (RWR) (D.D.C.), which is identical in all respects to this case. The same counsel represent plaintiffs and defendant in both cases. Defendant

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the current Secretary of Health and Human Services has been substituted for his predecessor.

therefore respectfully moves this Court to modify the existing stay, so as to substitute <u>Fairview</u> for <u>Bradley</u> as the lead case.[2]

The complaint in <u>Bradley</u> was filed on March 15, 2004. Among other things, it alleged that the plaintiff hospitals were entitled to a reopening of Medicare payment determinations because the Secretary of Health and Human Services and his fiscal agents had engaged in fraud or similar fault-worthy conduct within the meaning of 42 C.F.R. § 405.1885(d). Def. Ex. A. The allegations in the original <u>Bradley</u> complaint were similar to the complaint filed in this action, except that the <u>Bradley</u> case involved the Medicare treatment of a state tax assessment in Connecticut and this case involved a state tax assessment in Massachusetts.

Following a first round of dispositive briefings, however, the <u>Bradley</u> plaintiffs amended their complaint. The amended complaint made numerous new allegations about the conduct and payment practices of a succession of fiscal agents that processed hospital cost reports in Connecticut. Def. Ex. B. Similar party-specific allegations do not appear anywhere in the complaint in this case, which involves entirely different fiscal agents processing cost reports for different hospitals in a different state. In addition, the subsequent briefing in <u>Bradley</u> has revealed numerous factual disputes in connection with the plaintiffs' cross-motion for summary judgment. Def. Ex. C.

In light of the new factual allegations and the new factual disputes in <u>Bradley</u>, defendant believes that <u>Bradley</u> no longer presents the most efficient vehicle for a "lead" case to resolve any

---

[2] Counsel for defendant discussed this motion with counsel for plaintiffs two weeks ago. Counsel for plaintiffs have not yet indicated whether plaintiffs intend to oppose the motion. They did, however, indicate that plaintiffs intend to move to stay the <u>Fairview</u> proceedings pending the resolution in <u>Bradley</u>. Their opposition to the present motion can therefore now be presumed.

issues it may still have in common with this case and the related stayed cases. The better choice for a lead case is now <u>Fairview</u>, which, unlike <u>Bradley</u>, involves the Medicare treatment of a state tax assessment in Massachusetts. Apart from the names of the plaintiffs, the complaint in <u>Farview</u> is virtually word-for-word identical with the complaint in this action and the related cases. The briefing of a motion to dismiss in <u>Fairview</u> has already begun, and the case will presumably proceed without the factual complications (and possible future need for discovery and/or trial) that have arisen in <u>Bradley</u>. Defendant therefore moves to modify the existing stay to substitute <u>Farivew</u> for <u>Bradley</u> as the lead case. A proposed order is attached.

|  |  |
|---|---|
|  | Respectfully submitted, |
| OF COUNSEL:<br>PAULA M. STANNARD<br>Acting General Counsel | PETER D. KEISLER<br>Assistant Attorney General |
| KATHLEEN H. MCGUAN<br>Associate General Counsel | KENNETH L. WAINSTEIN<br>United States Attorney |
| MARK D. POLSTON<br>Acting Deputy Associate<br>General Counsel | SHEILA M. LIEBER<br>PETER ROBBINS<br>Department of Justice |
| ROBERT BALDERSTON<br>Attorney<br>Department of Health<br>and Human Services | 20 Massachusetts Avenue, N.W., Room 7142<br>Washington, D.C. 20530<br>Tel: (202) 514-3953<br>Attorneys for Defendant |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MILTON HOSPITAL, | ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | Civ. Action No. 1:04cv01497 (RWR) |
| MICHAEL O. LEAVITT,[1] | ) ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT'S MOTION, AND MEMORANDUM IN SUPPORT
THEREOF, TO MODIFY STAY OF PROCEEDINGS**

On March 10, 2005, this Court granted the parties' joint motion to stay proceedings in the above-captioned action, pending resolution of the case in <u>Bradley Memorial Hospital v. Leavitt</u>, No. 04-416 (EGS) (D.D.C.). Two related cases were stayed in the same manner. All of the cases involved hospital claims for reimbursement under the Medicare program.

