IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAIRVIEW HOSPITAL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civ. Action No. 1:05cv01065 (RWR) |
| ) | |
| MICHAEL O. LEAVITT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT EXHIBIT D**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BRADLEY MEMORIAL HOSPITAL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 1:04cv00416 (EGS) |
| | ) | |
| MICHAEL O. LEAVITT, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S STATEMENT OF MATERIAL FACTS IN DISPUTE

Pursuant to Fed. R. Civ. P. 56 and Rules 7(h) and 56.1 of this Court, defendant in the above captioned action respectfully submits the following statement of material facts as to which there exists a genuine issue:

1. Disputed.  Section 12-263b of the Connecticut State Code sets forth a tax on "the hospital gross earnings" of Connecticut hospitals.  Def. Ex. A at 46 (attached to defendant's memorandum in support of his motion to dismiss plaintiffs' original complaint).

2. Disputed.  The Connecticut Gross Earnings Tax ("GET") is "similar" to the New York law, Def. Ex A at 2, not the same.  The GET tax is a tax on "the hospital gross earnings," id. at 46, of Connecticut hospitals, not a tax on gross receipts.  The referenced New York state tax law is not material.

3. Undisputed.

4. Disputed.  Defendant does not dispute that the Letter of Anthony J. Seubert dated June 26, 1995 (Pl. Ex. 1-D) says what it says.  The text of the letter is not accurately quoted in this paragraph of plaintiffs' statement of material facts.

5. Disputed. The referenced memorandum conveys "everyone's opinion," during an earlier conference call, "that the Gross Earnings Tax is similar to the New York tax assessment." Memorandum of Tom Talbot dated March 26, 2002 at 1 (Def. Ex. A at 2) (attached to defendant's motion to dismiss plaintiffs' original complaint). This opinion is not a material fact.

6. Disputed. There is no evidence in the record that Connecticut Blue Cross and Blue Shield ("Connecticut Blue Cross") or Anthem Blue Cross and Blue Shield ("Anthem") "knew, as early as 1995, that taxes on hospitals' gross receipts qualified as allowable costs under the Medicare reimbursement scheme." Such a position would be an opinion of law, not a material fact. The New York Opinion upon which plaintiffs rely for evidence that such a putative opinion was held by any federal entity discusses only a "specific" New York state tax "in question." New York Opinion at 1. It does not apply to any other state tax and could not reasonably have been interpreted as such by intermediary personnel. Second Declaration of George E. Porette ("Second Porette Dec.") at ¶¶ 7-8 (Def. Ex. 2). There is no evidence that the contents of the New York Opinion were ever made known to Connecticut Blue Cross or to Anthem, and there is no reason to think that they would be shared with those intermediaries as a matter of course. Id. at ¶ 6. The New York Opinion was addressed only to Empire Blue Cross and Blue Shield, which later became Empire Medicare Services ("Empire"). Id. at ¶ 6. The Centers for Medicare & Medicaid Services ("CMS") took no position on the GET tax prior to 2001. Declaration of Warren A. Willis ("First Willis Dec.") at ¶ 2 (Def. Ex. 3); Letter of Rex. A. Shera ("Shera Letter") at 1 (Pl. Ex. 1-A).

7. Disputed. It is not clear what plaintiffs mean by "a position of non-reimbursement." There is no evidence that any intermediary ever issued a written directive to its employees about the Medicare treatment of the GET tax. There is no evidence that any plaintiff hospital ever

-2-

submitted a claim for the GET tax, and there is no evidence that such a claim was denied on the basis of what plaintiffs allege to have been the intermediary's "position." The one (non-plaintiff) hospital that did claim the GET tax had the claim denied for reasons unrelated to the policy alleged to exist by plaintiffs. Declaration of Douglas Payne ("Payne Dec.") at ¶ 7 ("Pl. Ex. 3) & Pl. Ex. 1-C. The New York Opinion was not addressed to Connecticut Blue Cross or Anthem, Porette Dec. at ¶ 6, and there is no evidence in the record that anyone at Connecticut Blue Cross or Anthem ever read it or was aware of its contents.

      8. Disputed. There is no evidence that any intermediary ever issued a written directive to its employees about the Medicare treatment of the GET tax. There is no evidence that any plaintiff hospital ever submitted a claim for the GET tax, and there is no evidence that such a claim was denied on the basis of what plaintiffs alleged to have been the intermediary's "position." The claim of St. Vincent Hospital was denied by the intermediary for reasons unrelated to the policy alleged to exist by plaintiffs. Payne Dec. at ¶ 7 & Pl. Ex. 1-C. St. Vincent Hospital received payment for the GET tax on administrative appeal. Shera Dec. at ¶ 12; Am. Compl. at ¶ 27(b)

      9. Disputed. A letter purportedly written on behalf of Griffin Hospital states as follows: "We have not yet discussed this matter with Empire Medicare Services, the Connecticut Fiscal Intermediary, as we believe the Intermediary would likely seek guidance from the CMS Central Office." Shera Letter at 1. This is inconsistent with the averments in paragraph 9 of plaintiffs' statement of material facts. In addition, the facts asserted in paragraph 9 are not material.

