IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FAIRVIEW HOSPITAL**, *et al*., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:05cv01065 (RWR) |
| ) | |
| **MICHAEL O. LEAVITT**, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR A STAY OF PROCEEDINGS

The Secretary's carefully constructed efforts to lead this Court to believe that the Fairview case exists in a vacuum and that this Court should simply disregard the Secretary's prior position that all of the Massachusetts Lawsuits filed before Fairview should be stayed, is, at the very least, extraordinary, and at the very worst, disingenuous. The actual facts before this very Court relating to the status of all the Massachusetts Lawsuits, which the Secretary boldly argues are "irrelevant," utterly belie the Secretary's position.

Most extraordinary is the Secretary's argument that the Plaintiffs in Fairview have not satisfied the standard necessary for this Court to stay the proceedings. The Secretary's previous assertions to this Court, on the exact same issues, completely undermine this argument. It is undisputed that, after the Massachusetts Plaintiffs filed the first three Massachusetts Lawsuits (Milton, Dana-Farber and Berkshire), the Secretary filed joint motions to stay all three cases.[1] The Secretary set forth the following arguments in an effort to convince this Court that each of the Massachusetts Lawsuits should be stayed:

---

[1] See the joint motions for a stay of proceedings filed in the three Massachusetts Lawsuits attached to Plaintiffs' moving memorandum as Exhibit 1. Hereinafter, all referenced exhibits will refer to those exhibits attached to Plaintiffs moving memorandum.

> [The Massachusetts Lawsuits] seek[] to compel the Secretary . . . to reopen multiple Medicare reimbursement determinations and to reclassify certain tax assessments as reimbursable expenses. [They] raise[] issues similar to those currently being briefed on cross-motions for summary judgment in <u>Bradley</u> . . . .  The parties believe it would promote efficiency and conserve party and judicial resources if litigation of [these cases] were stayed until after final resolution of the <u>Bradley</u> case.[2]

\*\*\*

For the following reasons, the parties do not believe this action is a related case, but strongly believe that significant judicial economy can be achieved by a stay of proceedings pending final resolution (including any appeal) in <u>Bradley</u>.[3]

\*\*\*

**A STAY OF PROCEEDINGS WOULD CONSERVE JUDICIAL AND PARTY RESOURCES.**[4]

\*\*\*

As was discussed above, the claims raised by the plaintiffs in [the Massachusetts Lawsuits] are virtually identical to those raised in <u>Bradley</u>, and the defenses are likely to be the same.  Most of the defenses raised by the Secretary in <u>Bradley</u> are purse issues of law, and success on them before the Court of Appeals for this Circuit would likely obviate the need for further proceedings here.  Even if some issues remain for resolution after the disposition in <u>Bradley</u>, however, they are likely to be reduced to discrete factual questions (e.g., the nature of any specific communications between the hospitals and the Secretary/intermediary concerning the status of the Massachusetts tax).  Such a narrowing of the case would facilitate more economical proceedings and/or possible settlement discussions in the future.  The parties therefore believe that a stay of proceedings affords the most efficient avenue for disposition of the above-captioned action.[5]

---

[2] <u>See</u> Exhibit 1.

[3] <u>See</u> Exhibit 6 at 1.

[4] <u>See</u> <u>id.</u> at 5.

[5] <u>See</u> <u>id.</u>

Based upon the Secretary's arguments, made jointly with the Plaintiff Hospitals, the Court stayed the three existing Massachusetts Lawsuits.6  There is no dispute that, with the exception of the fiscal years at issue, the amended complaint in Fairview is identical to the complaints in Milton, Dana-Farber and Berkshire.  Yet, when Fairview was filed, the Secretary chose not to file a joint motion to stay the case, and instead chose to reverse his position and argue that the Plaintiffs have failed to meet the standard necessary to secure a stay.

