IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FAIRVIEW HOSPITAL, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Civ. Action No. 1:05cv01065(RWR) |
| ) | |
| **MICHAEL O. LEAVITT,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE EXISTS NO GENUINE ISSUE**

Plaintiffs, by counsel, respond as follows to the Defendant's Statement of Material Facts as to Which There Exists No Genuine Issue:

1. Admitted.

2. Admitted. Additonally, Plaintiffs have alleged in their complaint that the Intermediaries, acting either passively or directly, led the hospitals to believe that the UCP cost was a non-allowable cost.

3. Admitted.

4. Admitted in part. The letter quoted by the Secretary is excerpted in the corresponding paragraph and therefore incomplete. The entire text of the letter is incorporated herein by reference as if fully set forth below. Def. Ex. A at 4.

5. Admitted.

6. Admitted.

7. Admitted only that the correspondence referenced by the Secretary exists. The Secretary states: "The letter noted that Mutual of Omaha and Associated had come to different conclusions about the treatment of the tax for purposes of Medicare reimbursement." This is not

a statement of fact, but rather the Secretary summarizing, through indirect quotation, the contents of the letter." It is admitted only that the letter says what it says. The Secretary's indirect quotation does not purport to be statement of fact. It is therefore denied on that basis.

8. Admitted.

9. The Hospital is in the process of verifying the corresponding statement of fact. Admitted that some, if not all, of the referenced years were reimbursed for UCP.

10. The Hospital is in the process of verifying the corresponding statement of fact. Admitted that some of the referenced years were reimbursed for UCP.

11. Denied. The corresponding paragraph purports to be a statement regarding what the law is regarding the reopening of cost reports and notices of program reimbursement. The purported legal principles stated therein address the ultimate legal issues in this case and are therefore not appropriately included in the statement of facts. The source of the law on this issue is 42 C.F.R. § 405.1885, not Mr. Guarino.

Respectfully submitted,

   /s/ Jacqueline E. Bennett
Jacqueline E. Bennett
DC Bar #474355
**REED SMITH LLP**
1301 K Street, N.W.
Suite 1100 – East Tower
Washington, DC  20005
(202) 414-9200
(202) 414-9299 Facsimile
JBennett@ReedSmith.com

Attorneys for the Plaintiffs

- 3 -

                                                Of Counsel:

                                                Murray J. Klein
                                                DC Bar #492415
                                                **REED SMITH LLP**
                                                Princeton Forestall Village
                                                136 Main Street, Suite 250
                                                Princeton, NJ  08540
Date: October 31, 2005                    (609) 987-0050