§ 221.163  Letter of tariff transmittal.

All tariff publications (including indexes of tariffs and adoption notices) filed with the Board shall be accompanied by a letter of tariff transmittal in duplicate in the form prescribed in § 221.240. Each letter of transmittal may include one or more tariff publications but passenger tariff publications shall not be included in the same letter of tariff transmittal with property tariff publications. If the filing carrier or agent desires a receipt for the filing, the letter of tariff transmittal shall be sent in triplicate (accompanied by a preaddressed postage paid return envelope, if return by mail is requested), and one copy thereof showing the date of receipt by the Board will be returned to the sender.

(Sections 204(a) and 403 of the Federal Aviation Act of 1958, as amended; 72 Stat. 743 and 758, as amended (49 U.S.C. 1324 and 1373))

By the Civil Aeronautics Board.

Adopted: Sept. 23, 1974.
Effective: Oct. 29, 1974.

[SEAL]        EDWIN Z. HOLLAND,
                           Secretary.

[FR Doc.74-22415 Filed 9-25-74;8:45 am]

---

Title 20—Employees' Benefits

CHAPTER III—SOCIAL SECURITY ADMINISTRATION, DEPARTMENT OF HEALTH, EDUCATION, AND WELFARE

[Regs. No. 5, amended]

PART 405—FEDERAL HEALTH INSURANCE FOR THE AGED AND DISABLED

Provider Reimbursement Determinations and Appeals

On March 4, 1974, there was published in the FEDERAL REGISTER (39 FR 8166) a notice of proposed rule making with proposed amendments to Subparts D and R of Regulations No. 5 (20 CFR Part 405), implementing section 243 of Pub. L. 92-603 (86 Stat. 1386-89) entitled "Provider Reimbursement Review Board." Interested persons were given 30 days within which to submit written comments or suggestions thereon. Comments and suggestions were received from various organizations, institutions, and individuals interested in health services. All the comments have been considered and the proposed regulations are hereby adopted with the following significant changes:

1. Section 405.1801(b) offers a general discussion of the scope of the proposed Subpart R and the entities affected by the provisions therein. Several who commented indicated it appeared from their interpretation of the section that Provider Reimbursement Review Board hearings would be available not only to "providers of services", as that term is understood in the context of the Social Security Act, but as well to other participating entities that submit and are reimbursed on the basis of cost reports. Such an interpretation was not intended. To the contrary, it was intended that § 405.1801(b) reflect clearly the requirement of the Act that "providers of services" be afforded Board hearings, while indicating that other participating cost-reporting entities that offer health care services (i.e., those not in the category of "providers of services") could continue to exercise their appeal rights via the "intermediary" hearing process, as provided now in §§ 405.1801 through 405.1833 and §§ 405.1881 through 405.1889. Accordingly, we have revised § 405.1801(b) to clarify the original intent of that passage.

2. Section 405.1853, "Prehearing discovery and other proceedings prior to the Board hearing," has been expanded to clarify the intermediary's role in proceedings conducted prior to the actual Board hearing. While this addition to the regulations does not present any significant change in program policy, add any additional procedural function, or delay the Board's hearing, it does provide for more specific notice to the public of what is required of the intermediary to ready a case for review by the Board. (Several of those who commented suggested that communications between the provider and the intermediary be permitted to continue while hearing proceedings before the Board are pending). It shall be the responsibility of the intermediary, to the maximum extent possible, to further document its records with explicit evidence, delineate and narrow the issues in dispute, consider any new evidence the provider may wish to have considered, reach agreement with the provider on any issues susceptible of resolution and thus, simplify and limit the issues to be decided by the Board. The record which ultimately reaches the Board should be devoid of insignificant disputes and reflect clearly the major issues unresolved. A hearing before the Board will be a relatively expensive undertaking for both the provider and the Social Security Administration. To the extent that disputes can be resolved by the intermediary, the more costly proceedings before the Board may be avoided.

3. We modified §§ 405.1809 and 405.1811 to show that the provider has the right to an intermediary hearing where the disputed determination involves a cost-reporting period ending prior to June 30, 1973, and the amount in controversy is $1,000 or more. In the regulations as published under the notice of proposed rule making setting forth the various jurisdictional requirements for both an intermediary hearing and Board hearing, it was not explicitly shown that for cost-reporting periods ending prior to June 30, 1973, jurisdiction for hearing rests exclusively with the intermediary, without regard to the $10,000 limitation as to amount in controversy. Many who commented suggested clarification of this provision.

4. Sections 405.1823 and 405.1855 have been revised to provide for the exclusion of irrelevant, immaterial, or unduly repetitious evidence from the hearing record. Thus, there is now a regulatory standard drawn closely along the lines of language in the Administrative Procedure Act, to serve as a basis for ruling on the admissibility of evidence at the hearing. Comments were received from representatives of several provider organizations suggesting that we provide in the regulations some standard or criteria governing the admissibility of evidence.

5. The regulations were modified to indicate clearly that the term "intermediary" includes the Social Security Administration when acting directly as intermediary (see § 405.1843(a)). Some confusion seemed to exist in the proposed regulations published under the Notice of Proposed Rule Making with respect to § 405.1843, "Parties to Board hearing." It had provided that the intermediary would be a proper party but that neither the Secretary nor the Social Security Administration might be made a party. Some who commented suggested the regulations clearly show that, where the Social Security Administration is acting in a direct capacity as the intermediary for a provider, the component within the Social Security Administration responsible for performing the duties attributable to "intermediaries" would be a proper party to the Board hearing.

6. Section 405.1885(d) of the regulations was modified to provide for reopening a determination or decision at any time it is established that said determination or decision was procured by fraud or similar fault of any party. Several who commented suggested that the language as proposed in § 405.1885(d) implied that fraud, as a basis for reopening a determination or decision, applied only unilaterally to providers.

