Notwithstanding any other provision of law, if the Secretary of Agriculture determines, on the basis of the average yield per acre of peanuts by types during the preceding five years, adjusted for trends in yields and abnormal conditions of production affecting yields in such five years, that the supply of any type or types of peanuts for an marketing year, beginning with the 1951-52 marketing year, will be insufficient to meet the estimated demand for cleaning and shelling purposes at prices at which the Commodity Credit Corporation may sell for such purposes peanuts owned or controlled by it, the State allotments for those States producing such type or types of peanuts shall be increased to the extent determined by the Secretary to be required to meet such demand but the allotment for any State may not be increased under this provision above the 1947 harvested acreage of peanuts for such State. The total increase so determined shall be apportioned among such States for distribution among farms producing peanuts of such type or types on the basis of the average acreage of peanuts of such type or types in the three years immediately preceding the year for which the allotments are being determined. The additional acreage so required shall be in addition to the national acreage allotment, the production from such acreage shall be in addition to the national marketing quota, and the increase in acreage allotted under this provision shall not be considered in establishing future State, county or farm acreage allotments.

Prior to determining whether the supply of any type or types of peanuts for the 1974-75 marketing year will be insufficient under section 358(c) of the Act to meet the estimated demand for cleaning and shelling, consideration will be given to any data, views and recommendations relating thereto which are submitted in writing to the Director, Tobacco and Peanut Division, Agricultural Stablization and Conservation Service, United States Department of Agriculture, Washington, D.C. 20250. To be sure of consideration, any such submission must be postmarked not later than April 3, 1974.

All written submissions made pursuant to this notice will be made available for public inspection at the office of the Director during regular business hours (8:15 a.m. to 4:45 p.m.) (7 CFR 1.27(b)).

Signed at Washington, D.C. on February 26, 1974.

GLENN A. WEIR,
*Acting Administrator, Agricultural Stabilization and Conservation Service.*

[FR Doc.74-4896 Filed 3-1-74;8:45 am]

---

# DEPARTMENT OF HEALTH, EDUCATION, AND WELFARE

## Social Security Administration

[ 20 CFR Part 405 ]

Subpart R—Provider Reimbursement Determinations and Appeals

[Regulations No. 5]

### FEDERAL HEALTH INSURANCE FOR THE AGED AND DISABLED

**Provider Reimbursement Review Board and Provider Appeals**

Notice is hereby given, pursuant to the Administrative Procedure Act (5 U.S.C. 553), that the amendments to the regulations set forth below in tentative form are proposed by the Commissioner of Social Security, with the approval of the Secretary of Health, Education, and Welfare. The proposed amendments (1) create a new Subpart R, entitled "Provider Reimbursement Determinations and Appeals," to implement the provisions of section 1878 of the Social Security Act, 42 U.S.C. 1395oo, as added by section 243 of the Social Security Amendments of 1972, P.L. 92-603, which established a Provider Reimbursement Review Board independent of the jurisdiction of the Social Security Administration and its fiscal intermediaries; and (2) relocate the substance of §§ 405.490 through 450.499i of Subpart D of Regulations No. 5 in the new Subpart R to provide for an orderly structure of regulations applicable to providers' appeals of cost reimbursement determinations and decisions under the Federal Health Insurance for the Aged program. It is intended that the proposed amendments to Regulations No. 5, with respect to the Provider Reimbursement Review Board, be effective for cost reporting periods ending on or after June 30, 1973. (See § 405.1801(c)(2).)

Prior to the final adoption of the proposed amendments to the regulations, consideration will be given to any data, views, or arguments pertaining thereto which are submitted in writing in triplicate to the Commissioner of Social Security, Department of Health, Education, and Welfare Building, Fourth and Independence Avenue SW., Washington, D.C. 20201, on or before April 3, 1974.

Copies of all comments received in response to this notice will be available for public inspection during regular business hours at the Washington Inquiries Section, Office of Public Affairs, Social Security Administration, Department of Health, Education, and Welfare, North Building, Room 3193, 330 Independence Avenue SW., Washington, D.C. 20201.

The proposed regulations are to be issued under the authority contained in sections 1102, 1871, 1878, 49 Stat. 647, as amended, 79 Stat. 331, as amended, 86 Stat. 1421; 42 U.S.C. 1302, 1395hh, and 1395oo.

(Catalog of Federal Domestic Assistance Program No. 13.800, Health Insurance for the Aged—Hospital Insurance.)

Dated: February 12, 1974.

J. B. CARDWELL,
*Commissioner of Social Security.*

Approved: February 26, 1974.

