## RULE 56(f) DECLARATION OF STEVEN B. ROOSA, ESQ.

Steven B. Roosa, Esq., of full age and upon her oath, states the following:

    1.    I am an attorney at law in the State of New Jersey and an associate at the law firm of Reed Smith LLP, counsel for the Plaintiff Hospitals in this matter. I give this Certification based upon my personal knowledge and in support of the Hospitals' alternative request for time, under Federal Rule of Civil Procedure 56(f), to engage in discovery.

    2.    The Secretary filed his motion for summary judgment in this matter before the parties were able to engage in any discovery.

    3.    In support of his motion, the Secretary argues that "[t]here is no evidence that either intermediary ever told any plaintiff hospital that the tax was not an allowable cost." See the Defendant's Opposition to Plaintiffs' Motion for Summary Judgment and Reply in Support of his Motion to Dismiss or, in the Alternative, for Summary Judgment (the "Secretary's Reply") at 8.

    4.    One of the Secretary's intermediaries, Associated Hospital Services ("Associated"), essentially admits in a letter that it maintained a policy of non-reimbursement with respect to the UCP Tax. See Associated's November 19, 2002 correspondence (Secretary's Exhibit B at 5). The Secretary asks the Court to believe that Associated never communicated that policy to the hospitals between 1985 and 2003. See The Secretary's Reply at 8.

    5.    The two certifications submitted on behalf of the intermediaries in this matter do not deny that the intermediaries told Massachusetts hospitals that the tax was a non-allowable cost.

6.  Yet, the Secretary argues that he is entitled to summary judgment because the Hospitals have failed to present any evidence that the intermediaries conveyed their policy of non-reimbursement to Massachusetts hospitals. See the Secretary's Reply at 8.

7.  Based upon the evidence that is already contained in the record, the Hospitals should be afforded the opportunity to at least engage in targeted discovery to collect additional evidence that the Secretary is incorrect.

8.  This discovery would include depositions of the intermediaries' corporate designees, as well as the depositions of Vincent Guarino, the Director of Audit Reimbursement for Associated's Lynnfield, Massachusetts office and Thomas Bruce, Mutual of Omaha Insurance Company's Regional Audit Manager.

9.  Such limited discovery will allow the Plaintiff Hospitals to put forth triable issues of fact on the issue of the intermediaries' reimbursement policy, as well as how, and to what extent, that policy was conveyed to the hospitals.

10. These facts, which are essential to justify the Hospitals' opposition, are in the possession of the Secretary, and cannot be identified without the discovery requested herein.

I affirm under penalty of perjury this 21st day of November, 2005 that the foregoing declaration is true to the best of my personal knowledge.

November 21, 2005                               Steven B. Roosa, Esq.