IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAIRVIEW HOSPITAL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civ. Action No. 1:05cv01065 (RWR) |
| ) | |
| MICHAEL O. LEAVITT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S MOTION TO STRIKE PLAINTIFFS'
RULE 56(f) ARGUMENT AND DECLARATION**

Defendant in the above captioned action respectively moves this Court for an order striking the argument in Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Cross Motion for Summary Judgment (Doc. 23) at pages 17-19 under the heading "III" and the Declaration of Steven B. Roosa attached to plaintiffs' reply as Attachment #4. For the reasons in support of this motion, defendant respectfully refers the Court to the attached memorandum of points and authorities. Counsel for defendant have discussed the motion with counsel for plaintiffs and are authorized to state that plaintiffs oppose the motion.

     A proposed order is attached.

                                      Respectfully submitted,

OF COUNSEL:
PAULA M. STANNARD                     PETER D. KEISLER
Acting General Counsel                 Assistant Attorney General

KATHLEEN H. MCGUAN               KENNETH L. WAINSTEIN
Associate General Counsel            United States Attorney

MARK D. POLSTON
Deputy Associate General
Counsel

ROBERT BALDERSTON
Attorney
Department of Health
and Human Services

BRIAN G. KENNEDY
PETER ROBBINS
Department of Justice
20 Massachusetts Avenue, N.W., Room 7142
Washington, D.C.  20530
Tel:  (202) 514-3953
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAIRVIEW HOSPITAL, et al.,              ) | |
|                                        ) | |
|     Plaintiffs,     ) | |
|                                        ) | |
|     v.              ) | Civ. Action No. 1:05cv01065 (RWR) |
|                                        ) | |
| MICHAEL O. LEAVITT,                    ) | |
|                                        ) | |
|     Defendant.      ) | |
|                                        ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS MOTION
TO STRIKE PLAINTIFFS' RULE 56(f) ARGUMENT AND DECLARATION**

**INTRODUCTION**

In this action, three hospitals seek an extraordinary writ of mandamus to force the Secretary of Health and Human Services to reopen Medicare payment determinations that have been closed for as long as twenty years. The gravamen of the complaint is that two fiscal intermediaries, which process Medicare cost reports on behalf of the Secretary of Health and Human Services, allegedly misled the hospitals about the legal status of a certain state tax assessment, causing the final payment determinations to be "procured by fraud or similar fault" within the meaning of 42 C.F.R. § 405.1885(d). Defendant responded to the complaint by filing a motion to dismiss or, in the alternative, for summary judgment. Attached to the motion were a statement of material facts, two declarations and several documents. Among other things, these submissions showed that the intermediaries had informed the hospitals in 2002 and 2003 that the state tax in question <u>was</u> an allowable expense.

After initially trying to stay the proceedings, plaintiffs eventually filed an opposition to defendant's motion, along with a cross-motion for summary judgment in their favor. No

evidence was attached to this submission.  In particular, plaintiffs submitted no evidence to suggest that the intermediaries had ever told them anything other than that the tax was reimbursable.  Defendant then filed a consolidated reply and opposition without submitting any additional evidence.  In their final reply memorandum, plaintiffs ask for a continuance to conduct discovery, purportedly to ascertain if the intermediaries ever made any statements to them other than the ones documented in the undisputed record.  This belated and meretricious argument should be stricken from the record.

## LEGAL BACKGROUND

The procedures that plaintiffs are obliged to follow in opposing a motion for summary judgment are set forth in Federal Rule of Civil Procedure 56, as modified by Rules 7 and 56.1 of this Court.  Under the Federal Rule, a defendant may move for summary judgment "at any time," Fed. R. Civ. P. 56(b), and this Court is required to grant it "forthwith" if "there is no genuine issue as to any material fact" and the movant "is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A plaintiff may the oppose the motion on purely legal grounds or he may file "affidavits" and other evidentiary material which "set forth specific facts" showing that "there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  "If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."  Id.  However, "[s]hould it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Fed. R. Civ. P. 56(f).

