**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FAIRVIEW HOSPITAL, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 1:05cv01065 (RWR) |
| | ) |
| MICHAEL O. LEAVITT, | ) |
| | ) |
| Defendant. | ) |

**<u>PLAINTIFFS' MEMORANDUM IN OPPOSITION TO THE SECRETARY'S MOTION
TO STRIKE</u>**

## PRELIMINARY STATEMENT

The present matter is identical to three others which are stayed and pending before this Court. The motion to obtain the stay was the subject of a joint application filed by the Secretary of Health and Human Services ("the Secretary") and the plaintiff hospitals in those matters. The Secretary, however, has refused to stay the present action. He has instead pursued motion practice for the sole purpose of wasting the resources of the plaintiff Hospitals ("the Hospitals") and the judiciary.

As explained below, the only occasion under which a party should be denied Rule 56 relief is when the party has had an opportunity to pursue discovery. In the present matter, the discovery period has yet to begin. In fact, because there has not been a Rule 26 conference or preliminary scheduling order, the Hospitals are foreclosed, as a matter of law, from engaging in any discovery. This alone is reason enough to deny the Secretary's motion.

Why does the Secretary wish to abandon his prior approach of simply having these matters stayed? As a factual matter, the Secretary essentially claims that the sky is falling and that "defendant would suffer hardship if memories of already decades-old events were allowed to fade further."[1] However, if the Secretary were actually concerned about "fading memories" or anything else with respect to evidence, he would not have agreed to a stay of the other three cases. If the memories are already "decades-old," exactly how much more impairment will a few more months cause? The answer is, of course, not much. Moreover, to the extent "faded memories" militate against any party, they militate against the Hospitals because they have the burden of proof in this matter. Each of the government's arguments regarding the Rule 56 issue will be addressed below.

---

[1]      See Sec. Motion at 6.

## STATEMENT OF FACTS

The instant matter is identical to three other actions filed in the United States District Court for the District of Columbia, all of which have been stayed as the result of a formal motion made jointly by the Secretary and the plaintiff hospitals in each of those cases. The Hospitals in the present matter have filed a motion to stay which is currently pending before this Court. The Secretary, in a sudden reversal of his prior position, has opposed it. The Secretary discusses the stay issue briefly in his motion to strike, but his treatment of the subject is incomplete.

It was the Secretary who, in the three identical cases, approached the plaintiff hospitals and suggested that the parties file joint motions to stay all lawsuits involving the Massachusetts Uncompensated Care Pool Tax (the "UCP Tax") until another case pending in this Court, Bradley Memorial Hospital, et al. v. Michael O. Leavitt, Civil Action No. 1:04-cv-00416 (EGS), was resolved. The hospitals in the UCP cases agreed with the Secretary that the legal theories and defenses raised in Bradley were identical to the legal theories and defenses raised with respect to the UCP Tax, and that a stay of the UCP cases until Bradley was resolved would "promote efficiency and conserve party and judicial resources…."[2] Thus, on November 3, 2004, the Secretary and the hospitals in the UCP cases filed joint motions to stay the proceedings in the

---

[2]    See the joint motions for a stay of proceedings filed in the three UCP cases attached hereto as Exhibit "1." In both the dispositive motion papers in this action and the motion requesting a stay, the Hospitals have conceded that if the plaintiffs in Bradley lose because an action for "fraud or similar fault" cannot lie against the Secretary, then the Massachusetts hospitals, including the Hospitals in the present matter, will not have a viable case against the Secretary. The Hospitals would then have no choice under that scenario but to dismiss their actions.

UCP cases.[3]  The Honorable Richard W. Roberts granted these motions, thereby staying the UCP cases until final resolution of the <u>Bradley</u> case.[4]

The Hospitals in the present matter filed their Complaint on May 4, 2005 as a savings action brought before the statute of limitations would expire.  The Hospitals requested the Secretary to consent to a stay, which had been the Secretary's approach in the other UCP cases. The Hospitals, in order to spare the Secretary the necessity of preparing an answer to the Hospitals' complaint (because the matter was going to be stayed), did not oppose the Secretary's motion seeking an extension of time to answer.[5]

The Secretary, however, remained surprisingly non-responsive with respect to the Hospitals' request for consent to a stay.  Nor did he proceed to file an answer.  On September 7, 2005, the Secretary filed a motion to dismiss the Hospitals' complaint.  The Hospitals once again requested that the Secretary consent to a stay along the lines of what he had agreed to in the other UCP cases, but he refused.