At the time the parties moved for the stay, they felt that the allegations in <u>Bradley</u>, while not identical to the complaint in this action, were sufficiently similar to make <u>Bradley</u> a plausible "lead" case. Since then, however, the <u>Bradley</u> complaint has been substantially amended to allege entirely new facts that have no connection to this case. In addition, numerous factual issues have arisen between the parties in connection with the plaintiffs' pending motion for summary judgment in <u>Bradley</u>. However, dispositive briefing has begun in a new related case, <u>Fairview Hospital v. Leavitt</u>, No. 05-1065 (RWR) (D.D.C.), which is identical in all respects to this case. The same counsel represent plaintiffs and defendant in both cases. Defendant

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the current Secretary of Health and Human Services has been substituted for his predecessor.

therefore respectfully moves this Court to modify the existing stay, so as to substitute <u>Fairview</u> for <u>Bradley</u> as the lead case.[2]

The complaint in <u>Bradley</u> was filed on March 15, 2004. Among other things, it alleged that the plaintiff hospitals were entitled to a reopening of Medicare payment determinations because the Secretary of Health and Human Services and his fiscal agents had engaged in fraud or similar fault-worthy conduct within the meaning of 42 C.F.R. § 405.1885(d). Def. Ex. A. The allegations in the original <u>Bradley</u> complaint were similar to the complaint filed in this action, except that the <u>Bradley</u> case involved the Medicare treatment of a state tax assessment in Connecticut and this case involved a state tax assessment in Massachusetts.

Following a first round of dispositive briefings, however, the <u>Bradley</u> plaintiffs amended their complaint. The amended complaint made numerous new allegations about the conduct and payment practices of a succession of fiscal agents that processed hospital cost reports in Connecticut. Def. Ex. B. Similar party-specific allegations do not appear anywhere in the complaint in this case, which involves entirely different fiscal agents processing cost reports for different hospitals in a different state. In addition, the subsequent briefing in <u>Bradley</u> has revealed numerous factual disputes in connection with the plaintiffs' cross-motion for summary judgment. Def. Ex. C.

In light of the new factual allegations and the new factual disputes in <u>Bradley</u>, defendant believes that <u>Bradley</u> no longer presents the most efficient vehicle for a "lead" case to resolve any

---

[2] Counsel for defendant discussed this motion with counsel for plaintiffs two weeks ago. Counsel for plaintiffs have not yet indicated whether plaintiffs intend to oppose the motion. They did, however, indicate that plaintiffs intend to move to stay the <u>Fairview</u> proceedings pending the resolution in <u>Bradley</u>. Their opposition to the present motion can therefore now be presumed.

issues it may still have in common with this case and the related stayed cases.  The better choice for a lead case is now <u>Fairview</u>, which, unlike <u>Bradley</u>, involves the Medicare treatment of a state tax assessment in Massachusetts.  Apart from the names of the plaintiffs, the complaint in <u>Farview</u> is virtually word-for-word identical with the complaint in this action and the related cases.  The briefing of a motion to dismiss in <u>Fairview</u> has already begun, and the case will presumably proceed without the factual complications (and possible future need for discovery and/or trial) that have arisen in <u>Bradley</u>.  Defendant therefore moves to modify the existing stay to substitute <u>Farivew</u> for <u>Bradley</u> as the lead case.  A proposed order is attached.

|  |  |
|---|---|
| | Respectfully submitted, |
| OF COUNSEL: | |
| PAULA M. STANNARD | PETER D. KEISLER |
| Acting General Counsel | Assistant Attorney General |
| | |
| KATHLEEN H. MCGUAN | KENNETH L. WAINSTEIN |
| Associate General Counsel | United States Attorney |
| | |
| MARK D. POLSTON | _____ |
| Acting Deputy Associate | SHEILA M. LIEBER |
| General Counsel | PETER ROBBINS |
| | Department of Justice |
| ROBERT BALDERSTON | 20 Massachusetts Avenue, N.W., Room 7142 |
| Attorney | Washington, D.C.  20530 |
| Department of Health | Tel:  (202) 514-3953 |
| and Human Services | Attorneys for Defendant |