      10. Undisputed.

      11. Disputed. The referenced letter states as follows: "We have not yet discussed this matter with Empire Medicare Services, the Connecticut Fiscal Intermediary, as we believe the

Intermediary would likely seek guidance from the CMS Central Office." Shera Letter at 1. The referenced paragraphs of the Shera Declaration do not say that Mr. Shera knew "that Empire's position was one of non-reimbursement" or that "any overture to Empire on the issue would be futile." Mr. Shera's averment that his knowledge of the "common knowledge" of Connecticut hospitals was based on conversations with Empire, Shera Dec. at ¶ 3, conflicts with the statement in his letter that he had not previously contacted Empire. The averments in paragraph 3 of the Shera Declaration are also inadmissible because they are not based on personal knowledge and/or are based on hearsay, and/or violate the best evidence rule.

12. Disputed. The letter of R. Thomas Talbot dated December 14, 2001 ("CMS Letter") (Pl. Ex. 1-B) does not say that CMS was "convinced" by the Shera Letter. The CMS Letter rejects some of Mr. Shera's arguments, id. at 1, and does not address others. Id. at 1-2. The reasoning in the CMS Letter differs from the reasons advanced in the Shera Letter. Id. at 1-2. It does not, for instance, mention Medicaid law.

13. Disputed. Prior to 2001, CMS had never taken a position on the GET tax. First Willis Dec. at ¶ 2. The position taken in the CMS Letter was therefore not "CMS's new position" in any sense that would suggest there was ever an "old position."

14. Disputed. Prior to 2001, CMS had never taken a position on the GET tax. First Willis Dec. at ¶ 2. CMS therefore did not have an "old" position to change.

15. Disputed. Prior to 2001, CMS had never taken a position on the GET tax. First Willis Dec. at ¶ 2. CMS therefore did not have a "new" position in any sense that would suggest there was ever an "old" position.

16. Disputed. It is unclear what plaintiffs mean by "retroactive reimbursement." Payment determinations for the three prior years were reopened and revised, pursuant to 42 C.F.R. § 405.1885.

17. Disputed. Intermediaries cannot lawfully prevent hospitals from raising a claim for reimbursement on their cost reports, Bethesda Hosp. Ass'n v. Bowen, 485 U.S. 399, 404-05 (1988), and there were two different places on the cost report where a hospital could submit a disputed claim for reimbursement, First Willis Dec. at ¶ 4, notwithstanding the opinion of the intermediary. Plaintiffs have admitted that, "[a]s a matter of simple mechanics," each plaintiff hospital "could have claimed the GET tax as an allowable cost and later filed an appeal," Plaintiffs' Reply in Support of Their Cross Motion for Summary Judgment at 23, if those claims were denied by the fiscal intermediary. Paragraph 3 of the Shera Declaration is inadmissible because it is not based on personal knowledge and/or is based on hearsay, and /or violates the best evidence rule. There is no admissible evidence that any intermediary did anything to prevent any plaintiff hospital from claiming any costs as allowable costs in their 1994-1996 cost reports; and there is no evidence at all that any plaintiff hospital took any action or failed to take any action "because of" any government conduct.

18. Disputed. The statement in this paragraph is not material and does not appear in the Shera Declaration.

19. Disputed. Defendant has repeatedly taken the position that plaintiffs could have obtained reimbursement for the GET tax if they had claimed it on their cost reports and, if necessary, pursued a timely administrative appeal. Defendant's Memorandum in Support of His Motion to Dismiss Plaintiffs' First Amended Complaint at 18, 23-24 (Doc. 23); Defendant's Reply in Support of His Motion to Dismiss Plaintiffs' First Amended Complaint at 2-3 (Doc. 29);

Defendant's Opposition to Plaintiffs' Second Motion for Summary Judgment at 11 (Doc. 30); Defendant's Memorandum in Support of His Motion to Dismiss or, in the Alternative, for Summary Judgment at 1-2, 16 & n.9 (Doc. 8); Defendant's Opposition to Plaintiffs' Motion for Summary Judgment and Reply in Support of His Motion to Dismiss or, in the Alternative, for Summary Judgment at 1, 3-5 (Doc. 16).  Paragraph 9 of the Shera Declaration contains no averment to the contrary.

20.  Disputed.  Paragraph 9 of the Shera Declaration does not aver that anything was the "government's fault" and does not aver that Empire took any action on the basis of any acknowledgment of fault.  Plaintiffs did not claim the GET tax because they had adopted an "accepted industry practice" not to claim or report the tax on their cost reports, Shera Letter at 3, possibly for reasons having to do with Medicaid law.  Id. at 2-3.  The question of "fault" is a legal issue, not a material fact.  Documentation was necessary to establish payment of the GET tax and the amount of payment because the tax was not reported on the original cost reports.  Id. at 3.

21.  Undisputed.

|  |  |
|---|---|
| OF COUNSEL: | Respectfully submitted, |
| ALEX M. AZAR II<br>General Counsel | PETER D. KEISLER<br>Assistant Attorney General |
| ROBERT P. JAYE<br>Acting Associate General Counsel | KENNETH L. WAINSTEIN<br>United States Attorney |
| MARK D. POLSTON<br>Acting Deputy Associate<br>General Counsel for Litigation | SHEILA M. LIEBER<br>PETER ROBBINS<br>Department of Justice |
| LAWRENCE M. MEISTER<br>Attorney<br>Department of Health<br>and Human Services | 20 Massachusetts Avenue, N.W., Room 7142<br>Washington, D.C.  20530<br>Tel:  (202) 514-3953<br>Attorneys for Defendant |