The Secretary first tried to support this new position by arguing that because the Connecticut Plaintiffs in Bradley had amended their complaint, Bradley was now different than the Massachusetts Lawsuits.7  Once Plaintiffs demonstrated that the amended complaint in Bradley did not assert any new legal theories or facts, but merely developed the very same factual allegations set forth in the initial complaint, the Secretary was forced to argue that based upon the facts that he has set forth in his motion to dismiss in Fairview, the Fairview case is now different than Bradley.8  Again, the Secretary's position is absurd when one considers that he has already argued to this Court that the Massachusetts Lawsuits and Bradley will obviously contain some factual differences, but that the cases should nevertheless be stayed:

> Although the legal issues raised in [the Massachusetts Lawsuits] and in Bradley are largely identical, the cases are not related, within the meaning of Local Rule 40.5(a)(3), because they do not "relate to common property," "involve common issues of fact," or "grow out of the same event or transaction." … The Bradley case arises from a state tax on hospital gross earnings in Connecticut. [The Massachusetts Lawsuits] arise[] from a state tax on hospital revenues in Massachusetts.  The actions taken by the Secretary with respect to reopening also differ slightly in the two cases.  (In Bradley, the Secretary ordered a general reopening, but in [the Massachusetts Lawsuits] the reopening was limited to those

---

6 See Exhibit 2.

7 See Exhibit 9.

8 See the Secretary's Opposition Memorandum at 8-9.

>payment determinations for which a request for reopening had been made within three years).  In addition, factual development in [the Massachusetts Lawsuits] may reveal differences in the nature of the communications between the hospitals and the Secretary/intermediary concerning the status of the state tax assessment.[9]

After outlining these factual differences, the Secretary argued that a stay of proceedings would still conserve judicial and party resources because the claims raised by the plaintiffs in the Massachusetts Lawsuits were "virtually identical to those raised in Bradley, and the defenses are likely to be the same."[10]  We now know that those defenses are the same.

The Secretary even argues that an indefinite stay would prejudice the defendant.[11]  This is a red herring.  First, the stay is not indefinite.  Indeed, the Bradley case has been fully briefed and is currently before this Court for disposition.  Second, the Secretary saves resources so long as the matters do not proceed.

In the end, Fairview should be stayed for the same reason that this Court stayed the proceedings in the other three Massachusetts Lawsuits.  The Secretary's stated reasons for his change in position with respect to the stay (the amended complaint in Bradley and the Secretary's version of the facts in Fairview) are, as discussed in Plaintiffs' memorandum and as set forth above, of no consequence.

As the Secretary has already argued, "[m]ost of the defenses raised by the Secretary in Bradley are pure issues of law, and the success on them before the Court of Appeals for this Circuit would likely obviate the need for further proceedings [in the Massachusetts Lawsuits]."[12]

---

[9] See Exhibit 6 at 4 (citation omitted).

[10] See id. at 5.

[11] See the Secretary's Opposition Memorandum at 13.

[12] See Exhibit 6 at 11.

- 4 -

In fact, the Massachusetts Lawsuits will end if the Court holds that the Connecticut Plaintiffs in <u>Bradley</u> cannot sustain a mandamus action against the Secretary. Staying the Massachusetts Lawsuits, including <u>Fairview</u>, pending the resolution of <u>Bradley</u>, will "promote efficiency and conserve party and judicial resources …."[13]

The Secretary's conduct has already forced the Massachusetts Plaintiffs to file three opposition memoranda, in <u>Milton</u>, <u>Dana-Farber</u> and <u>Berkshire</u>, and a motion and a reply memorandum in <u>Fairview</u>, just to ensure that the Massachusetts Lawsuits are managed in a manner contemplated by the joint motion that resulted in a stay in the first place. The Secretary's change in position has resulted in this Court having to rule on four needless motions in the Massachusetts Lawsuits even though the <u>Bradley</u> case has been fully briefed, and is before this Court for disposition. This waste of judicial resources should stop now. The Secretary's actions should not be permitted, and <u>Fairview</u>, along with the rest of the Massachusetts Lawsuits, should be stayed pending the outcome of <u>Bradley</u>.

## **CONCLUSION**

Based upon the foregoing, the Plaintiff Hospitals in the instant matter request this Court grant their motion for a stay of proceedings.

---

[13] <u>See</u> Exhibit 1 at 1.

- 6 -

                    Respectfully submitted,

                    ___/s/ Jacqueline E. Bennett___
                    Jacqueline E. Bennett
                    D.C. Bar No. 474355
                    REED SMITH LLP
                    1301 K Street, N.W.
                    Suite 1100 – East Tower
                    Washington, D.C. 20005
                    Tel: (202) 414-9200
                    Facsimile: (202) 414-9299
                    jbennett@reedsmith.com

                    Attorney for Plaintiffs

                    Of Counsel:

                    Murray J. Klein
                    D.C. Bar No. 492415
                    REED SMITH LLP
                    Princeton Forrestal Village
                    136 Main Street, Suite 250
                    Princeton, NJ  08540
                    (609) 987-0050

Dated:   October 31, 2005