7. Various editorial changes have also been made in the interest of clarity.

Some comments and suggestions were considered but not adopted. Following is a summarization of the most significant:

1. Comments were received suggesting that the regulations should provide for publication of all Board decisions in some appropriate forum. We do not believe it is necessary to provide in the regulations for such publication of Board decisions. The Board has authority, pursuant to section 1878(e) of the Act, to set rules regarding publication of its decisions. The Social Security Administration will take whatever measures are necessary to ensure the publication of Board decisions and to give proper recognition to their import.

2. Many comments were received relative to § 405.1835(b) and its granting of the provider's right to Board hearing where the intermediary has not rendered a determination within 12 months after receipt of the provider's perfected cost report. Section 1878 of the Act states that said determination must be received by the provider on a "timely" basis. Those who commented suggested a shorter period would more appropriately meet the definition of "timely." However, experience indicates that due to the complexity of issues presented and various deficiencies apparent in providers' cost reports, a shorter period would not be adequate. The intermediary's review may include such time-consuming procedural steps as an extensive desk examination of

the cost report, further communication with the provider requesting clarification of particular entries and/or supporting documents, arranging for and completing an audit (which ordinarily takes approximately 3 months), reporting to and negotiating with the provider regarding the findings on audit, and a conference to orally discuss and consider the adjustments to the cost report, before a determination reflected in a written notice of amount of program reimbursement can be made. Such review by the intermediary is conducted at a time when its work demands are at a peak, since most providers file their cost reports at the same time. Thus, it is apparent that in view of the procedural steps set forth above, and the limitations of intermediaries' audit capabilities, a period less than 12 months would not be adequate in the majority of cases. Moreover, we believe that the foregoing review procedures cannot be compromised if the intermediary is to render a well-documented and well-reasoned determination. We believe that kind of thorough evidentiary review and careful decision-making described herein operates to the mutual benefit of the providers and the health insurance program. Informal consultations with various intermediaries also indicate that the 12-month period is reasonable and will not result in undue hardship to either the provider or the intermediary.

(Secs. 1102, 1861(v), 1871, 1878, 49 Stat. 647, as amended, 79 Stat. 322, as amended, 79 Stat. 331, as amended, 86 Stat. 1421 (42 U.S.C. 1302, 1395x(v), 1395hh, and 1395oo))

*Effective date.* These amendments shall be effective October 29, 1974.

(Catalog of Federal Domestic Assistance Program No. 13.800, Health Insurance for the Aged—Hospital Insurance)

Dated: September 2, 1974.

J. B. CARDWELL,
*Commissioner of Social Security.*

Approved: September 20, 1974.

CASPAR W. WEINBERGER,
*Secretary of Health,
Education, and Welfare.*

Regulations No. 5 of the Social Security Administration (20 CFR Part 405) are further amended as follows:

1. The heading to Subpart D is revised to read as follows:

**Subpart D—Principles of Reimbursement for Provider Costs and for Services by Hospital-Based Physicians**

2. Sections 405.490–405.499i are redesignated as §§ 405.1801 through 405.1833, and 405.1881 through 405.1889, respectively, revised, and incorporated into a new subpart (Subpart R) reading as follows:

**Subpart R—Provider Reimbursement Determinations and Appeals**

Sec.
405.1801  Introduction.
405.1803  Intermediary determination and notice of amount of program reimbursement.
405.1805  Parties to intermediary determination.
405.1807  Effect of intermediary determination.
405.1809  Intermediary hearing procedure.
405.1811  Right to intermediary hearing; time, place, form, and content of request for intermediary hearing.
405.1813  Failure to timely request an intermediary hearing.
405.1815  Parties to the intermediary hearing.
405.1817  Hearing officer or panel of hearing officers authorized to conduct intermediary hearing; disqualification of officers.
405.1819  Conduct of intermediary hearing.
405.1821  Prehearing discovery and other proceedings prior to the intermediary hearing.
405.1823  Evidence at intermediary hearing.
405.1825  Witnesses at intermediary hearing.
405.1827  Record of intermediary hearing.
405.1829  Authority of hearing officer(s) at intermediary hearing.
405.1831  Intermediary hearing decision and notice.
405.1833  Effect of intermediary hearing decision.
405.1835  Board hearing; right to Board hearing.
405.1837  Group appeals.
405.1839  Amount in controversy.
405.1841  Time, place, form, and content of request for Board hearing.
405.1843  Parties to Board hearing.
405.1845  Composition of Board.
405.1847  Disqualification of Board members.
405.1849  Establishment of time and place of hearing by the Board.
405.1851  Conduct of Board hearing.
405.1853  Prehearing discovery and other proceedings prior to the Board hearing.
405.1855  Evidence at Board hearing.
405.1857  Subpoenas.
405.1859  Witnesses.
405.1861  Oral argument and written allegations.
405.1863  Administrative policy position at issue.
405.1865  Record of Board hearing.
405.1867  Sources of Board's authority.
405.1869  Scope of Board's decision making authority.
405.1871  Board hearing decision and notice.
405.1873  Board's jurisdiction.
405.1875  Secretary's review.
405.1877  Judicial review.
405.1881  Appointment of representative.
405.1883  Authority of representative.
405.1885  Reopening a determination or decision.
405.1887  Notice of reopening.
405.1889  Effect of a revision.

AUTHORITY: Sections 1102, 1861(v), 1871, and 1878, 49 Stat. 647, as amended, 79 Stat. 322, as amended, 79 Stat. 331, as amended, 86 Stat. 1421 (42 U.S.C. 1302, 1395hh, 1395oo, 1395x(v)).

§ 405.1801  Introduction.

(a) *Definitions.* As used in this subpart:

(1) "Intermediary determination" (see § 405.1803) means, with respect to a provider of services which has filed a cost report in accordance with §§ 405.406 and 405.453(f), a determination as to the amount of total program reimbursement due the provider for items and services furnished to individuals for which payment may be made under title XVIII of the Social Security Act for the period covered by such report. For purposes of appeal to the Provider Reimbursement Review Board, the term "intermediary determination" shall be synonymous with the term "intermediary's final determination" as that latter term is used in section 1878(a) of the Act.