CASPAR W. WEINBERGER,
*Secretary of Health, Education, and Welfare.*

Regulations No. 5 of the Social Security Administration (20 CFR Part 405) are further amended as follows:

1. The heading to Subpart D is revised to read as follows:

Subpart D—Principles of Reimbursement for Provider Costs and for Services by Hospital-Based Physicians

§§ 405.490–405.499i [Revoked]

2. Sections 405.490–405.499i of Subpart D are hereby revoked.

3. A new Subpart R is added to read as follows:

### Subpart R—Provider Reimbursement Determinations and Appeals

Sec.
405.1801  Introduction.
405.1803  Intermediary determination and notice of amount of program reimbursement.
405.1805  Parties to intermediary determination.
405.1807  Effect of intermediary determination.
405.1809  Intermediary hearing procedure.
405.1811  Right to intermediary hearing; time, place, form, and content of request for intermediary hearing.
405.1813  Failure to timely request an intermediary hearing.
405.1815  Parties to the intermediary hearing.
405.1817  Hearing officer or panel of hearing officers authorized to conduct intermediary hearing; disqualification of officers.
405.1819  Conduct of intermediary hearing.
405.1821  Prehearing discovery and other proceedings prior to the intermediary hearing.
405.1823  Evidence at intermediary hearing.
405.1825  Witnesses at intermediary hearing.
405.1827  Record of intermediary hearing.
405.1829  Authority of hearing officer(s) at intermediary hearing.
405.1831  Intermediary hearing decision and notice.
405.1833  Effect of intermediary hearing decision.
405.1835  Board hearing; right to Board hearing.
405.1837  Group appeals.
405.1839  Amount in controversy.
405.1841  Time, place, form, and content of request for Board hearing.
405.1843  Parties to Board hearing.
405.1845  Composition of Board.
405.1847  Disqualification of Board member.
405.1849  Establishment of time and place of hearing by the Board.
405.1851  Conduct of Board hearing.
405.1853  Prehearing discovery and other proceedings prior to the Board hearing.
405.1855  Evidence at Board hearing.
405.1857  Subpoenas.
405.1859  Witnesses.
405.1861  Oral argument and written allegations.
405.1863  Administrative policy position at issue.
405.1865  Record of Board hearing.
405.1867  Sources of Board's authority.
405.1869  Scope of Board's decision making authority.
405.1871  Board hearing decision and notice.
405.1873  Board's jurisdiction.
405.1875  Secretary's review.
405.1877  Judicial review.
405.1881  Appointment of representative.
405.1883  Authority of representative.
405.1885  Reopening a determination or decision.
405.1887  Notice of reopening.
405.1889  Effect of a revision.

AUTHORITY: The provisions of this Subpart R issued under sections 1102, 1871, and 1878, 49 Stat. 647, as amended, 79 Stat. 331, as amended, 86 Stat. 1421; 42 U.S.C. 1302, 1395hh, 1395oo.

§ 405.1801  Introduction.

(a) *Definitions.* As used in this subpart:
(1) "Intermediary determination" (see § 405.1803) means, with respect to a provider of services which has filed a cost report in accordance with §§ 405.406 and 405.453(l), a determination as to the

HeinOnline -- 39 Fed. Reg. 8166 1974

amount of total program reimbursement due the provider for items and services furnished to individuals for which payment may be made under title XVIII of the Social Security Act for the period covered by such report. For purposes of appeal to the Provider Reimbursement Review Board, the term "intermediary determination" shall be synonymous with the term "intermediary's final determination" as that latter term is used in section 1878(a) of the Act.

(2) "Intermediary hearing" means that hearing provided for in § 405.1809.

(3) "Board" means the Provider Reimbursement Review Board established in accordance with section 1878 of the Act, 42 U.S.C. 1395oo, and § 405.1845.

(4) "Board hearing" means that hearing provided for in section 1878(a) of the Act (42 U.S.C. 1395oo(a)), and § 405.1835.

(5) "Secretary's review" means that review provided for in section 1878(f) of the Act (42 U.S.C. 1395oo(f)) and § 405.1875.

(b) *General.* Under the program of health insurance for the aged and disabled, the amount paid to any provider of services—i.e., hospital, skilled nursing facility, or home health agency—for covered items and services furnished beneficiaries is, pursuant to the Social Security Act, the "reasonable cost" of such services. The principles of reimbursement for determining reasonable costs are contained in Subpart D of this part. In order to be reimbursed for such reasonable costs of covered services furnished program beneficiaries, providers of services are obliged to file cost reports with their intermediaries as specified in § 405.453(f).

In addition to the aforementioned providers of services, health maintenance organizations, group practice prepayment plans, physical therapy clinics, rehabilitation agencies, public health agencies, and federally funded clinics are also entities participating in the Medicare program which are obliged to file periodic cost reports and are reimbursed on a cost basis. Therefore, it is intended that the administrative appeal procedures, as set forth in this subpart, will be applicable to such entities to the maximum extent possible. (See § 405.1877 for exception.)

(c) *Effective dates.* (1) The provisions of §§ 405.1801–405.1833 inclusively, §§ 405.1881, 405.1883, 405.1885, 405.1887, and 405.1889 shall apply to all cost reporting periods ending on or after December 31, 1971; and

(2) The provisions of §§ 405.1835–405.1877 inclusive shall apply solely to cost reporting periods ending on or after June 30, 1973.

NOTE: See § 405.1885(e) for applicability of 3-year period in reopening a determination when the reopening action was undertaken after May 27, 1972.