The Federal Rule provides that the motion for summary judgment must be served "at least 10 days before the time fixed for the hearing," Fed. R. Civ. P. 56(c), and all "opposing affidavits" must be served "prior to the day of hearing." Id. This includes any affidavit seeking to oppose the motion on Rule 56(f) grounds. See 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 3d § 2719 at 327 (1998) ("Since the purpose of an affidavit under subdivision (f) is to prevent summary judgment from being entered, at least temporarily, it should be considered as 'opposing' the motion."). To allow a Rule 56(f) affidavit to be filed after the time period for filing the opposition has expired would be patently unfair, since "[t]he movant may want to contest the allegation that the opponent is unable to present counter-affidavits on the ground that it is made in bad faith or is a result of a lack of diligence and therefore insufficient to justify denying the entry of summary judgment." Id. In this setting, it is vitally "important for the movant to know in advance that Rule 56(f) will be invoked to defend against the motion." Id.

Although the Federal Rule sets the deadline for filing opposing affidavits by reference to a hearing date, local rules "may vary this time period" by, among other things, setting a "specified date between the service of the summary-judgment motion and the hearing day" on which the opposing papers must be served. Id. at 322-23. As in the case of the Federal Rule, however, "[t]he purpose of these local court rules is to provide a specific time within which the opposing party must respond to the motion and to make certain that the issues on the motion are properly framed." Id. at 327. Where time frames are set by local rule from the date of service, "[a] party responding to a motion for summary judgment by filing a Rule 56(f) motion is bound by the same time requirements as a party opposing a motion for summary judgment on the merits."

Knight v. United States, 845 F. Supp. 1372, 1375 (D. Ariz. 1993), aff'd, 77 F.3d 489 (9th Cir. 1996) (citation omitted).

In this Court, judges are given the discretion to determine whether to hold a hearing on any motion, including one for summary judgment. Local Rule 7(f). Accordingly, the time for filing oppositions is determined by reference to a deadline that goes into effect when a motion for summary judgment is filed. The adverse party is given 11 days from the date of service to file an opposition and opposing affidavits. Local Rule 7(b). The moving party is then permitted to file a reply within 5 days of service of the opposition. Local Rule 7(d). The non-moving party may not file a sur-reply without leave of the Court, Longwood Vill. Rest., Ltd. v. Ashscroft, 157 F. Supp. 2d 61, 68 n.3 (D.D.C. 2001), especially not one that raises new arguments for the first time. Accordingly, a Rule 56(f) affidavit must be filed with the opposition to a motion for summary judgment. The opposing party may not wait until after the moving party has filed his reply and then spring it by surprise. That, however, is exactly what plaintiffs have attempted to do here.

## PROCEDURAL BACKGROUND

Plaintiffs are three hospitals that, for a period of almost twenty years, neglected to claim a certain state tax as a reimbursable expense on annual Medicare cost reports submitted to two fiscal intermediaries. Notwithstanding their admitted failure to invoke the administrative and judicial appeals process readily available to them under 42 U.S.C. § 1395oo, plaintiffs claim they have a right to belated payment under the mandamus statute, 28 U.S.C. § 1361. Among other things, plaintiffs claim they are entitled to have the decades-old payment determinations reopened on the ground that the intermediaries "passively and/or actively misled" them, First Amended Complaint at ¶ 37 (Doc. 15), in a manner that caused the determinations to be

"procured" by "fraud or similar fault" of a "party to the determination." 42 C.F.R. § 405.1885(d). The complaint, however, does not identify any specific statements that are alleged to have been improper, even though "the circumstances constituting fraud or mistake" must be pled with particularity under Fed. R. Civ. P. 9(b).