The Hospitals filed a motion seeking a stay on October 11, 2005.  In order to prevent a default in the dispositive motion proceedings, the Hospitals filed an opposition to the Secretary's motion to dismiss and cross-motion on October 31, 2005.  Contrary to the Secretary's representations to the Court in the present motion, the Hospitals, in their very first brief, specifically alerted both the Secretary and the Court to the existence of a potential dispute

---

[3]     <u>See</u> Exhibit "1."

[4]     <u>See</u> Judge Roberts' orders granting the motions for a stay of proceedings in the three Massachusetts Lawsuits attached hereto as Exhibit "2."

[5]     <u>See</u> Docket Sheet, attached hereto as Exhibit 3.

regarding material facts and that it was likely that the Hospitals would require discovery to resolve it.[6]

Because the Secretary has not filed an answer, there has been neither a preliminary status conference nor the entry of a Rule 26 scheduling order. The discovery period afforded to litigants under the Federal Rules of Civil Procedure, as a result, has not yet commenced. See Fed. R. Civ. P. 26; LCvR 26.2(a). In accordance with Rule 26(d) and this Court's local rules, the parties are precluded from engaging in any discovery. In the current procedural posture in which the case rests, the Hospitals have not had the benefit of any discovery against the Secretary, not even perfunctory Rule 26 disclosures.[7]

## LEGAL ARGUMENT

### I. RULE 56 RELIEF CAN ONLY BE DENIED IF THE HOSPITALS HAVE NOT DILIGENTLY PURSUED DISCOVERY. BECAUSE THE DISCOVERY PERIOD HAS NOT YET STARTED, THE HOSPITALS ARE ENTITLED TO FULL DISCOVERY AS WELL AS ANY RULE 56 DISCOVERY ORDERED BY THE COURT.

A Rule 56(f) request, such as the one made by the Hospitals in this case, can only be denied if the party seeking the Rule 56 relief has had the opportunity to engage in discovery and failed to use it. For example, "Rule 56(f) motions should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." Berkeley v. Home Ins. Co., 68 F.3d 1409, 1414 (D.C. Cir. 1950)(citation omitted). A party must be afforded an opportunity for discovery prior to the denial of a Rule 56 request. Id.; see also Burlington N. Santa Fe R.R. Co. v. The Assiniboine and Sioux Tribes of the Fort Peck Reservation, 323 F.3d

---

[6]    See Hospitals' Opposition at 16.
[7]    See Docket Sheet, attached hereto as Exhibit 3.

767, 773 (9th Cir. 2003)(citation omitted) ("the Supreme Court has restated the rule as requiring, rather than merely permitting, [Rule 56] discovery 'where the non-moving party has not had the opportunity to discover information that is essential to its opposition.'").

The Secretary ignores the fact that in many of the cases upon which he relies, the court denied Rule 56 relief because the discovery had been available to the party seeking the relief but had not been pursued.  For example, the Secretary, quoting C.B. Trucking, Inc. v. Waste Management, Inc., 137 F.3d 41, 44 (1st Cir. 1996), states that "Rule 56(f) is designed to minister to the vigilant, not those who slumber on perceptible rights."[8]

The C.B. Trucking Court set forth this proposition to support its finding that a party relying on Rule 56(f) must demonstrate that it was diligent in pursuing discovery before the summary judgment motion was filed.  Id.  The court concluded that the Rule 56(f) relief was unjustified, finding that during the twenty-one months in which the case was pending before the court, the plaintiff conducted no discovery on the primary issue in the case.  Id. at 45.  See also Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86 (1st Cir. 1996) (concluding that the plaintiff, whose case had been pending for over two years, had not exercised due diligence in seeking discovery before the defendant moved for summary judgment); Dyson v. Winfield, 113 F. Supp. 2d 35, 43 (D.D.C. 2000) (denying Rule 56(f), concluding that "two years is sufficient time to find the small quantum of evidence needed to survive a summary judgment motion").