(2) "Intermediary hearing" means that hearing provided for in § 405.1809.

(3) "Board" means the Provider Reimbursement Review Board established in accordance with section 1878 of the Act, 42 U.S.C. 1395oo, and § 405.1845.

(4) "Board hearing" means that hearing provided for in section 1878(a) of the Act (42 U.S.C. 1395oo(a)), and § 405.1835.

(5) "Secretary's review" means that review provided for in section 1878(f) of the Act (42 U.S.C. 1395oo(f)) and § 405.1875.

(b) *General.* Under the program of health insurance for the aged and disabled, the amount paid to any organization or entity which qualifies as a provider of services under the provisions of title XVIII of the Social Security Act for covered items and services furnished beneficiaries is, pursuant to the Act, the "reasonable cost" of such services. The principles of reimbursement for determining reasonable costs are contained in Subpart D of this part. In order to be reimbursed for such reasonable costs of covered services furnished program beneficiaries, providers of services are obliged to file cost reports with their intermediaries as specified in § 405.453(f). In addition to the aforementioned providers of services whose status is such is indicated in the Act, there are entities which do not meet the statutory test for providers of services, which may also participate in the health insurance program, and when they do so participate, are obliged to file periodic cost reports and are reimbursed on the basis of information furnished in such reports. Although such entities do not qualify for Board review, the rules as set forth in this subpart with respect to intermediary hearings shall be applicable to such entities to the maximum extent possible, for cost-reporting periods ending on or after December 31, 1971, where the amount of program reimbursement in controversy is at least $1,000.

(c) *Effective dates.* Sections 405.1835–405.1877 apply only to cost-reporting periods ending on or after June 30, 1973. Except as provided in the preceding sentence or § 405.1885(e), the provisions of this subpart apply to all cost-reporting periods ending on or after December 31, 1971.

§ 405.1803  Intermediary determination and notice of amount of program reimbursement.

(a) Upon receipt of a provider's cost report, or amended cost report where permitted or required, the intermediary shall, within a reasonable period of time (see § 405.1835(b)), analyze the report, undertake any necessary audit of the re-

port, and furnish the provider and other parties as appropriate (see § 405.1805) a written notice reflecting the intermediary's determination of the amount of program reimbursement. The notice shall (1) explain the intermediary's determination of total program reimbursement due the provider for the reporting period covered by the cost report or amended cost report; (2) relate this determination to the provider's claimed total program reimbursement due the provider for this period; (3) explain the amount(s) and the reason(s) why, by appropriate reference to law, regulations, or program policy and procedures, this determination may differ from the provider's claim; and (4) inform the provider of its right to an intermediary or Board hearing, as appropriate (see §§ 405.1809, 405.1811, 405.1815, and 405.1835–405.1843) and that such hearing must be requested within 180 days after the date of the notice.

(b) The intermediary's determination as contained in a notice of amount of program reimbursement shall constitute the basis for making the retroactive adjustment (required by § 405.454(f)) to any program payments made to the provider during the period to which the determination applies, including the suspending of further payments to the provider in order to recover, or to aid in the recovery of, any overpayment identified in the determination to have been made to the provider, notwithstanding any request for hearing on the determination the provider may make under § 405.1811 or § 405.1835. Any such suspension shall remain in effect as specified in § 405.373(a).

§ 405.1805 Parties to intermediary determination.

The parties to the intermediary's determination of the amount of program reimbursement shall be the provider and any other entity found by the intermediary to be a related organization of such provider (see § 405.427).

§ 405.1807 Effect of intermediary determination.

The determination shall be final and binding on the party or parties to such determination unless: (a) an intermediary hearing is requested in accordance with § 405.1811 and an intermediary hearing decision rendered in accordance with § 405.1831; or (b) the intermediary determination is revised in accordance with § 405.1885; or (c) a Board hearing is requested in accordance with § 405.1835 and a hearing decision rendered pursuant thereto.

§ 405.1809 Intermediary hearing procedures.

Each intermediary shall establish and maintain written procedures for hearings in accordance with these regulations, for resolving any issue which may arise between the intermediary and a provider as to the amount of program reimbursement due the provider or due the health insurance program. These procedures shall provide for a hearing on the intermediary's reasonable cost determination contained in a notice of amount of program reimbursement (see § 405.1803) when a timely filed request for a hearing on this determination is made by the provider to the intermediary and for cost-reporting periods ending prior to June 30, 1973, the amount of program reimbursement in controversy is at least $1,000, or for cost-reporting periods ending on or after June 30, 1973, the amount of program reimbursement in controversy is at least $1,000 but less than $10,000.

§ 405.1811 Right to intermediary hearing; time, place, form, and content of request for intermediary hearing.

(a) The provider who has been furnished a notice of amount of program reimbursement may request an intermediary hearing if (1) it is dissatisfied with the intermediary's determination contained in such notice and (2) the amount of program reimbursement in controversy is at least $1,000 but less than $10,000 for cost-reporting periods ending on or after June 30, 1973, or, for cost-reporting periods ending prior to June 30, 1973, the amount of program reimbursement in controversy is at least $1,000. Such request must be in writing and be filed with the intermediary within 180 calendar days after the date of the notice of program reimbursement. (See § 405.1835(b).) No other individual, entity, or party has the right to an intermediary hearing.

(b) Such request must (1) identify the aspect(s) of the determination with which the provider is dissatisfied, and (2) explain why the provider believes the determination on these matters is incorrect, and (3) be submitted with any documentary evidence the provider considers necessary to support its position.