§ 405.1803 Intermediary determination and notice of amount of program reimbursement.

(a) Upon receipt of a provider's cost report, or amended cost report where permitted or required, the intermediary shall, within a reasonable period of time (see § 405.1835(b)), analyze the report, undertake any necessary audit of the report, and furnish the provider and other parties as appropriate (see § 405.1805) a written notice reflecting the intermediary's determination of the amount of program reimbursement. The notice shall (1) explain the intermediary's determination of total program reimbursement due the provider for the reporting period covered by the cost report or amended cost report; (2) relate this determination to the provider's claimed total program reimbursement due the provider for this period; (3) explain the amount(s) and the reason(s) why, by appropriate reference to law, regulations, or program policy and procedures, this determination may differ from the provider's claim; and (4) inform the provider of its right to an intermediary or Board hearing, as appropriate (see §§ 405.1809, 405.1811, 405.1815, and 405.1835–405.1843).

(b) The intermediary's determination as contained in a notice of amount of program reimbursement shall constitute the basis for making the retroactive adjustment (required by § 405.454(f)) to any program payments made to the provider during the period to which the determination applies, including the suspending of further payments to the provider in order to recover, or to aid in the recovery of, any overpayment identified in the determination to have been made to the provider; notwithstanding any request for hearing on the determination the provider may make under § 405.1811 or § 405.1835. Any such suspension shall remain in effect as specified in § 405.373(a).

§ 405.1805 Parties to intermediary determination.

The parties to the intermediary's determination of the amount of program reimbursement shall be the provider and any other entity found by the intermediary to be a related organization of such provider (see § 405.427).

§ 405.1807 Effect of intermediary determination.

The determination shall be final and binding on the party or parties to such determination unless: (a) an intermediary hearing is requested in accordance with § 405.1811 and an intermediary hearing decision rendered in accordance with § 405.1831; or (b) the intermediary determination is revised in accordance with § 405.1885; or (c) a Board hearing is requested in accordance with § 405.1835 and a hearing decision rendered pursuant thereto.

§ 405.1809 Intermediary hearing procedures.

Each intermediary shall establish and maintain procedures in accordance with these regulations, for resolving any issue which may arise between the intermediary and a provider as to the amount of program reimbursement due the provider or due the health insurance program. These procedures shall provide for a hearing on the intermediary's reasonable cost determination contained in a notice of amount of program reimbursement (see § 405.1803) when a timely filed request for a hearing on this determination is made by the provider to the intermediary and the amount of program reimbursement at issue is at least $1,000 but less than $10,000.

§ 405.1811 Right to intermediary hearing; time, place, form, and content of request for intermediary hearing.

(a) The provider who has been furnished a notice of amount of program reimbursement may request an intermediary hearing if (1) it is dissatisfied with the intermediary's determination contained in such notice and (2) the amount of program reimbursement in issue is at least $1,000 but less than $10,000. Such request must be in writing and be filed with the intermediary within 180 calendar days after the date of the notice of program reimbursement. No other individual, entity, or party has the right to an intermediary hearing.

(b) Such request must (1) identify the aspect(s) of the determination with which the provider is dissatisfied, and (2) explain why the provider believes the determination on these matters is incorrect, and (3) be submitted with any documentary evidence the provider considers necessary to support its position.

(c) Following the timely filing of the request for hearing, the provider may identify in writing, prior to the onset of the hearing proceedings, additional aspects of the determination with which it is dissatisfied and furnish any documentary evidence in support thereof. If such additional aspects are submitted, the hearing officer may postpone the hearing to allow for his examination of such additional aspects.

§ 405.1813 Failure to timely request an intermediary hearing.

Where a provider requests an intermediary hearing on an intermediary's determination (as contained in a notice of amount of program reimbursement) after the time limit prescribed in § 405.1811, the designated intermediary hearing officer or panel of hearing officers shall dismiss the request and furnish the provider a written notice which explains the time limitation, except that for good cause shown, the time limit prescribed in § 405.1811 may be extended. However, no such extension shall be granted if the request therefor is filed more than 3 years after the date of the notice of amount of program reimbursement.

§ 405.1815 Parties to the intermediary hearing.

The parties to the intermediary hearing shall be the parties to the intermediary determination and any other entity determined by the intermediary to be a related organization of such provider. Neither the intermediary nor the Social Security Administration are parties (see § 405.1819).

HeinOnline -- 39 Fed. Reg. 8167 1974

§ 405.1817 Hearing officer or panel of hearing officers authorized to conduct intermediary hearing; disqualification of officers.

The intermediary hearing provided for in § 405.1809 shall be conducted by a hearing officer or panel of hearing officers designated by the intermediary. Such hearing officer or officers shall be persons knowledgeable in the field of health care reimbursement. The hearing officer or officers shall not have had any direct responsibility for the program reimbursement determination with respect to which a request for hearing is filed; no hearing officer (or officers) shall conduct a hearing in a case in which he is prejudiced or partial with respect to any party, or where he has any interest in the matter pending for determination before him. Notice of any objection which a party may have with respect to a hearing officer shall be presented in writing to such officer by the objecting party at the party's earliest opportunity. The hearing officer shall consider the objection and shall, at his discretion, either proceed in the conduct of the hearing or withdraw. If the hearing officer does not withdraw, the objecting party may, after the hearing, present his objections to an executive official of the intermediary, who shall rule promptly on the objection.