On September 7, 2005, the Secretary of Health and Human Services filed a motion to dismiss or, in the alternative, for summary judgment. (Doc. 12). After plaintiffs amended their complaint, the Secretary filed a supplemental memorandum in support of the motion. (Doc. 17). The moving papers demonstrated that one plaintiff (Fairview Hospital) was told in 2002 by its fiscal intermediary (Mutual of Omaha Insurance Company) that the state-tax assessment in question was a reimbursable expense. The evidence further showed that the other two plaintiffs (Tufts-New England Medical Center and Mount Auburn Hospital) were told the following year by their intermediary (Associated Medical Services) that the tax was a reimbursable expense. On the basis of this evidence, defendant argued, among other things, that there was no reason to think any intermediary ever "passively and/or actively misled" plaintiffs with respect to the state-tax issue, Compl. at ¶ 37, even assuming, arguendo, that an intermediary's opinion about Medicare law could be deemed to be a statement of material fact on which a hospital could justifiably rely without undertaking its own independent legal inquiry.

This Court originally granted plaintiffs an unopposed enlargement of time "in which to file opposition" to defendant's motion to dismiss or, in the alternative, for summary judgment. Minute Order dated October 12, 2005. Plaintiffs did not file their opposition at the requested time, however. On the day the enlargement period expired, plaintiffs moved instead for an indefinite stay of proceedings, pending resolution of an unrelated action that was before another judge of this Court. (Doc. 14). Defendant opposed the motion, arguing that (a) plaintiffs would

suffer no hardship if the case proceeded without delay; (b) the two cases were too dissimilar to make a stay efficient; and (c) defendant would suffer hardship if memories of already decades-old events were allowed to fade further. (Doc. 18). Plaintiffs derided these arguments as being, "at the very least, extraordinary, and at the very worst, disingenuous," Plaintiffs' Reply Memorandum in Support of Motion for a Stay of Proceedings at 1 (Doc. 19), but did not actually respond to them.

Three hours after filing their reply in support of their motion for a stay, plaintiffs apparently decided that they did not need a stay after all. On October 31, 2005, they filed their opposition to defendant's dispositive motion, along with a cross-motion for summary judgment of their own. (Doc. 20).[1] The opposition and cross-motion were not accompanied by any affidavits or other evidentiary submission. Nor did plaintiffs make any request for a Rule 56(f) continuance to conduct discovery. Rather, plaintiffs argued that the evidence submitted by defendant was sufficient to defeat the Secretary's motion and support the granting of judgment in their favor as a matter of law. Defendant filed a consolidated reply and opposition on November 14, 2005 (Docs. 21, 22), thereby completing the briefing of his dispositive motion.

Plaintiffs completed the briefing of their own cross-motion on November 21, 2005 when they filed their final reply. (Doc. 23). Most of the submission merely rehashed arguments made previously. In one section of the reply, however, plaintiffs made an entirely new argument as to why they thought "the Secretary's motion" – which had already been fully briefed – "should be denied outright or, at the very least, continued." Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Cross Motion for Summary Judgment ("Pl. Reply") at 17 (Doc. 23). In this new

---

[1] Plaintiffs' opposition was filed twenty days out of time without leave of the Court. Defendant did not oppose the filing on this ground, however.

argument, plaintiffs contended that this Court "should grant them a continuance" under Rule 56(f), id., so that they could conduct "targeted discovery to collect additional evidence that the intermediaries maintained a policy of non-reimbursement, and that this policy was expressly conveyed to the Hospitals." Id. at 19. Neither the reply nor the Rule 56(f) declaration attached to it explains why this argument was not made earlier in opposition to defendant's alternative motion for summary judgment. Nor do plaintiffs explain why they need to take discovery to learn what complained-of statements were made to them by the intermediaries, an omission particularly striking in light of the fact that an essential element of their fraud-related claim is that the hospitals relied on allegedly false statements made by the intermediaries when they submitted their annual cost reports. Like the now-moot motion for a stay that preceded it, plaintiffs' current Rule 56(f) tactic is "really a wolf draped in sheep's clothing to delay the litigation in the case." Cameron v. DEA, 959 F. Supp. 92, 94 (D.P.R. 1997), aff'd, 139 F.3d 4 (1st Cir. 1998).