There is a chasm of difference between the foregoing cases and the present matter, in which the Secretary has not even filed an answer and there has been no opportunity for discovery.  The Hospitals have not had the opportunity for any discovery because the Hospitals followed Rule 26.  The Federal Rules of Civil Procedure prohibit parties from engaging in

---

[8]    See Def.'s Mem. at 8.

discovery until after the Rule 26 initial conference or the entry of a preliminary scheduling order, whichever comes first. These are the only two events that trigger the start of the discovery period. See Fed. R. Civ. P. 26; see also LCvR 26.2(a). Neither event has occurred here.[9] Because the Hospitals, as a matter of law, have not had the opportunity to engage in discovery, the Secretary's motion to strike should be denied.

## II.    THE PLAINTIFFS' REQUEST FOR RULE 56(f) RELIEF WAS TIMELY.

In the instant matter, the Secretary argues that plaintiffs Rule 56(f) request was untimely because it was not submitted along with plaintiffs' opposition to the Secretary's motion for summary judgment. As explained in more detail below, the assertion that the request must be made at the same time the opposition brief is filed is legally incorrect. However, even if the argument had merit, the plaintiffs' opposition to the Secretary's motion for summary judgment meets the legal standard for requesting Rule 56(f) relief. The Hospital will address the second issue first.

A request for Rule 56(f) relief "need not be expressly labeled as such." C.B. Trucking, Inc., 137 F.3d at 44. Instead, the party invoking the rule need only "ask the court to refrain from acting on the summary judgment request until additional discovery can be conducted." Id. See also Int'l Short Stop, Inc. v. Rally's Inc., 939 F.2d 1257, 1266 (5th Cir. 1991)(citation omitted) ("Although the preferred procedure is to present an affidavit in support of the requested continuance, so long as the nonmoving party indicates to the court by some equivalent statement, preferably in writing, of its need for additional discovery, the nonmoving party is deemed to have invoked the rule."). This is exactly what the plaintiffs did in their very first memorandum

---

[9]    See Docket, Exhibit 3.

filed in opposition to the Secretary's motion.[10]  The Hospitals stated that a factual dispute was likely and requested discovery.  For this reason alone, the Secretary's motion should be denied.

As to when a Rule 56 request must be filed, the only requirement is that it be made in a reasonable time.  It need not be filed with the opposition brief.  The plaintiffs' request for Rule 56(f) relief in their reply brief constitutes a timely request under the Rule.  "There is no fixed time limit for filing a Rule 56(f) motion; that is, neither the Federal Rules nor the local rules place any relevant restriction on the submission of such a motion, at least when the court has not assigned a firm date for a hearing on, or adjudication of, the opposing party's summary judgment initiative."  Resolution Trust Corp. v. North Bridge Assoc., Inc., 22 F.3d 1198, 1204 (1st Cir. 1994).  Instead, a party invoking Rule 56(f) must do so "within a reasonable time following receipt of a motion for summary judgment."  C.B. Trucking, Inc., 137 F.3d at  44 n.2.  See also Resolution Trust Corp., 22 F.3d at 1203 ("A litigant who desires to invoke Rule 56(f) must make a sufficient proffer . . . in a timely manner"); Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 92 (1st Cir. 1996)(citation omitted) ( "We have also held that a party must invoke Rule 56(f) within a reasonable time following the receipt of a motion for summary judgment").

In examining what constitutes a timely Rule 56(f) request in the context of an opposing party's summary judgment motion, the courts have consistently found that the request is timely as long as it is submitted on or before the date of the hearing, or, if there is no argument on the motion, before the court makes a decision.  The First Circuit, upon whose decisions the Secretary relies heavily in support of his motion to strike, found that a party invoking Rule 56(f) must do so "within a reasonable time following receipt of a motion for summary judgment," see  C.B.