(c) Following the timely filing of the request for hearing, the provider may identify in writing, prior to the onset of the hearing proceedings, additional aspects of the determination with which it is dissatisfied and furnish any documentary evidence in support thereof. If such additional aspects are submitted, the hearing officer may postpone the hearing to allow for his examination of such additional aspects.

§ 405.1813 Failure to timely request an intermediary hearing.

Where a provider requests an intermediary hearing on an intermediary's determination (as contained in a notice of amount of program reimbursement) after the time limit prescribed in § 405.1811, the designated intermediary hearing officer or panel of hearing officers shall dismiss the request and furnish the provider a written notice which explains the time limitation, except that for good cause shown, the time limit prescribed in § 405.1811 may be extended. However, no such extension shall be granted if the request therefor is filed more than 3 years after the date of the notice of amount of program reimbursement.

§ 405.1815 Parties to the intermediary hearing.

The parties to the intermediary hearing shall be the parties to the intermediary determination and any other entity determined by the intermediary to be a related organization of such provider. Said parties shall be given reasonable notice of the time, date, and place of such hearing. Neither the intermediary nor the Social Security Administration are parties (see § 405.1819).

§ 405.1817 Hearing officer or panel of hearing officers authorized to conduct intermediary hearing; disqualification of officers.

The intermediary hearing provided for in § 405.1809 shall be conducted by a hearing officer or panel of hearing officers designated by the intermediary. Such hearing officer or officers shall be persons knowledgeable in the field of health care reimbursement. The hearing officer or officers shall not have had any direct responsibility for the program reimbursement determination with respect to which a request for hearing is filed; no hearing officer (or officers) shall conduct a hearing in a case in which he is prejudiced or partial with respect to any party, or where he has any interest in the matter pending for determination before him. Notice of any objection which a party may have with respect to a hearing officer shall be presented in writing to such officer by the objecting party at the party's earliest opportunity. The hearing officer shall consider the objection and shall, at his discretion, either proceed in the conduct of the hearing or withdraw. If the hearing officer does not withdraw, the objecting party may, after the hearing, present his objections to an executive official of the intermediary, who shall rule promptly on the objection.

§ 405.1819 Conduct of intermediary hearing.

The hearing shall be open to all parties thereto (see § 405.1815) and to representatives of the intermediary and of the Social Security Administration (see § 405.1815). The hearing officer(s) shall inquire fully into all of the matters at issue and shall receive into evidence the testimony and any documents which are relevant and material to such matters. If the hearing officer(s) believes that there is relevant and material evidence available which has not been presented at the hearing, he (they) may, at any time prior to the mailing of notice of the decision, reopen the hearing record for the receipt of such evidence. The order in which the evidence and the allegations shall be presented and the conduct of the hearing shall be at the discretion of the hearing officer(s).

§ 405.1821 Prehearing discovery and other proceedings prior to the intermediary hearing.

(a) Prehearing discovery shall be permitted upon timely request of any party. To be timely, a request for discovery and inspection shall be made before the be-

ginning of the hearing. A reasonable time for inspection and reproduction of documents shall be provided by order of the hearing officer(s).

(b) If, in the discretion of the hearing officer(s), the purpose of defining the issues more clearly would be served, the hearing officer(s) may schedule a prehearing conference. For this purpose, a single member of a panel of hearing officers, when such is the case, may be appointed to act for the panel with respect to prehearing activities.

§ 405.1823 Evidence at intermediary hearing.

Evidence may be received at the intermediary hearing even though inadmissible under the rules of evidence applicable to court procedure. The hearing officer(s) shall give the parties opportunity for submission and consideration of facts and arguments, and during the course of the hearing, should in ruling upon admissibility of evidence, exclude irrelevant, immaterial, or unduly repetitious evidence. The hearing officer(s) shall render a final ruling on the admissibility of evidence.

§ 405.1825 Witnesses at intermediary hearing.

The hearing officer(s) may examine the witnesses and shall allow the parties and their representatives to do so. Parties to the proceedings may also cross-examine witnesses.

§ 405.1827 Record of intermediary hearing.

A complete recordation of the proceedings at the intermediary hearing shall be made and transcribed in all cases. It shall be made available to any party upon request. The record will not be closed until a decision (see § 405.1831) has been issued.

§ 405.1829 Authority of hearing officer(s) at intermediary hearing.

(a) The hearing officer(s) in exercising his authority must comply with all the provisions of title XVIII of the Act and regulations issued thereunder, as well as with rulings issued under the authority of the Commissioner of Social Security (see § 422.408 of this chapter), and with the general instructions issued by the Social Security Administration in accordance with the Secretary's agreement with the intermediary.

(b) The determination of a fiscal intermediary that no payment may be made under title XVIII of the Act for any expense incurred for items and services furnished to an individual because such items and services are excluded from coverage pursuant to section 1862 of the Act, 42 U.S.C. 1395y (see Subpart C of this part), shall not be reviewed by the hearing officer(s). Such determination shall be reviewed only in accordance with the applicable provisions of Subparts G and H of this part.

§ 405.1831 Intermediary hearing decision and notice.

The hearing officer(s) shall, on a timely basis, render a decision in writing based on the evidence in the record; such decision shall constitute the final determination of the intermediary. In such decision, he will cite applicable law, regulations, rulings, and general instructions of the Social Security Administration, as well as findings on all the matters in issue at the hearing. A copy of the decision will be mailed to all parties to the hearing at their last known addresses.

§ 405.1833 Effect of intermediary hearing decision.

The intermediary hearing decision provided for in § 405.1831 shall be final and binding upon all parties to the hearing unless such intermediary determination is revised in accordance with § 405.1885.

§ 405.1835 Board hearing; right to Board hearing.

(a) The provider (but no other individual, entity, or party) has a right to a hearing before the Board about any matter designated in § 405.1801(a)(1), if:

(1) An intermediary determination has been made with respect to such provider; and

(2) The provider has filed a written request for a hearing before the Board under the provisions described in § 405.1841; and

(3) The amount in controversy (as determined in § 405.1839(a)) is $10,000 or more.