§ 405.1819 Conduct of intermediary hearing.

The hearing shall be open to all parties thereto ( see § 405.1815) and to representatives of the intermediary and of the Bureau of Health Insurance (see § 405.-1815). The hearing officer(s) shall inquire fully into all of the matters at issue and shall receive into evidence the testimony and any documents which are relevant and material to such matters. If the hearing officer(s) believes that there is relevant and material evidence available which has not been presented at the hearing, he (they) may, at any time prior to the mailing of notice of the decision, reopen the hearing for the receipt of such evidence. The order in which the evidence and the allegations shall be presented and the conduct of the hearing shall be at the discretion of the hearing officer(s).

§ 405.1821 Prehearing discovery and other proceedings prior to the intermediary hearing.

(a) Prehearing discovery shall be permitted upon timely request of any party. To be timely, a request for discovery and inspection shall be made before the beginning of the hearing. A reasonable time for inspection and reproduction of documents shall be provided by order of the hearing officer(s).

(b) If, in the discretion of the hearing officer(s), the purpose of defining the issues more clearly would be served, the hearing officer(s) may schedule a prehearing conference. For this purpose, a single member of a panel of hearing officers, when such is the case, may be appointed to act for the panel with respect to prehearing activities.

§ 405.1823 Evidence at intermediary hearing.

Evidence may be received at the intermediary hearing even though inadmissible under the rules of evidence applicable to court procedure. The hearing officer(s) shall rule on the admissibility of evidence.

§ 405.1825 Witnesses at intermediary hearing.

The hearing officer(s) may examine the witnesses and shall allow the parties and their representatives to do so. Parties to the proceedings may also cross-examine witnesses.

§ 405.1827 Record of intermediary hearing.

A complete record of the proceedings at the intermediary hearing shall be made and transcribed in all cases. It shall be made available to any party upon request. The record will not be closed until a decision (see § 405.1831) has been issued.

§ 405.1829 Authority of hearing officer(s) at intermediary hearing.

(a) The hearing officer(s) in exercising his authority must comply with all the provisions of title XVIII of the Act and regulations issued thereunder, as well as with rulings issued under the authority of the Commissioner of Social Security (see § 422.408 of this chapter), and with the general instructions issued by the Social Security Administration in accordance with the Secretary's agreement with the intermediary.

(b) The determination of a fiscal intermediary that no payment may be made under title XVIII of the Act for any expense incurred for items and services furnished to an individual because such items and services are excluded from coverage pursuant to section 1862 of the Act, 42 U.S.C. 1395y (see Subpart C of this part), shall not be reviewed by the hearing officer(s). Such determination shall be reviewed only in accordance with the provisions of Subparts G and H of this part.

§ 405.1831 Intermediary hearing decision and notice.

The hearing officer(s) shall, on a timely basis, render a decision in writing based on the evidence in the record; such decision shall constitute the final determination of the intermediary. In such decision, he will cite applicable law, regulations, and Social Security Administration general instructions as well as findings on all the matters in issue at the hearing. A copy of the decision will be mailed to all parties to the hearing at their last known addresses.

§ 405.1833 Effect of intermediary hearing decision.

The intermediary hearing decision provided for in § 405.1831 shall be final and binding upon all parties to the hearing unless such intermediary determination is revised in accordance with § 405.1885.

§ 405.1835 Board hearing; right to Board hearing.

(a) The provider (but no other individual, entity, or party) has a right to a hearing before the Board about any matter designated in § 405.1801(a)(1), if:

(1) An intermediary determination has been made with respect to such provider; and

(2) The provider has filed a written request for a hearing before the Board under the provisions described in § 405.-1841; and

(3) The amount in controversy (as determined in § 405.1839(a)) is $10,000 or more.

(b) Notwithstanding the provisions of paragraph (a)(1) of this section, the provider also has a right to a hearing before the Board about any such matter if an intermediary's determination is not rendered within 12 months after receipt by the intermediary of a provider's cost report or amended cost report (as permitted or as required to furnish sufficient data for purposes of making such determination—see § 405.1803(a)) provided such delay was not occasioned by the fault of such provider.

§ 405.1837 Group appeal.

The provision of § 405.1835 shall apply to any group of providers of services if each provider of services in such group is identified as one which would, upon the filing of a request for hearing before the Board (but without regard to the provisions of § 405.1835(a)(3)) be entitled to such a hearing, but only if the matters in controversy involve a common question of fact, or of interpretation of law or regulations, and the amount in controversy (see § 405.1839(b)) is, in the aggregate, $50,000 or more.

§ 405.1839 Amount in controversy.