## ARGUMENT

### I. PLAINTIFFS' RULE 56(f) ARGUMENTS SHOULD BE STRICKEN BECAUSE THEY ARE UNTIMELY.

Plaintiffs' attempt to delay this action by raising a new Rule 56(f) issue after the briefing of defendant's motion for summary judgment has been completed is both improper and unfair to defendant. As a general principle, "[i]t is well established that this court will not entertain arguments raised for the first time in a party's reply brief," Patterson v. Johnson, 391 F. Supp. 2d 140, 142 n.1 (D.D.C. 2005) (quoting Cronin v. FAA, 73 F.3d 1126, 1134 (D.C. Cir. 1996)), and "[t]he same principle applies to newly proffered evidence attached to a reply brief." Id. Plaintiffs did not raise any Rule 56(f) argument in their opening memorandum. Indeed, plaintiffs' Rule 56(f) argument opposes arguments made in defendant's opening memorandum, the briefing of

-7-

which was completed when defendant filed his reply. As such, this portion of plaintiffs' "reply" is effectively a sur-reply in opposition to defendant's original dispositive motion, which may not be filed without leave of this Court and cannot be used to raise new issues. Longwood Vill. Rest., 157 F. Supp. 2d at 68 n.3. Plaintiffs should not be allowed to effectively grant themselves a right to file a sur-reply in opposition to defendant's original dispositive motion and then use it to raise new issues that appear in neither the opening memorandum nor in plaintiffs' opposition to it.

As courts have repeatedly emphasized, Rule 56(f) "is designed to minister to the vigilant, not those who slumber on perceptible rights." C.B. Trucking, Inc. v. Waste Mgmt., Inc., 137 F.3d 41, 44 (1st Cir. 1998) (quoting Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 92 (1st Cir. 1996), and citing Resolution Trust Corp. v. N. Bridge Assocs., Inc., 22 F.3d 1198, 1203 (1st Cir. 1994)). As this Court has stated, "[t]he thrust of the provision is to prevent a party from being 'railroaded' by 'premature motions,'" not to open "the wishing well of discovery" as "a way for the nonmovant to stave off summary judgment" where "it has failed to immediately bring the discovery problem to the court." Dyson v. Winfield, 113 F. Supp. 2d 35, 42 (D.D.C. 2000). "[T]o 'savor the balm' of Rule 56(f), a party must move for a discovery continuance in a timely fashion." Rodriguez-Cuervos v. Wal-Mart Stores, Inc., 181 F.3d 15, 23 (1st Cir. 1999) (citing Mass. Sch. of Law v. ABA, 142 F.3d 26, 44 (1st Cir. 1998)).

What constitutes a timely fashion in this case is clear. As was discussed earlier, in courts where the time for filing an opposition is set by reference to the date of service of the motion for summary judgment, "a Rule 56(f) motion cannot be filed after the deadline set for filing of the opponent's response brief and affidavits," Monarch Greenback, LLC v. Monticello Ins. Co., 118 F. Supp. 2d 1068, 1081 (D. Idaho 1999), or, at the very least, it must be filed "within a

reasonable time following receipt of a motion for summary judgment." C.B. Trucking, 137 F.3d at 44 n.2. Where a party does not submit its Rule 56(f) affidavits with its opposition papers, an attempt to raise the argument later is not allowed. See, e.g., Crawford v. Signet Bank, 179 F.3d 926, 927 n.2 (D.C. Cir. 1999) ("did not inform the court when the defendants filed their summary judgment motions"); Willoughby v. PEPCO, 100 F.3d 999, 1003 (D.C. Cir. 1996) (did not alert the court that he needed further discovery "to support his opposition to the motion"). The opposing party may not do precisely what plaintiffs have tried to do here: "attempt to meet a summary judgment challenge head-on" and then "fall back on Rule 56(f) if its first effort is unsuccessful." Filiatrault v. Comverse Tech., Inc., 275 F.3d 131, 138 (1st Cir. 2001) (quoting Rodriguez-Cuervos, 181 F.3d at 23).