---

10    "[I]f this Court finds that there is a genuine issue as to whether the Intermediary did, in fact, maintain two separate reimbursement policies, it should deny the Secretary's motion to dismiss, or in the alternative, for summary judgment, and find that discovery is needed to develop this aspect of the case."  Pl.'s Mem. at 24.

Trucking, Inc., 137 F.3d at 44 n.2, and before the court renders a decision on the motion.  Id. at

44.  Similarly, the Ninth Circuit, when confronted with a Rule 56(f) request made six weeks after

the hearing on the motion for summary judgment, held that a timely Rule 56(f) motion must be

made prior to the summary judgment hearing.  Ashton-Tate Corp. v. Ross, 916 F.2d 516, 520

(9th Cir. 1990).

Here, the Rule 56(f) request in plaintiffs' reply brief was submitted prior to the argument,

if any, and well before the Court's decision on the merits of the motion.  Thus, even if this Court

finds that the request for discovery in the plaintiffs' opposition memorandum was insufficient to

trigger the protections of Rule 56(f), this Court should find that the request for relief in the

plaintiffs' reply brief meets the timeliness requirements of the Rule.

## III.    THE SECRETARY'S MOTION DOES NOT ADDRESS FACTS WHICH ARE REASONABLY WITHIN THE CONTROL OF THE HOSPITALS.

The Secretary's motion relies on a misrepresentation of the procedural record in this case

as well as misplaced reliance on numerous court decisions.  Not only does the Secretary misstate

the criteria as to when Rule 56 relief is, and is not, available (as set forth above), but he also acts

as if the claim being pursued by the Hospitals is one based on common law fraud, a claim which

the Secretary contends is one that the Hospitals would necessarily possess all of the facts that

would be required to prove the intermediary's unlawful conduct.

In actuality, however, the Hospitals' claim is not based on principles of common law

fraud, but rather on the concept of "similar fault" under 42 C.F.R. § 405.1885(d).  "Similar fault"

necessarily entails a much broader range of conduct than that which is subsumed by common

law fraud.  A Supplemental Security Income ruling defined fault as "an action proceeding from

an inexcusable negligence or ignorance . . . ."  Supplemental Security Income Ruling SSR 85-23,

available at http://www.ssa.gov/OP_Home/rulings/ssi/07/SSR85-23-ssi-07.html.  Moreover, by

analogy, "similar fault" may be defined as equitable fraud.  <u>Toner v. Allstate Ins. Co.</u>, 829 F. Supp. 695, 703 (D. Del. 1993) (citing <u>Gaffin v. Teledyne, Inc.</u>, 611 A.2d 467, 472 & n.4 (Del. 1992)).  Equitable fraud does not require affirmative misrepresentations.  <u>Automated Salvage Transp., Inc. v. NV Koninklijke KNP BT</u>, 106 F. Supp. 2d 606, 624 n.27 (D.N.J. 1999).  Moreover, "[i]n equitable fraud, unlike legal fraud, a plaintiff need not prove scienter – that is, he need not prove (1) knowledge and (2) intent."  <u>Id.</u>

Here, the "similar fault" of the Intermediary was reimbursing at least one other Massachusetts hospital for the cost of the UCP Tax while failing to inform the plaintiff Hospitals that the historical policy of disallowance had changed.  Facts regarding the intermediary's failure to disclose, omissions, concealment, and gross negligence are not within the control of the Hospitals.  Nor has the Secretary even addressed this category of conduct in his motion to suggest otherwise.  The Secretary's motion should be denied for this reason as well.

**CONCLUSION**

Based on all of the foregoing, the Hospitals are entitled to full discovery, including Rule 56 discovery.  The Secretary's motion to strike should be denied.


Respectfully submitted,


      /s/  Jacqueline E. Bennett
Jacqueline E. Bennett
D.C. Bar No. 474355
REED SMITH LLP
1301 K Street, N.W.
Suite 1100 – East Tower
Washington, D.C. 20005
Tel: (202) 414-9200
Facsimile: (202) 414-9299

Of Counsel:
Murray J. Klein
**REED SMITH LLP**
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, NJ  08540
(609) 987-0050


Attorneys for the Plaintiffs


Dated:   January 9, 2006