(b) Notwithstanding the provisions of paragraph (a)(1) of this section, the provider also has a right to a hearing before the Board about any such matter if an intermediary's determination is not rendered within 12 months after receipt by the intermediary of a provider's perfected cost report or amended cost report (as permitted or as required to furnish sufficient data for purposes of making such determination—see § 405.1803(a)) provided such delay was not occasioned by the fault of such provider.

§ 405.1837 Group appeal.

The provision of § 405.1835 shall apply to any group of providers of services if each provider of services in such group is identified as one which would, upon the filing of a request for hearing before the Board (but without regard to the provisions of § 405.1835(a)(3)) be entitled to such a hearing, but only if the matters in controversy involve a common question of fact, or of interpretation of law or regulations, and the amount in controversy (see § 405.1839(b)) is, in the aggregate, $50,000 or more.

§ 405.1839 Amount in controversy.

(a) The $10,000 amount in controversy will be computed by deducting the adjusted total reimbursable program costs from the total reimbursable program costs (less any amounts excluded by section 1862 of the Act) claimed by the provider.

(b) The $50,000 amount in controversy will be computed by deducting the adjusted total reimbursable program costs (in the aggregate) from the total reimbursable program costs (less any amounts excluded by section 1862 of the Act) which are claimed in the aggregate by the providers and are related to a common issue or interpretation of law or regulations.

§ 405.1841 Time, place, form, and content of request for Board hearing.

(a) The request for a Board hearing must be filed in writing with the Board within 180 days of the date the notice of the intermediary's determination of the amount of program reimbursement was mailed to the provider or, where notice of such determination was not timely rendered, within 180 days after the expiration of the period specified in § 405.1835(b). Such request for Board hearing must identify the aspects of the determination with which the provider is dissatisfied, explain why the provider believes the determination is incorrect in such particulars, and be accompanied by any documenting evidence the provider considers necessary to support its position. Prior to the commencement of the hearing proceedings, the provider may identify in writing additional aspects of the intermediary's determination with which it is dissatisfied and furnish any documentary evidence in support thereof.

(b) A request for a Board hearing filed after the time limit prescribed in paragraph (a) of this section shall be dismissed by the Board, except that for good cause shown, the time limit may be extended. However, no such extension shall be granted by the Board if such request is filed more than 3 years after the date the notice of the intermediary's determination is mailed to the provider.

§ 405.1843 Parties to Board hearing.

(a) The parties to the Board hearing shall be the provider, the intermediary (including the Social Security Administration when acting directly as intermediary) that rendered the determination being appealed (see § 405.1833), and any other entity found by the intermediary to be a related organization of such provider.

(b) Except as provided in paragraph (a), neither the Secretary nor the Social Security Administration may be made a party to the hearing. However, the Board may call as a witness any employee or officer of the Department of Health, Education, and Welfare having personal knowledge of the facts and the issues in controversy in a hearing pending before the Board and may call as a consultant to the Board in connection with any such hearing any individual designated by the Secretary for such purpose. (See § 405.1863.)

§ 405.1845 Composition of Board.

(a) The Board will consist of five members appointed by the Secretary. All shall be knowledgeable in the field of cost reimbursement. At least one shall be a certified public accountant. Two Board members shall be representative of providers of services.

(b) The term of office for Board members shall be 3 years, except that initial

appointments may be for such shorter terms as the Secretary may designate to permit staggered terms of office. No member shall serve more than two consecutive 3-year terms of office. The Secretary shall have the authority to terminate a Board member's term of office for good cause.

(c) One member of the Board shall be designated by the Secretary as Chairman thereof and shall coordinate and direct the administrative activities of the Board, and shall have such other authority which may be granted to him by the Board.

(d) A quorum shall be required for hearings before the Board. Three members, at least one of whom is representative of providers of services, shall be required to constitute a quorum.

§ 405.1847  Disqualification of Board members.

No Board member shall join in the conduct of a hearing in a case in which he is prejudiced or partial with respect to any party or in which he has any interest in the matter pending for decision before him. Notice of any objection which a party may have with respect to a Board member shall be presented in writing to such Board member by the objecting party at its earliest opportunity. The Board member shall consider the objection and shall, in his discretion, either proceed to join in the conduct of the hearing or withdraw. If he does not withdraw, the objecting party may petition the Board, presenting its objection and reasons therefor, and be entitled to a ruling thereon before the hearing can proceed.

§ 405.1849  Establishment of time and place of hearing by the Board.

The Board shall fix the time and place for the hearing and shall mail written notice thereof to the parties at their last known addresses, not less than 30 days prior to the scheduled time. Either on its own motion or for good cause shown by a party, the Board may, as appropriate, reschedule, adjourn, postpone, or reopen the hearing, provided that reasonable written notice is given to the parties.

§ 405.1851  Conduct of Board hearing.

The Board hearing shall be open to the parties, to representatives of the Social Security Administration, and to such other persons as the Board deems necessary and proper. The Board shall inquire fully into all of the matters at issue and shall receive into evidence the testimony of witnesses and any documents which are relevant and material to such matters. If the Board believes that there is relevant and material evidence available which has not been presented at the hearing, it may at any time prior to the mailing of notice of the decision, reconvene the hearing for the receipt of such evidence. The order in which the evidence and the allegations shall be presented and the conduct of the hearing shall be at the discretion of the Board.

§ 405.1853  Prehearing discovery and other proceedings prior to the Board hearing.