(a) The $10,000 amount in controversy will be computed by deducting the adjusted total reimbursable program costs from the total reimbursable program costs (less any amounts excluded by section 1862 of the Act) claimed by the provider.

(b) The $50,000 amount in controversy will be computed by deducting the adjusted total reimbursable program costs (in the aggregate) from the total reimbursable program costs (less any amounts excluded by section 1862 of the Act) which are claimed in the aggregate by the providers and are related to a common issue or interpretation of law or regulations.

§ 405.1841 Time, place, form, and content of request for Board hearing.

(a) The request for a Board hearing must be filed in writing with the intermediary or Board within 180 days of the date the notice of the intermediary's determination of the amount of program reimbursement was mailed to the provider or, where notice of such determination was not timely rendered, within 180 days after the expiration of the period specified in § 405.1835(b). Such request for Board hearing must identify the

aspects of the determination with which the provider is dissatisfied, explain why the provider believes the determination is incorrect in such particulars, and be accompanied by any documenting evidence the provider considers necessary to support its position. Prior to the commencement of the hearing proceedings, the provider may identify in writing additional aspects of the intermediary's determination with which it is dissatisfied and furnish any documentary evidence in support thereof.

(b) A request for a Board hearing filed after the time limit prescribed in paragraph (a) of this section shall be dismissed by the Board, except that for good cause shown, the time limit may be extended. However, no such extension shall be granted by the Board if such request is filed more than 3 years after the date the notice of the intermediary's determination is mailed to the provider.

§ 405.1843   Parties to Board hearing.

(a) The parties to the Board hearing shall be the provider, the intermediary that rendered the determination being appealed (see § 405.1833), and any other entity found by the intermediary to be a related organization of such provider.

(b) Neither the Secretary nor the Social Security Administration may be made a party to the hearing. However, the Board may call as a witness any employee or officer of the Department of Health, Education, and Welfare having personal knowledge of the facts and the issues in controversy in a hearing pending before the Board and may call as a consultant to the Board in connection with any such hearing any individual designated by the Secretary for such purpose. (See § 405.1863.)

§ 405.1845   Composition of Board.

(a) The Board will consist of five members appointed by the Secretary. All shall be knowledgeable in the field of cost reimbursement. At least one shall be a certified public accountant. Two Board members shall have been associated with or have represented providers of services.

(b) The term of office for Board members shall be 3 years, except that initial appointments may be for such shorter terms as the Secretary may designate to permit staggered terms of office. No member shall serve more than two consecutive 3-year terms of office. The Secretary shall have the authority to terminate a Board member's term of office for good cause.

(c) One member of the Board shall be designated by the Secretary as Chairman thereof and shall coordinate and direct the administrative activities of the Board, and shall have such other authority which may be granted to him by the Board.

(d) A quorum shall be required for hearings before the Board. Three members, at least one of whom is representative of providers of services, shall be required to constitute a quorum. At least one of said three members shall be a certified public accountant.

§ 405.1847   Disqualification of Board members.

No Board member shall join in the conduct of a hearing in a case in which is prejudiced or partial with respect to any party or in which he has any interest in the matter pending for decision before him. Notice of any objection which a party may have with respect to a Board member shall be presented in writing to such Board member by the objecting party at its earliest opportunity. The Board member shall consider the objection and shall, in his discretion, either proceed to join in the conduct of the hearing or withdraw. If he does not withdraw, the objecting party may petition the Board, presenting its objection and reasons therefor, and be entitled to a ruling thereon before the hearing can proceed.

§ 405.1849   Establishment of time and place of hearing by the Board.

The Board shall fix the time and place for the hearing and shall mail written notice thereof to the parties at their last known addresses, not less than 30 days prior to the scheduled time. Either on its own motion or for good cause shown by a party, the Board may, as appropriate, reschedule, adjourn, postpone, or reopen the hearing, provided that reasonable written notice is given to the parties.

§ 405.1851   Conduct of Board hearing.

The Board hearing shall be open to the parties, to representatives of the Bureau of Health Insurance, and to such other persons as the Board deems necessary and proper. The Board shall inquire fully into all of the matters at issue and shall receive into evidence the testimony of witnesses and any documents which are relevant and material to such matters. If the Board believes that there is relevant and material evidence available which has not been presented at the hearing, it may at any time prior to the mailing of notice of the decision, reconvene the hearing for the receipt of such evidence. The order in which the evidence and the allegations shall be presented and the conduct of the hearing shall be at the discretion of the Board.

§ 405.1853   Prehearing discovery and other proceedings prior to the Board hearing.

(a) Prehearing discovery shall be permitted upon timely request of a party. To be timely, a request for discovery and inspection shall be made before the beginning of the hearing. A reasonable time for inspection and reproduction of documents shall be provided by order of the Board.

(b) If, in the discretion of the Board, the purpose of defining the issues more clearly would be served, the Board may schedule a prehearing conference. For this purpose, a single member of the Board may be appointed to act for the Board with respect to prehearing activities.

§ 405.1855   Evidence at Board hearing.

Evidence may be received at the Board hearing even though inadmissible under the rules of evidence applicable to court procedure. The Board shall rule on the admissibility of evidence.