     Plaintiffs' belated Rule 56(f) argument is even more inappropriate, however, in light of the fact that they not only failed to file a timely opposing affidavit, but they went on to affirmatively cross-move for summary judgment in their favor on the basis of the very same facts on which defendant relied. Where a plaintiff argues in his own motion that the evidence, "although incomplete," is sufficient to "clearly" prove his case, Rodriguez-Cuervos, 181 F.3d at 23 (quoting Ayala-Gerena, 95 F.3d at 92 n.4), and he "was content to have the court act on the merits of the motion," C.B. Trucking, 137 F.2d at 45, this action, standing alone, "constitute[s] an acknowledgment by the plaintiff that he had sufficient knowledge of the situation, then and there, to justify asking the court to enter summary judgment in his favor" and "almost invariably indicates that the moving party was not prejudiced by a lack of discovery." Filiatrault, 181 F.3d at 138. Thus, particularly where the opposing party himself invites the "swing of the summary judgment axe," Rodriguez-Cuervos, 181 F.3d at 23 (citation omitted), he "should not be allowed to address some of those issues, wait for the Court to rule, and then, if unsuccessful, create

additional factual issues by means of a supplemental affidavit." Omni Specialities-Washington, Inc. v. Esprit de Corp., 1989 WL 34326 at *3 (D.D.C. Mar, 28, 1989), aff'd, 902 F.2d 1009 (1990). Such a tactic is unfair to the moving party because it effectively deprives him of a meaningful chance to respond, 10A Federal Practice and Procedure: Civil 2d § 2719 at 327, and should not be tolerated. See, e.g., Monarch Greenback, 118 F. Supp. 2d at 1081 (striking Rule 56(f) affidavit filed after the non-moving party's opposition and the moving party's reply).

In Berkeley v. Home Ins. Co., 68 F.3d 1409 (D.C. Cir. 1995), for example, the Court of Appeals for this Circuit applied these principles to uphold the refusal of a district court to consider a belated Rule 56(f) submission in circumstances similar to those here. In that case, a lawyer sued an insurance company in a dispute over the scope of a malpractice policy. The parties filed dispositive cross-motions. Id. at 1411. The district court then ordered supplemental briefing on certain issues. Id. at 1414 & n.4. Going beyond the scope of the supplemental briefing order, the insurance company asked for a Rule 56(f) continuance on the ground that it needed discovery to pursue a theory that the policy was voidable due to misrepresentations allegedly made by the plaintiff to the defendant-insurer. Id. at 1414. The district court denied the continuance. Id. The Court of Appeals affirmed, holding that "[t]he district court, in its discretion, could properly reject " the insurance company's "belated attempt to reopen its original opposition to the motion for summary judgment," id., especially where it had "failed to show reasons for its untimeliness." Id. at 1414-15.

In this case, plaintiffs have offered no reason why they did not submit their Rule 56(f) affidavit in opposition to defendant's motion to dismiss or, in the alternative for summary judgment. On the contrary, they continue to "contend that they are entitled to summary judgment as a matter of law," purely "based upon the record" submitted by defendant, and argue that Rule

-10-

56(f) should come into play only if this Court "is inclined to deny summary judgment in favor of the Hospitals." Pl. Reply at 17. That is precisely the kind of "eat your cake and have it too" approach that Rule 56 does not permit. Plaintiffs' Rule 56 argument and the declaration submitted in support of it should therefore be stricken from the record.[2]

## II. PLAINTIFFS' FAILURE TO RAISE THEIR RULE 56(f) ARGUMENT IN A TIMELY FASHION SHOULD NOT BE EXCUSED.

Plaintiffs' effort to circumvent the rules is particularly intolerable here in the light of the fact that the information they purport to need discovery to learn – whether intermediaries ever said anything to them that the hospitals found to be misleading and on which the hospitals subsequently relied in submitting cost reports – is information that they not only should have had in their possession when they filed their summary-judgment opposition, but information that they should also have had in their possession when they brought a lawsuit alleging fraud or similar fault in the first place. Rule 56(f) provides that "a court <u>may</u> deny a motion for summary judgment or order a continuance to permit discovery if the party opposing the motion adequately explains why, at that timepoint, it cannot present by affidavit facts needed to defeat the motion." <u>Strang v. United States Arms Control & Disarmament Agency</u>, 864 F.2d 859, 861 (D.C. Cir. 1989) (emphasis in original). To meet this standard, the non-movant must demonstrate both the "necessity" and "utility" of discovery by stating "concretely why she could not, absent discovery,