(a) Upon notification that a request for Board hearing has been filed, the intermediary shall forthwith review the materials submitted by the provider in accordance with § 405.1841. Simultaneously, the intermediary shall review the information which formed the basis for its determination of the amount of program reimbursement. Based on the findings of such review, the intermediary shall expeditiously attempt to join with the provider in written stipulations setting forth the issues that said review has resolved and designating the issues that remain for Board resolution. Having obtained such stipulations and being satisfied that no further agreements can be negotiated, the intermediary shall ensure that all available documentary evidence in support of each party's position is part of the record. Such evidence will ordinarily include a position paper from the provider, a position paper from the intermediary, and any documents which support the issues addressed in the stipulations. These materials, in addition to all relevant documents which formed the basis for its determination of the amount of program reimbursement, shall be forwarded to the Board within 60 days after the date of the provider's request for Board review.

(b) Prehearing discovery shall be permitted upon timely request of a party. To be timely, a request for discovery and inspection shall be made before the beginning of the hearing. A reasonable time for inspection and reproduction of documents shall be provided by order of the Board. The Board's order on all discovery matters shall be final.

(c) If, in the discretion of the Board, the purpose of defining the issues more clearly would be served, the Board may schedule a prehearing conference. For this purpose, a single member of the Board may be appointed to act for the Board with respect to prehearing activities.

§ 405.1855  Evidence at Board hearing.

Evidence may be received at the Board hearing even though inadmissible under the rules of evidence applicable to court procedure. The Board shall give the parties opportunity for submission and consideration of facts and arguments and during the course of the hearing should, in ruling upon admissibility of evidence, exclude irrelevant, immaterial, or unduly repetitious evidence. The Board shall render a final ruling on the admissibility of evidence.

§ 405.1857  Subpoenas.

When reasonably necessary for the full presentation of a case, the Board may, either upon its own motion or upon the request of a party, issue subpoenas for the attendance and testimony of witnesses and for the production of books, records, correspondence, papers, or other documents which are relevant and material to any matter in issue at the hearing. Parties who desire the issuance of a subpoena shall, not less than 10 days prior to the time fixed for the hearing, file with the Board a written request therefor, designating the witnesses or documents to be produced, and describing the address, or location thereof with sufficient particularity to permit such witnesses or documents to be found. The request for a subpoena shall state the pertinent facts which the party expects to establish by such witnesses or documents and whether such facts could be established by other evidence without the use of a subpoena. Subpoenas, as provided for above, shall be issued in the name of the Board, and the Social Security Administration shall assume the cost of the issuance and the fees and mileage of any witness so subpoenaed, as provided in section 205(d) of the Act, 42 U.S.C. 405(d).

§ 405.1859  Witnesses.

Witnesses at the hearing shall testify under oath or affirmation, unless excused by the Board for cause. The Board may examine the witnesses and shall allow the parties or their representatives to do so. Parties to the proceeding may also cross-examine witnesses.

§ 405.1861  Oral argument and written allegations.

The parties, upon their request, shall be allowed a reasonable time for the presentation of oral argument or for the filing of briefs or other written statements of allegations as to facts or law. Copies of any brief or other written statement shall be filed in sufficient number that they may be made available to all parties and to the Social Security Administration.

§ 405.1863  Administrative policy at issue.

Where a party to the Board hearing puts into issue an administrative policy which is interpretative of the law or regulations, the Board will promptly notify to the Social Security Administration.

§ 405.1865  Record of Board hearing.

A complete record of the proceedings at the hearing shall be made and transcribed in all cases. It shall be made available to the parties upon request. The record will not be closed until a decision has been issued.

§ 405.1867  Sources of Board's authority.

In exercising its authority to conduct the hearings described herein, the Board must comply with all the provisions of title XVIII of the Act and regulations issued thereunder, as well as rulings issued under the authority of the Commissioner of Social Security (see § 422.-408 of this chapter). The Board shall afford great weight to interpretive rules, general statements of policy, and rules of agency organization, procedure, or practice established by the Bureau of Health Insurance.

§ 405.1869  Scope of Board's decision-making authority.

The Board shall have the power to affirm, modify, or reverse a determina-

tion of an intermediary with respect to a cost report and to make any other modifications on matters covered by such cost report (including modifications adverse to the provider or other parties) even though such matters were not considered in the intermediary's determination. The opinion of the majority of those Board members deciding the case will constitute the Board's decision.

§ 405.1871 Board hearing decision and notice.

(a) The Board shall, as soon as practicable after the conclusion of its hearing, render a written decision based upon the record made at such hearing, the record established in support of the determination of the intermediary (see § 405.1803), and such other evidence as may be obtained or received by the Board. Such Board decision shall be supported by substantial evidence when the record of Board hearing is viewed as a whole and shall cite applicable law, regulations, and Social Security Rulings. A copy of the decision shall be mailed to all parties to the hearing at their last known addresses and, at the same time, to the Secretary.

(b) The decision of the Board provided for in paragraph (a) of this section shall be final and binding upon all parties to the hearing before the Board unless it is reviewed, and reversed or modified (adversely to the provider), by the Secretary, or unless it is remanded to the Board by the Secretary and given a less favorable decision by such Board (see § 405.1875), or unless it is revised in accordance with § 405.1885.

§ 405.1873 Board's jurisdiction.

(a) The Board shall decide questions relating to its jurisdiction to grant a hearing, including (1) the timeliness of an intermediary determination (see § 405.1835(b)), and (2) the right of a provider to a hearing before the Board when the amount in controversy is in issue (see §§ 405.1835(a)(3) and 405.1837).

(b) The determination of a fiscal intermediary that no payment may be made under title XVIII of the Act for any expenses incurred for items and services furnished to an individual because such items and services are excluded from coverage pursuant to section 1862 of the Act, 42 U.S.C. 1395y (see Subpart C of this part), shall not be reviewed by the Board. (Such determination shall be reviewed only in accordance with the applicable provisions of Subpart G or H of this part.)

§ 405.1875 Secretary's review.

(a) The Secretary, on his own motion and at his discretion, may elect to review a decision of the Board which is favorable in whole or in part to the provider. A right to such a review does not vest in parties to the Board's decision.

(b) The Secretary will promptly notify all parties to the Board's hearing of his election to review the Board's decision and of the result of such review.