§ 405.1857   Subpoenas.

When reasonably necessary for the full presentation of a case, the Board may, either upon its own motion or upon the request of a party, issue subpoenas for the attendance and testimony of witnesses and for the production of books, records, correspondence, papers, or other documents which are relevant and material to any matter in issue at the hearing. Parties who desire the issuance of a subpoena shall, not less than 10 days prior to the time fixed for the hearing, file with the Board a written request therefor, designating the witnesses or documents to be produced, and describing the address, or location thereof with sufficient particularity to permit such witnesses or documents to be found. The request for a subpoena shall state the pertinent facts which the party expects to establish by such witnesses or documents and whether such facts could be established by other evidence without the use of a subpoena. Subpoenas, as provided for above, shall be issued in the name of the Board, and the Social Security Administration shall assume the cost of the issuance and the fees and mileage of any witness so subpoenaed, as provided in 42 U.S.C. 405(b) (section 205(b) of the Act).

§ 405.1859   Witnesses.

Witnesses at the hearing shall testify under oath or affirmation, unless excused by the Board for cause. The Board may examine the witnesses and shall allow the parties or their representatives to do so. If the Board examines a witness, it may allow the parties to suggest matters as to which they desire the witness to be questioned, and the Board may question the witness with respect to such matter if they are relevant and material to any issue pending for decision before it.

§ 405.1861   Oral argument and written allegations.

The parties, upon their request, shall be allowed a reasonable time for the presentation of oral argument or for the filing of briefs or other written statements of allegations as to facts or law. Copies of any brief or other written statement shall be filed in sufficient number that they may be made available to all parties and to the Bureau of Health Insurance.

§ 405.1863   Administrative policy at issue.

Where a party to the Board hearing puts into issue an administrative policy which is interpretative of the law or regulations, the Board will promptly notify the Bureau of Health Insurance.

§ 405.1865   Record of Board hearing.

A complete record of the proceedings at the hearing shall be made and transcribed in all cases. It shall be made available to the parties upon request. The

record will not be closed until a decision has been issued.

§ 405.1867 Sources of Board's authority.

In exercising its authority to conduct the hearings described herein, the Board must comply with all the provisions of title XVIII of the Act and regulations issued thereunder, as well as rulings issued under the authority of the Commissioner of Social Security (see § 422.-408 of this chapter).

§ 405.1869 Scope of Board's decision making authority.

The Board shall have the power to affirm, modify, or reverse a determination of an intermediary with respect to a cost report and to make any other modifications on matters covered by such cost report (including modifications adverse to the provider or other parties) even though such matters were not considered in the intermediary's determination.

§ 405.1871 Board hearing decision and notice.

(a) The Board shall, as soon as practicable after the conclusion of its hearing, render a written decision based upon the record made at such hearing, the record established in support of the determination of the intermediary (see § 405.1833), and such other evidence as may be obtained or received by the Board. Such Board decision shall be supported by substantial evidence when the record of Board hearing is viewed as a whole. A copy of the decision shall be mailed to all parties to the hearing at their last known addresses and, at the same time, to the Secretary.

(b) The decision of the Board provided for in paragraph (a) of this section shall be final and binding upon all parties to the hearing before the Board unless it is reviewed, and reversed or modified (adversely to the provider) by the Secretary, or unless it is remanded to the Board by the Secretary and given a less favorable decision by such Board (see § 405.1875), or unless it is revised in accordance with § 405.1885.

§ 405.1873 Board's jurisdiction.

(a) The Board shall decide questions relating to its jurisdiction to grant a hearing, including (1) the timeliness of an intermediary determination (see § 405.1835(b)), and (2) the right of a provider to a hearing before the Board when the amount in controversy is in issue (see §§ 405.1835(a)(3) and 405.1837).

(b) The determination of a fiscal intermediary that no payment may be made under title XVIII of the Act for any expenses incurred for items and services furnished to an individual because such items and services are excluded from coverage pursuant to section 1862 of the Act, 42 U.S.C. 1395y (see Subpart C of this part), shall not be reviewed by the Board. (Such determination shall be reviewed only in accordance with the provisions of Subpart G or H of this part.)

§ 405.1875 Secretary's review.

(a) The Secretary, on his own motion and at his discretion, may elect to review a decision of the Board which is favorable in whole or in part to the provider. A right to such a review does not vest in parties to the Board's decision.

(b) The Secretary will promptly notify all parties to the Board's hearing of his election to review the Board's decision and of the result of such review.

(c) If the Secretary affirms a decision of the Board, the decision of the Board is the final administrative decision.

(d) If the Secretary reverses or modifies a decision of the Board adversely to a provider, he must do so within 60 days after notification to the provider of the Board's decision. In such case further review of the Secretary's decision is provided (see § 405.1877)

(e) The Secretary may remand the case to the Board with a request that the Board further consider the matter at issue in those cases where the oBard's decision was favorable to the provider. In such situations where the Board issues a new decision (after remand by the Secretary) less favorable to the provider, such decision will constitute an adverse decision by the Secretary. (See § 405.1877).