---

[2] The decision on which plaintiffs apparently rely is not to the contrary. In <u>Stella v. Mineta</u>, 284 F.3d 135 (D.C. Cir. 2002), the plaintiff opposed summary judgment on grounds that she had not had an opportunity for discovery. <u>Id</u>. at 141. The district court granted summary judgment on grounds to which the requested discovery was irrelevant. <u>Id</u>. at 147. The court of appeals held that the district court had applied the wrong legal standard, reversed, and remanded for further proceedings under the new standard. <u>Id</u>. In the remand, the court stated that the district court "may determine whether further discovery is called for" in resolving the case under that standard. Nothing in the decision suggests that a Rule 56(f) affidavit would have been timely after the filing of the original opposition.

present by affidavit facts essential to justify her opposition to [the] summary judgment motion." Id.[3]  A mere "conclusionary assertion" that "'there may well be knowledge on the part of [the movant's] employees or undisclosed documents'" about contacts with plaintiff is not enough. Byrd, 174 F.3d at 248 n.8.  Similarly, the mere assertion that discovery "'would be invaluable in this case'" or that the plaintiff would like "'an opportunity to test'" the opponent's evidence is not enough.  Strang, 864 F.2d at 861.

In the Berkeley case discussed earlier, the Court of Appeals for this Circuit upheld the denial of a Rule 56(f) continuance in a case similar to this one in which the non-moving party already had in its possession "all of the records on which it relied in raising [a] misrepresentation claim" and apparently did not "seek to obtain the documents" from its own files before it filed an opposition to a motion for summary judgment.  68 F.3d at 1414.  The Court reasoned that,

> [n]otwithstanding the usual generous approach toward granting Rule 56(f) motions, the rule is not properly invoked to relieve counsel's lack of diligence. Were that allowed, the rationale underlying the summary judgment procedure would be undermined, as counsel belatedly devised new theories to delay resolution of long-pending dispositive motions.

Id.  Because "[n]othing in the record" suggested that the non-movant had "confronted any difficulty in obtaining the information that it needed to develop its misrepresentation claim that

---

[3] See also Crawford, 179 F.3d at 927 n.2 (substantially the same); Byrd v. EPA, 174 F.3d 239, 248 n.8 (D.C. Cir. 1999) (non-moving party must "show what facts he intended to discover that would create a triable issue and why he could not produce them in opposition to the motion"); Carpenter v. Fed. Nat'l Mortgage Ass'n, 174 F.3d 231, 237 (D.C. Cir. 1999) (same); Donofrio v. Camp, 470 F.2d 428, 431 (D.C. Cir. 1972) (non-moving party must show "good reasons" for his "complete inability to produce the evidence to defeat the motion for summary judgment").

would have prevented it from timely filing its opposition," its "bare assertions of need" were found to be insufficient to justify a continuance to conduct speculative discovery.  Id. at 1415.[4]

Such bare assertions must be viewed with particular skepticism where, as here, the claim with respect to which discovery is desired is one alleging fraud and is therefore subject to the particularized pleading requirements in Fed. R. Civ. P. 9(b) to being with.[5]  To "ensure[] that the opponent has notice of the claim," Anderson v. USAA Cas. Ins. Co., 221 F.R.D. 250, 252-53 (D.D.C. 2004)), and to prevent a claim from being used as a "pretext for the discovery of unknown wrongs," Kowal v. MCI Commc'ns. Corp., 16 F.3d 1271, 1279 n.3 (D.C. Cir. 1994) (citation omitted), Rule 9(b) requires a plaintiff to "plead with particularity" the "circumstances" of the fraud, namely "the time, place, and content of the false misrepresentations, the misrepresented fact, and what the opponent retained or the claimant lost as a consequence of the alleged fraud." Anderson, 221 F.R.D. at 253.  It follows that a request for a Rule 56(f)