(c) If the Secretary affirms a decision of the Board, the decision of the Board is the final administrative decision.

(d) If the Secretary reverses or modifies a decision of the Board adversely to a provider, he must do so within 60 days after notification to the provider of the Board's decision. In such case further review of the Secretary's decision is provided (see § 405.1877)

(e) The Secretary may remand the case to the Board with a request that the Board further consider the matter at issue in those cases where the Board's decision was favorable to the provider. In such situations where the Board issues a new decision (after remand by the Secretary) less favorable to the provider, such decision will constitute an adverse decision by the Secretary. (See § 405.1877).

§ 405.1877 Judicial review.

Section 1878(f) of the Act, 42 U.S.C. 1395oo(f), permits judicial review only where the Secretary, adversely to the provider, modifies or reverses the Board's decision (see § 405.1875(e)). Such action shall be brought in the District Court of the United States for the judicial district in which the provider is located or in the District Court for the District of Columbia.

§ 405.1881 Appointment of representative.

A provider or other party may be represented by legal counsel or any other person it appoints to act as its representative at the proceedings, conducted in accordance with §§ 405.1819 and 405.1851.

§ 405.1883 Authority of representative.

A representative appointed by a provider or other party may accept or give on behalf of the provider or other party any request or notice relative to any proceeding before a hearing officer or the Board. A representative shall be entitled to present evidence and allegations as to facts and law in any proceeding affecting the party he represents and to obtain information with respect to a request for an intermediary hearing or a Board hearing made in accordance with §§ 405.1811, 405.1835, or § 405.1837 to the same extent as the party he represents. Notice to a provider or other party of any action, determination, or decision, or a request for the production of evidence by a hearing officer or the Board sent to the representative of the provider or other party shall have the same force and effect as if it had been sent to the provider or other party.

§ 405.1885 Reopening a determination or decision.

(a) A determination of an intermediary, a decision by a hearing officer or panel of hearing officers, a decision by the Board, or a decision of the Secretary may be reopened with respect to findings on matters at issue in such determination or decision, by such intermediary officer or panel of hearing officers, Board, or Secretary, as the case may be, either on motion of such intermediary officer or panel of hearing officers, Board, or Secretary, or on the motion of the provider affected by such determination or decision to revise any matter in issue at any such proceedings. Any such request to reopen must be made within 3 years of the date of the notice of the intermediary or Board hearing decision, or where there has been no such decision, any such request to reopen must be made within 3 years of the date of notice of the intermediary determination. No such determination or decision may be reopened after such 3-year period except as provided in paragraphs (d) and (e) of this section.

(b) A determination or a hearing decision rendered by the intermediary shall be reopened and revised by the intermediary if, within the aforementioned 3-year period, the Social Security Administration notifies the intermediary that such determination or decision is inconsistent with the applicable law, regulations, or general instructions issued by the Social Security Administration in accordance with the Secretary's agreement with the intermediary.

(c) Jurisdiction for reopening a determination or decision rests exclusively with that administrative body that rendered the last determination or decision.

(d) Notwithstanding the provisions of paragraph (a) of this section, an intermediary determination or hearing decision, a decision of the Board, or a decision of the Secretary shall be reopened and revised at any time if it is established that such determination or decision was procured by fraud or similar fault of any party to the determination or decision.

(e) Paragraphs (a) and (b) of this section apply to determinations on cost reporting periods ending on or after December 31, 1971. (See § 405.1801(c).) However, the 3-year period described shall also apply to determinations with respect to cost reporting periods ending prior to December 31, 1971, but only if the reopening action was undertaken after May 27, 1972 (the effective date of regulations which, prior to the publication of this Subpart R, governed the reopening of such determinations).

§ 405.1887 Notice of reopening.

(a) All parties to any reopening described above shall be given written notice of the reopening. When such reopening results in any revision in the prior decision notice of said revision or revisions will be mailed to the parties with a complete explanation of the basis for the revision or revisions. Notices of reopenings by the Board shall also be sent to the Secretary.

(b) In any such reopening, the parties to the prior decision shall be allowed a reasonable period of time in which to present any additional evidence or argument in support of their position.

§ 405.1889   Effect of a revision.

Where a revision is made in a determination or decision on the amount of program reimbursement after such determination or decision has been reopened as provided in § 405.1885, such revision shall be considered a separate and distinct determination or decision to which the provisions of §§ 405.1811, 405.1835, 405.1875 and 405.1877 are applicable. (See § 405.1801(c) for applicable effective dates.)

[FR Doc.74-22357 Filed 9-25-74;8:45 am]

---

Title 21—Food and Drugs

CHAPTER I—FOOD AND DRUG ADMINISTRATION, DEPARTMENT OF HEALTH, EDUCATION, AND WELFARE

SUBCHAPTER C—DRUGS

PART 135a—NEW ANIMAL DRUGS FOR OPHTHALMIC AND TOPICAL USE

N-(Mercaptomethyl) Phthalimide S-(O-O-Dimethyl Phosphorodithioate)

*Correction*

In FR Doc. 74-20447, appearing at page 32025 in the issue for Wednesday, September 4, 1974, make the following changes to the table in § 135a.14:

1. The words *"To control"* in the italicized heading, now appearing above the right column, should be moved to appear above the left column.