§ 405.1877 Judicial review.

Section 1878(f) of the Act, 42 U.S.C. 1395oo(f), permits judicial review only where the Secretary, adversely to the provider, modifies or revrses the Board's decision (see § 405.1875(e)). Such action shall be brought in the District Court of the United States for the judicial district in which the provider is located or in the District Court for the District of Columbia. Section 1878(f) of the Act permits only "providers of services" (as defined in section 1861(u) of the Act, 42 U.S.C. 1395x(U)) to seek judicial review. Health maintenance organizations, group practice prepayment plans, physical therapy clinics, rehabilitation agencies, public health agencies, and federally funded clinics are not providers of services.

§ 405.1881 Appointment of representative.

A provider or other party may be represented by legal counsel or any other person it apoints to act as its representative at the proceedings conducted in accordance with §§ 405.1819 and 405.1851.

§ 405.1883 Authority of representative.

A representative appointed by a provider or other party may accept or give on behalf of the provider or other party any request or notice relative to any proceeding before a hearing officer or the Board. A representative shall be entitled to present evidence and allegations as to facts and law in any proceeding affecting the party he represents and to obtain information with respect to a request for an intermediary hearing or a Board hearing made in accordance with §§ 405.1811, 405.1835, or § 405.1837 to the same extent as the party he represents. Notice to a provider or other party of any action, determination, or decision, or a request for the production of evidence by a hearing officer or the Board sent to the representative of the provider or other party shall have the same force and effect as if it had been sent to the provider or other party.

§ 405.1885 Reopening a determination or decision.

(a) A determination of an intermediary, a decision by a hearing officer or panel of hearing officers, a decision by the Board, or a decision of the Secretary may be reopened with respect to findings on matters at issue in such determination or decision, by such officer, Board, or Secretary, as the case may be, either on motion of such officer, Board, or Secretary, or on the motion of the provider affected by such determination or decision to revise any matter in issue at any such proceedings. Any such reopening must be undertaken within 3 years of the date of the notice of the intermediary or Board hearing decision, or where there has been no such decision, any such reopening must be undertaken within 3 years of the date of notice of the intermediary determination. No such determination or decision may be reopened after such 3-year period except as provided in paragraphs (d) and (e) of this section.

(b) A determination or a hearing decision rendered by the intermediary shall be reopened and revised by the intermediary if, within the aforementioned 3-year period, the Social Security Administration notifies the intermediary that such determination or decision is inconsistent with the applicable law, regulations, or general instructions issued by the Social Security Administration in accordance with the Secretary's agreement with the intermediary.

(c) Jurisdiction for reopening a determination or decision rests exclusively with that administrative body that rendered the last determination or decision.

(d) Notwithstanding the provisions of paragraph (a) of this section, an intermediary determination or hearing decision, a decision of the Board, or a decision of the Secretary shall be reopened and revised at any time if it is established that such determination or decision was procured by fraud or similar fault of the provider.

(e) Paragraphs (a) and (b) of this section apply to determinations on cost reporting periods ending on or after December 31, 1971. (See § 405.1801(c).) However, the 3-year period described shall also apply to determinations with respect to cost reporting periods ending prior to December 31, 1971, but only if the reopening action was undertaken after May 27, 1972 (the effective date of regulations which, prior to the publication of this Subpart R, governed the reopening of such determinations).

§ 405.1887 Notice of reopening.

(a) All parties to any reopening described above shall be given written

notice of the reopening. When such reopening results in any revision in the prior decision, said revision or revisions will be mailed to the parties with a complete explanation of the basis for the revision or revisions. Notices of reopenings by the Board shall also be sent to the Secretary.

(b) In any such reopening, the parties to the prior decision shall be allowed a reasonable period of time in which to present any additional evidence or argument in support of its position.

§ 405.1889 Effect of a revision.

Where a revision is made in a determination or decision on the amount of program reimbursement after such determination or decision has been reopened as provided in § 405.1885, such revision shall be considered a separate and distinct determination or decision to which the provisions of §§ 405.1811, 405.1835, 405.1875 and 405.1877 are applicable. (See § 405.1801(c) for applicable effective dates.)

[FR Doc.74-4885 Filed 3-1-74;8:45 am]

---

CIVIL AERONAUTICS BOARD

[ 14 CFR Part 250 ]

[Docket No. 26253; Order 73-12-93; EDR-260]

EMERGENCY RESERVATIONS PRACTICES INVESTIGATION

Order Instituting Investigation; Tentative Findings and Conclusions; and Notice of Proposed Rulemaking; Correction

Adopted by the Civil Aeronautics Board at its office in Washington, D.C. on the 21st day of December 1973.

In the matter of Amendments to 14 CFR Part 250—Priority Rules, Denied Boarding Compensation Tariffs and Reports of Unaccommodated Passengers.