---

[4] See also Talinao v. Potter, 386 F. Supp. 2d 1, 3-4 (D.D.C. 2005) (Rule 56(f) continuance denied where party had time to find own witnesses but did not produce its own affidavits); Price v. Greenspan, 374 F. Supp. 2d 177, 183 (D.D.C. 2005) (mere averment that "plaintiff tells a different story from defendant falls woefully short of plaintiff's burden" where plaintiff "conceded the facts in defendant's statement of material facts" and "has not provided a single sworn affidavit, not one of his own nor one of any other person, supporting plaintiff's story"); Alexander v. FBI, 186 F.R.D. 180, 184 (D.D.C. 1999) (mere allegations that there exists record-keeping "information solely within the control of the government" does not "provide parties with a doctrinal vehicle for defeating motions for summary judgment based on unsupported speculation about what may be forthcoming if an extension is granted") (citation omitted); Medina v. Runyon, 1996 WL 346960 at *2 (D.D.C. June 11, 1996) (where non-movant "can present her own testimony" no Rule 56(f)); Richardson v. NRA, 871 F. Supp. 499, 501 (D.D.C. 1994) (party cannot "simply assert that 'certain information' and 'other evidence' may exist and may be obtained through discovery").

[5] As defendant has previously explained, the term "fraud" as used in Rule 9(b) includes negligent misrepresentation.  See Defendant's Memorandum in Support of His Motion to Dismiss or, in the Alternative, for Summary Judgment at 25 & n.14 (citing cases) (Doc. 12); Defendant's Opposition to Plaintiffs' Motion for Summary Judgment and Reply in Support of His Motion to Dismiss or, in the Alternative, for Summary Judgment at 34 & n.14 (citing cases) (Doc. 22).

continuance should not even be considered until the plaintiff first files "a complaint in which he pleads with particularity defendants' alleged fraudulent representations" on which he claims to need discovery. United States ex rel. Fisher v. Network Software Assocs., 227 F.R.D. 4, 11 (D.D.C. 2005) (Facciola, Mag. J.). " To rule otherwise would be to allow 'the discovery of unknown wrongs,' which Rule 9(b) seeks to prevent." Id. (quoting Kowal, 16 F.3d at 1279 n.3).

The declaration submitted by plaintiffs' counsel identifies only two pieces of information that plaintiffs contend they need to oppose defendant's alternative motion for summary judgment (which, of course, they have already opposed). First, plaintiffs purport to need discovery to ascertain what, if any, "policy" the intermediaries adopted with respect to whether the state tax in question was reimbursable as a Medicare expense. Declaration of Steven B. Roosa ("Roosa Dec.") at ¶ 9 (Attachment #4 to Pl. Reply). However, earlier in the same declaration, plaintiffs contend that the evidence already in the record is sufficient to answer the question. Id. at ¶ 4. Obviously, plaintiffs do not need to discovery to find out what they believe the evidence already proves.

The only other matter with respect to which plaintiffs claim they need discovery is "how, and to what extent, that policy was conveyed to the [plaintiff] hospitals." Id. at ¶ 9. The declaration does not explain, however, why plaintiffs do not already have sufficient information in this regard to oppose defendant's alternative motion for summary judgment. For plaintiffs to honestly allege in their complaint that they were "misled" by affirmative statements made by intermediaries, Compl. at ¶ 37, they would necessarily have already to know that something allegedly misleading was said to them and that they relied on that information when they submitted cost reports to intermediaries. Discovery might be conceivably be necessary to resolve disputes as to exactly what was said (if the parties' memories differed as to what was said). But

-14-

plaintiffs cannot possibly need discovery to obtain evidence as whether <u>something</u> (alleged to objectionable) was <u>ever</u> said to them <u>at all</u>. That much information is certainly within their possession without discovery. Plaintiffs' insistence that they have no idea whether an intermediary ever said anything to them about the Medicare treatment of state taxes – and no idea whether they later relied on those statements to their detriment – essentially confirms that their complaint does not plead fraud (or negligent misrepresentation similar to fraud) with the particularity demanded by Rule 9(b). At the very least, plaintiffs have not demonstrated "diligence in obtaining the needed information" from their own records and their own memories. <u>Int'l Bhd. of Painters & Allied Trade Union & Indus. Pension Plan v. DuVal</u>, 1994 WL 903314 at *6 (D.D.C. Apr. 14, 1994). A plaintiff who alleges to have participated in a communication cannot plausibly be heard to complain that he has no information in his possession as to whether the communication ever took place at all.

For plaintiffs to further allege that specific payment determinations were "procured" <u>from them</u> by means of "fraud or similar fault," 42 C.F.R. § 405.1885(d), they necessarily would have to remember what use <u>they</u> made of the unspecified complained-of statements before <u>they</u> submitted their cost reports for each of the years at issue. That information, if any exists, would necessarily be <u>solely</u> within their possession. Yet plaintiffs proffer no reason why, at this timepoint, they are unable to come forward with a scintilla of evidence in support of their claims that (a) false statements were made to them by an intermediary and that (b) they relied on those false statements to their detriment. Plaintiffs are merely relying on "rank speculation" about what an intermediary might hypothetically have said to them in order to justify a classic "fishing expedition" <u>Bastin v. Fed. Nat'l Mortgage Ass'n</u>, 104 F.3d 1392, 1396 (D.C. Cir. 1997), for "unknown wrongs" – or at least some unknown acts that plaintiffs conceive to be wrongs – that

-15-

might or might not have ever occurred.  <u>Fisher</u>, 227 F.R.D. at 11.  That is not an adequate basis for a continuance under Rule 56(f) in a case alleging fraud.[6]

## CONCLUSION

For the reasons stated, plaintiffs' Rule 56(f) argument and declaration should be stricken from the record.

Respectfully submitted,

| | |
|---|---|
| OF COUNSEL: | |
| PAULA M. STANNARD | PETER D. KEISLER |
| Acting General Counsel | Assistant Attorney General |
| | |
| KATHLEEN H. MCGUAN | KENNETH L. WAINSTEIN |
| Associate General Counsel | United States Attorney |
| | |
| MARK D. POLSTON | |
| Deputy Associate General | BRIAN G. KENNEDY |
| Counsel | PETER ROBBINS |
| | Department of Justice |
| ROBERT BALDERSTON | 20 Massachusetts Avenue, N.W., Room 7142 |
| Attorney | Washington, D.C.  20530 |
| Department of Health | Tel:  (202) 514-3953 |
| and Human Services | Attorneys for Defendant |

---

[6] Paragraphs 3, 4, 5, 6 and 7 of the Roosa Declaration also should be stricken because they are argumentative characterizations of the pleadings and not statements of fact made on the basis of personal knowledge.  In passing, however, it is hard to tell what point plaintiffs' counsel is trying to make when he avers that "the two certifications [sic] submitted on behalf of the intermediaries in this matter do not deny that the intermediaries told Massachusetts hospitals that the tax was a non-allowable cost."  Roosa Dec. at ¶ 5.  First, what the intermediaries might or might not have told Massachusetts hospitals is irrelevant.  The only thing that might potentially matter (even hypothetically) is what the intermediaries told the three <u>plaintiff</u> hospitals.  Second, there is no allegation in the complaint and no evidence in the record that the intermediaries ever told plaintiffs anything other than that the tax was allowable.  There is no need for the intermediaries to deny making a statement that they have not been accused of making.  Indeed, since the undisputed evidence is that plaintiffs never claimed the tax as an allowable expense, it is hard to see when an occasion for the intermediary to bring up the question <u>sua sponte</u> logically could be expected to have arisen.