2. In the fourth entry under *"Method of use"*, the word "Spray" should be changed to read "Dip or spray".

---

SUBCHAPTER B—FOOD AND FOOD PRODUCTS

PART 121—FOOD ADDITIVES

Aspartame; Correction

In FR Doc. 74-17093 appearing at page 27317 in the FEDERAL REGISTER of Friday, July 26, 1974, the following corrections are made:

1. On page 27318 in the center column, paragraph No. 7 is changed to read as follows:

7. A diketopiperazine (5 benzyl-3, 6-dioxo-2-piperazineacetic acid) is the breakdown derivative of aspartame, routinely present in the sweetener at levels up to about 1 percent of the aspartame. At such levels the safety of the diketopiperazine is shown by the safety studies on aspartame mentioned above. Additional data on the diketopiperazine itself support a judgment that the substance is safe in aspartame, when used in accordance with the regulation, up to a level of at least 2 percent, and accordingly, the final order authorizes use of aspartame which contains no more than 2 percent of the diketopiperazine. None of the uses of aspartame authorized by the order below would be likely to result in significant breakdown of aspartame to higher levels of the diketopiperazine. The Commissioner is not aware of any studies which indicate any toxicological problems with the diketopiperazine, even at higher levels; however, he advises that any future requests for uses of aspartame which involve a prospect of significant breakdown to higher levels of the diketopiperazine will be required, prior to approval, to demonstrate affirmatively that the anticipated higher levels are safe. The Commissioner understands that long term feeding studies of the diketopiperazine are in progress.

2. On page 27318 in the third column, the 21st line of paragraph No. 12 reading "i.e., 0.013 milligram per kilogram of body" is changed to read "i.e., 0.013 gram per kilogram of body".

3. On page 27319, § 121.1258 Aspartame is correct in the following respect:

a. In paragraph (a), the chemical name "1-methyl N- L - α - aspartyl - L - phenylalanine $(C_1H_{18}N_2O_5)$" is changed to read "1-methyl N-L-α-aspartyl-L-phenylalanine $(C_1H_{18}N_2O_5)$".

b. In paragraph (b)(1), under the heading "CALCULATIONS," that portion of the equation reading "Percent aspartame in sample=

$$\frac{(294.3)\ (A-B)\ (N)}{K} \times 100"$$

is changed to read "Percent aspartame in sample=$\frac{(294.3)\ (A-B)\ (N)}{K} \times 100"$.

c. In paragraph (b)(3), under the heading "APPARATUS," in the first sentence, the word "oncolumn" is changed to read "on-column"; and in the second sentence, the word "chromotograph" is changed to read "chromatograph"; under the heading "REAGENTS," in the last sentence, the ZIP code reading "20418" is changed "20037"; and under the heading "PROCEDURE," in the last sentence of the second paragraph, the word "chromotograph" is changed to read "chromatograph".

Dated: September 20, 1974.

SAM D. FINE,
*Associate Commissioner for Compliance.*

[FR Doc.74-22333 Filed 9-25-74;8:45 am]

---

SUBCHAPTER C—DRUGS

PART 135—NEW ANIMAL DRUGS

PART 135e—NEW ANIMAL DRUGS FOR USE IN ANIMAL FEEDS

Tylosin

The Commissioner of Food and Drugs has evaluated the following new animal drug applications proposing safe and effective use of tylosin premix in the manufacture of animal feed: Young's, Inc., Roaring Spring, PA 16673 (96-162V); Quali-Tech Products, Inc., Chaska, MN 55318 (97-980V); and Henwood Feed Additives, Inc., Lewisburg, OH 45338 (45-690V). These applications are approved.

To facilitate referencing, those firms not previously assigned numbers are being assigned code numbers and placed in the list of firms in § 135.501(c) (21 CFR 135.501(c)); and § 135e.10(b) is being amended to list the sponsoring firm, approved premix levels, and the specified use(s).

Therefore, pursuant to provisions of the Federal Food, Drug, and Cosmetic Act (sec. 512(i), 82 Stat. 347 (21 U.S.C. 360b(i))) and under authority delegated to the Commissioner (21 CFR 2.120), Parts 135 and 135e are amended as follows:

1. In § 135.501(c) by adding new sponsors as follows:

§ 135.501   Names, addresses, and code numbers of sponsors of approved applications.

\* \* \* \* \*

(c) \* \* \*

| Code No.: | Firm name and address |
|---|---|
| \* \* \* | \* \* \* |
| 116___ | Young's, Inc., Roaring Spring, PA 16673. |
| 117___ | Quali-Tech Products, Inc., 318 Lake Hazeltine Drive, Chaska, MN 55318. |
| 118___ | Henwood Feed Additives, Inc., 211 Western Road, Box 577, Lewisburg, OH 45338. |

2. In § 135e.10 by adding new paragraph (b) (13), (14), and (15) to read as follows:

§ 135e.10   Tylosin.

\* \* \* \* \*

(b) \* \* \*

(13) To 116: 0.4 and 2 grams per pound; item 4.

(14) To 117: 4 and 10 grams per pound; item 4.

(15) To 118: 4, 10, and 20 grams per pound; item 4.

\* \* \* \* \*

*Effective date.* This order shall be effective September 26, 1974.

(Sec. 512(i), 82 Stat. 347 (21 U.S.C. 360b(i)))

Dated: September 19, 1974.

FRED J. KINGMA,
*Acting Director, Bureau of Veterinary Medicine.*

[FR Doc.74-22334 Filed 9-25-74;8:45 am]

---

Title 23—Highways

CHAPTER I—FEDERAL HIGHWAY ADMINISTRATION, DEPARTMENT OF TRANSPORTATION

SUBCHAPTER D—NATIONAL HIGHWAY INSTITUTE

PART 260—EDUCATION AND TRAINING PROGRAMS

The National Highway Institute was established pursuant to section 321 of title 23, United States Code, to develop and administer, in cooperation with the State highway departments, training programs of instruction for Federal Highway Administration and State and local highway department employees engaged or to be engaged in Federal-aid highway work. Regulations published hereby provide notice of the establishment of related fellowship programs.

This amendment adds a new part, Part 260, to Chapter I of title 23 of the Code of Federal Regulations.

General notice of proposed rulemaking is not required, inasmuch as the regulations relate to benefits or contracts pursuant to 5 U.S.C. 553(a)(2). The regulations will become effective on the date of issuance set forth below.

Issued on September 19, 1974.

NORBERT T. TIEMANN,
*Federal Highway Administrator.*