Ordering paragraph 7 of the Order (39 FR 823, January 3, 1974) should have read as follows:

7. The application of American Airlines, Inc., for authorization to engage in discussions among air carriers regarding "no-show" and related problems (Docket 26232), be and it hereby is dismissed without prejudice; and

[SEAL]            EDWIN Z. HOLLAND,
                              Secretary.

FEBRUARY 19, 1974.

[FR Doc.74-4920 Filed 3-1-74;8:45 am]

---

COST ACCOUNTING STANDARDS BOARD

[ 4 CFR Part 408 ]

ACCOUNTING FOR COSTS OF COMPENSATED PERSONAL ABSENCE

Proposed Cost Accounting Standard

Notice is hereby given of a proposed Cost Accounting Standard on Accounting for Costs of Compensated Personal Absence which the Cost Accounting Standards Board is considering for promulgation to implement further the requirements of section 719 of the Defense Production Act of 1950, as amended, Public Law 91-379, 50 U.S.C. App. 2168. When promulgated, the Standard will be used by all relevant Federal agencies and national defense contractors and subcontractors.

The proposed Standard, if adopted, will be one of a series of Cost Accounting Standards which the Board is promulgating "to achieve uniformity and consistency in the cost-accounting principles followed by defense contractors and subcontractors under Federal contracts." (See section 719(g) of the Defense Production Act of 1950, as amended.) It is anticipated that any contractor receiving an award of a contract on or after the effective date of this Standard will be required to follow it as of the beginning of his next fiscal year following the date of such award.

The Cost Accounting Standards Board solicits comments of the proposed Cost Accounting Standard from any interested person on any matter which will assist the Board in its consideration of the proposal.

Interested persons should submit written data, views, and arguments concerning the proposed Cost Accounting Standard to the Cost Accounting Standards Board, 441 G Street, NW., Washington, D.C. 20548.

To be given consideration by the Board in its determination relative to final promulgation of the Cost Accounting Standard covered by this notice, written submissions must be made to arrive no later than Monday, May 6, 1974. All written submissions made pursuant to this notice will be made available for public inspection at the Board's office during regular business hours.

PART 408—ACCOUNTING FOR COSTS OF COMPENSATED PERSONAL ABSENCE

Sec.
408.10  General applicability
408.20  Purpose
408.30  Definitions
408.40  Fundamental requirement
408.50  Techniques for application
408.60  Illustrations
408.70  Exemptions
408.80  Effective date

AUTHORITY: Sec. 719 of the Defense Production Act of 1950, as amended, Pub. L. 91-379, 50 U.S.C. App. 2168

§ 408.10 General applicability.

This Standard shall be used by defense contractors and subcontractors under Federal contracts entered into after the effective date hereof and by all relevant Federal agencies in estimating, accumulating and reporting costs in connection with the pricing, administration, and settlement of all negotiated prime contract and subcontract national defense procurements with the United States in excess of $100,000, other than contracts or subcontracts where the price negotiated is based on (a) established catalog or market prices of commercial items sold in substantial quantities to the general public, or (b) prices set by law or regulation.

§ 408.20 Purpose.

The purpose of this Standard is to improve the measurement of costs of vacation, sick leave, holiday, and other compensated personal absence, and to increase the probability that the measured costs are allocated to the proper cost objectives. In addition, this Standard provides criteria for the identification of costs of compensation for personal absence with the cost accounting periods in which the qualifying service was performed and with the cost objectives of those periods.

§ 408.30 Definitions.

(a) The following definitions are prominent in this Standard.

(1) Compensated personal absence. Any period for which an employer pays compensation directly to an employee, in accordance with an established plan or custom of the employer, while the employee is absent from work because he is ill, or because he is on vacation, observing a holiday, performing jury duty or military training, or engaged in other personal activities.

(2) Cost accounting period. A time period which is determined in accordance with the provisions of 4 CFR Part 406 and used for contract cost accumulation and allocation. (Normally, the contractor's fiscal year.)

(3) Employee qualification period. A regularly recurring period of fixed or determinable length during which the performance of a required amount of qualifying service by an employee entitles him to receive or to become eligible to receive a determinable amount of compensated personal absence in accordance with an established plan or custom of the employer.

(4) Matured entitlement. That amount of compensated personal absence, expressed in units of time, e.g., days, hours, for which an employee has qualified by reason of service in completed employee qualification periods. (Because the ultimate use of the benefit by the employee may be conditional, the amount of matured entitlement should not be confused with the amount of the employer's liability for the related costs.

(5) Probationary period. A stated minimum period of service which is required of a newly hired or rehired employee before that employee earns any entitlement to a particular benefit.

(6) Unmatured entitlement. That pro rata portion of the total compensated personal absence which can be earned by service in an employee qualification period which corresponds to the proportion of qualifying service which has already been performed in an uncompleted employee qualification period. Unmatured entitlement may be considered to exist even though actual entitlement to some amount of benefits may arise only when all necessary service in the period has been completed.

(b) The following modifications of definitions set forth in Part 400 of this chapter are applicable to this Standard: None.

§ 408.40 Fundamental requirement.

(a) The costs of compensated personal absence shall be assigned to cost accounting periods as follows: