IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAIRVIEW HOSPITAL, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civ. Action No. 1:05cv01065 (RWR) |
| | ) |
| MICHAEL O. LEAVITT, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION
TO STRIKE RULE 56(f) ARGUMENT AND DECLARATION**

**INTRODUCTION**

Defendant's motion to strike raises a simple question of procedural fairness: is it proper to allow plaintiffs to file a supplemental declaration seeking a continuance under Fed. R. Civ. P. 56(f) three weeks <u>after</u> plaintiffs filed their opposition to defendant's motion for summary judgment, two weeks <u>after</u> defendant filed his final reply, and three weeks <u>after</u> plaintiffs themselves cross-moved for summary judgment on the basis of exactly the same evidence as defendant? The answer is obviously no. As defendant explained in his opening memorandum, the Rules of this Court give a plaintiff one chance – and one chance only – to oppose a motion for summary judgment. That chance comes 11 days after the motion is served. All opposing declarations – including all declarations supporting a request for a continuance under Fed. R. Civ. P. 56(f) – are due at that time. The moving party then gets five days to file a reply in which he may challenge the legal sufficiency of any of the opposing party's argument and evidence, including the sufficiency of a Rule 56(f) declaration. Further supplementation by either side is

not allowed without leave of the Court. Plaintiffs' late-filed Rule 56(f) declaration – and all arguments that rely on it – should therefore be stricken from the record.

## ARGUMENT

### I. PLAINTIFFS CANNOT FILE SUPPLEMENTAL EVIDENCE IN OPPOSITION TO A MOTION FOR SUMMARY JUDGMENT WITHOUT LEAVE OF THIS COURT.

At the outset, plaintiffs' attempt to defend the timeliness of their Rule 56(f) declaration proves too much. They openly take the legal position that a request for a Rule 56(f) continuance can properly be submitted, without any supporting affidavit, merely by means of a passing reference to discovery in the opposition memorandum, Pl. Mem.[1] at 7-8 & n.10, and they represent that, as a matter of fact, "[t]his is exactly what the plaintiffs did in their very first memorandum filed in opposition to the Secretary's motion." Id. at 7-8. The short answer is: fine, then let plaintiffs' Rule 56(f) claim rise or fall on the strength of the passing reference which appears in that "very first memorandum." Under the Rules of this Court, whatever material a plaintiff submits with his very first memorandum in opposition to a motion for summary judgment is all the material that he ever gets to submit, absent leave of the Court to file supplemental evidence. This Court's rules do not provide two chances to oppose summary judgment – on Rule 56(f) grounds or otherwise – and they do not provide two chances to submit a Rule 56(f) declaration. If plaintiffs thought they had left out something important in their "very first" opposition, their remedy was to ask this Court to waive the rules and permit them, for good cause shown, to make a supplemental filing to correct that perceived omission.

---

[1] Plaintiffs' Memorandum in Opposition to the Secretary's Motion to Strike (Doc. 26).

The reasons why plaintiffs eschewed the forthright path here are obvious. First, plaintiffs did not believe anything important <u>was</u> left out of their "very first memorandum," Pl. Mem. at 7, because they did not – and still do not – think a Rule 56(f) argument <u>has</u> to be supported by an affidavit or declaration, and that is why they did not file one with their opposing papers. Having made a considered choice not to file any declaration, they would have been hard put to make a good-faith request for leave to file a supplemental declaration on the ground of excusable neglect. Second, a forthright request for leave to file a supplemental declaration would have required plaintiffs, at a minimum, to acknowledge a corresponding need to give defendant a chance to reply. Plaintiffs now effectively admit, however, that their plan all along was to deprive defendant of the opportunity to challenge the declaration by deliberately leaving it out of their very first memorandum.

Simply put, playing by the rules did not suit plaintiffs' agenda. Having now been caught, they cannot be heard to complain that the resulting penalty – merely having their untimely declaration and arguments that rely on it stricken from the record – is excessive. This Court's analysis of defendant's motion to strike can end here.

## II. PLAINTIFFS CANNOT FILE A RULE 56(f) OPPOSITION WHENEVER THEY WANT.

Plaintiffs' contention – that a party resisting summary judgment has an absolute right to make a Rule 56(f) submission whenever it feels like it, so long as the submission occurs "before the court renders a decision on the motion" for summary judgment, Pl. Mem. at 9 – is just plain wrong. As was discussed above, motions practice in this Court is structured so that the non-moving party has <u>one</u> opportunity to oppose a motion for summary judgment, and the moving party has one chance to reply to that opposition. The opposing party must make good use of his

first and only opportunity to oppose the motion by filing all evidence – including all affidavits or declarations that support the argument that evidence is not available without discovery – when he files the opposition. There is no Rule 56(f) exception to summary-judgment practice.

The decisions on which plaintiffs rely do not support a contrary conclusion. In <u>Ashton-Tate Corp. v. Ross</u>, 916 F.2d 516 (9th Cir. 1990), the Court of Appeals for the Ninth Circuit held that a plaintiff could not file a Rule 56(f) request after a hearing on the motion for summary judgment had already been held. <u>Id</u>. at 520. The case was on appeal from the Northern District of California, where the local rules require parties opposing summary judgment to file all their papers – including all opposing "affidavits" – at least 21 days before a pre-scheduled hearing[2] and prohibit supplementation without prior leave of the Court.[3] The Court of Appeals held that a Rule 56(f) motion must "be made prior to the summary judgment hearing" because "the process of evaluating a summary judgment motion would be flouted if requests for more time, discovery, or the introduction of supplemental affidavits had to be considered even if requested well after <u>the deadline set for the introduction of all information needed to make a ruling</u> has passed." <u>Id</u>. at 520 (emphasis added). The holding of the court, therefore, was simply that Rule 56(f) materials are due when the opposition to the motion for summary judgment is due. In the Northern District of California, the deadline set for the non-moving party to introduce all information he thinks is needed to make a ruling on the summary-judgment motion is 21 days before a scheduled hearing. In this Court, that deadline is 11 days after service of the summary-judgment motion. Nothing in <u>Ashton-Tate</u> supports plaintiffs' contention that it is permissible

---

[2] N.D. Cal. Civil Local Rule 7-3(a)

[3] N.D. Cal. Civil Local Rule 7-3(d).

for the non-moving party to delay the filing of a Rule 56(f) declaration until after he has filed his opposition, after he has filed a cross-motion for summary judgment, and after his opponent has filed his final reply in support of his motion for summary judgment.

Similarly, the First Circuit authority that "a party must invoke Rule 56(f) within a <u>reasonable</u> time following receipt of a motion for summary judgment," <u>C.B. Trucking, Inc. v. Waste Mgmt. Inc.</u>, 137 F.3d 41, 44 n.2 (1st Cir. 1996) (emphasis added) (citation omitted); <u>see also</u> <u>Ayala-Gerena v. Bristol Myers-Squibb Co.</u>, 95 F.3d 86, 92 (1st Cir. 1996)) (same), does not support the proposition that a party may invoke Rule 56(f) whenever he gets around to it.  As was discussed above, the Rules of this Court leave no doubt as to the length of time during which it is reasonable for a party to file his opposition – including his opposition on Rule 56(f) grounds – to the other side's motion for summary judgment.  That time is 11 days from the date of service of the motion for summary judgment.  The moving party then has five days to reply.  Only the Queen of Hearts would think that a reasonable way to present argument on a motion is to first have the briefing and then have the evidence.

### III. PLAINTIFFS DO NOT NEED DISCOVERY TO FIND OUT WHAT THEY ALREADY KNOW.

For the reasons stated above, plaintiffs' Rule 56(f) declaration – and all arguments that rely on it – are untimely and should be stricken from the record.  It is not necessary to consider the merits of their request for a continuance.  However, the new arguments made in plaintiffs' latest memorandum in support of their request for a continuance are as unpersuasive as the averments that appear in their late-filed Rule 56(f) declaration.

Rule 56 plainly mandates that, in order to justify continuance of a motion for summary judgment, the party opposing the motion must show, by "affidavits" and "for reasons stated" why

he cannot "present by affidavit" the "facts essential to justify the party's opposition." Fed. R. Civ. P. 56(f). It also expressly authorizes a defendant to move for summary judgment "at any time," Fed. R. Civ. P. 56(b), not merely at any time after discovery has occurred. It is therefore not necessary for the defendant "to wait until discovery has taken place" before moving for summary judgment, and, in appropriate circumstances, a court "may grant summary judgment without the parties having conducted discovery." Reflectone, Inc. v. Farrand Optical Co., 862 F.2d 841, 844 (11th Cir. 1989). Rule 56(f) "may not be invoked by mere assertion that discovery is incomplete." King v. DOJ, 830 F.2d 210, 132 n.157 (D.C. Cir. 1987) (citation omitted); see generally Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986) (plurality) ("[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims and defenses" and "it should be interpreted in a way that allows it to accomplish this purpose").

     Although, to be sure, lack of an opportunity for discovery <u>often</u> lends support to a Rule 56(f) motion, there are two paradigm situations where it does not. The first is where the party seeking a continuance has himself cross-moved for summary judgment on the basis of the very same factual submissions as his opponent, a course of conduct that "almost invariably indicates" that he "was not prejudiced by a lack of discovery." Filiatrault v. Comverse Tech., Inc., 275 F.3d 131, 138 (1st Cir. 2001) (quoting Rodriguez-Cuervos v. Wal-Mart Stores, Inc., 181 F.3d 15, 23 (1st Cir. 1999)). The second is where the party seeking the continuance has demonstrated a "lack of diligence" in seeking to discover the supposedly missing information in his own records and is now abusing Rule 56(f) to "belatedly devise[] new theories to delay resolution of long-pending dispositive motions." Berkeley v. Home Ins. Co., 68 F.3d 1409, 1414 (D.C. Cir. 1995). Both circumstances are evident here.

As defendant explained in his opening memorandum, a plaintiff who alleges that he was the victim of misleading statements or misleading omissions purportedly made by another person already has to know a certain amount of factual information about the case before he can file his complaint in good faith. He must know what <u>he thinks</u> the defendant either said <u>to him</u> or did not say <u>to him</u> that makes <u>him</u> think that <u>he</u> was misled. He also has to know why <u>he</u> thinks the statements or non-statements were misleading in a legally relevant way. And he has to know how <u>he</u> relied on the complained-of statements or omissions to <u>his</u> detriment. If does not know these facts, then he does not have a good-faith basis for alleging fraud or fraud-like conduct in his complaint, and Fed. R. Civ. P. 9(b) does not allow him to impugn the integrity and professional competence of the defendant until he does.

In this case, the facts on which plaintiffs base their fraud-related claims are simple. In 2002, Mutual of Omaha Insurance Company ("Mutual of Omaha") told one plaintiff, Fairview Hospital ("Fairview"), that a certain tax state assessment was reimbursable under Medicare. That advice came in response to a request for a reopening. Two years earlier, Mutual of Omaha had granted a similar reopening request submitted by a non-plaintiff hospital. In 2003, a second intermediary, Associated Medical Services ("Associated"), told the other two plaintiffs, Tufts-New England Medical Center ("Tufts") and Mount Auburn Hospital ("Mount Auburn"), that the tax was reimbursable. This communication came in response to reopening requests submitted by various non-plaintiff hospitals. There is no evidence in the record that, before these events took place, either intermediary ever made any statements about the state tax at all to any plaintiff hospital, although Associated does state that, prior to seeking guidance from the Centers for Medicare & Medicaid Services, it had never considered the tax to be a reimbursable Medicare cost. If plaintiffs think these facts give rise to a conclusion that the hospitals were either actively

or passively misleading in a manner that has legally relevant implications under 42 C.F.R. § 405.1885(d), they have all the facts they need to make that argument. It is hard to see what is missing.

Indeed, in their belated Rule 56(f) declaration, plaintiffs' counsel did not identify any information that Fairview needed from Mutual of Omaha in order to acquire facts essential to its opposition to defendant's motion for summary judgment. The declaration merely stated that plaintiffs would like to depose one Mutual of Omaha employee. Rule 56(f) Declaration of Steven B. Roosa, Esq. ("Roosa Dec.") at ¶ 8 (Doc. 23). The only information that the other two hospitals claimed to need from Associated in order to "allow the Plaintiff Hospitals to put forth triable issues of fact" was the nature of that intermediary's "reimbursement policy" prior to 2003, "as well as how, and to what extent, that policy was conveyed to the hospitals." Id. at ¶ 9.

But, Associated has already stated that, prior to seeking guidance from CMS in response to reopening requests from non-plaintiff hospitals in 2003, it did not think the tax was reimbursable. And the declaration proffers no reason why Tufts and Mount Auburn do not know what statements about the tax Associated made to them prior to that time. One party to a complained-of communication cannot plausibly be heard to contend that the other party is in exclusive possession of the contents of that communication, let alone that the other party has exclusive knowledge with respect to whether any communication occurred at all. If the gravamen of plaintiffs' fraud theory is that Tufts and Mount Auburn were misled by affirmative misstatements made by Associated, they must, at a minimum, have knowledge of their own version of the complained-of communications and they must be able to present that version by way of affidavits.

Plaintiffs' only response to this logical problem with their Rule 56(f) argument is to change the subject. In their latest memorandum, they do not attempt to defend the sufficiency of their Rule 56(f) declaration. Indeed, they do not even mention it. Instead, they argue a completely new theory – that discovery is necessary not to find out what affirmative statements were made by the intermediaries, but what "failure to disclose, omissions, concealment and gross negligence" took place during pre-2003 communications with the three plaintiff hospitals. Pl. Mem. at 10. But this argument makes even less sense than the averments in the Rule 56(f) declaration. Plaintiffs give no reason why they do not know what the intermediaries did not tell them with regard to the state tax. And they certainly must know whether they ever asked about the tax and, if so, what answer, if any, they received. Once again, there is no reason why plaintiffs would be unable to come forward with affidavits articulating their version of events, if that version differs in any way from the evidence submitted by defendant with his motion for summary judgment.

Finally, defendant is unable to find on the last page of plaintiffs' opposition to defendant's motion for summary judgment any "reasons" why plaintiffs thought they could not "present by affidavit" any "facts essential to justify the party's opposition" to that motion. Fed. R. Civ. P. 56(f). The passage to which plaintiffs refer, Pl. Mem. at 8 n.10, asserts that "there is no genuine issue as to any material fact" that would stand in the way of summary judgment for either side, but should the Court find "that Plaintiffs are not entitled to summary judgment, this Court should also find that there are genuine issues of material fact that must result in the denial of the Secretary's motion," and "find that discovery is necessary to develop this aspect of the case." Plaintiffs' Memorandum in Support of Their Opposition to Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment and Plaintiffs' Cross-Motion for Summary Judgment at

24 (Doc. 20). Nowhere in this jumble of non-sequiturs do plaintiffs contend that, without discovery, they cannot, by means of their own affidavits, successfully raise an issue of material fact. The passage appears merely to be prescribing a course of action that plaintiffs think the Court should follow in the event that it finds a genuine issue of material fact where none has been argued. In any event, if plaintiffs think a party is not required to submit a Rule 56(f) affidavit before it can "appear from the affidavits of a party" that "for reasons stated" the party cannot "present by affidavits facts essential to justify the party's opposition," Fed. Civ. P. 56(f), their quarrel is with the law of this Circuit. See, e.g., King, 830 F.2d at 232 n.157 ("affidavit required"). Indeed, if plaintiffs do not think a Rule 56(f) declaration was necessary, why did they file one belatedly after the briefing of defendant's dispositive motion was over, and why are they now fighting to keep it in the record?

### III. PLAINTIFFS' BELATED RULE 56(f) DECLARATION WAS FILED FOR PURPOSES OF DELAY, NOT DISCOVERY.

Plaintiffs' real agenda is plain. They have not submitted their belated Rule 56(f) declaration because they genuinely believe they need any discovery to oppose defendant's motion for summary judgment. If that were the case, they would not have cross-moved for summary judgment in the first place. They submit the belated declaration because, by their own account, they emphatically want to delay resolution of this case until after an unrelated action now before Judge Sullivan is decided and they are angry that they have been unable convince defendant to agree. See Pl. Mem. at 1-5. Plaintiffs initially delayed the briefing of defendant's motion by asking for an enlargement of time to oppose it. They then tried to frustrate the briefing by moving for an indefinite stay. When that tactic failed to halt the briefing of defendant's motion,

-10-

plaintiffs cross-moved for summary judgment and, finally, sought a Rule 56(f) continuance as a kind of rear-guard attempt to secure the delay they failed to win by frontal assault.

What plaintiffs fail to appreciate is that these tactical maneuvers have left them in the untenable position of trying to simultaneously argue that discovery (a) is absolutely necessary before defendant's motion for summary judgment can be decided; (b) is absolutely unnecessary before their own cross-motion for summary judgment based on exactly the same uncontested facts can be decided; and (c) should be indefinitely postponed while proceedings in another court, which will never produce any factual information relevant to this case, are completed. An argument like that can have only one purpose: to obfuscate the fact that what plaintiffs are really trying to do is simply to delay the case by any means possible. That is not a sufficient reason to justify the belated filing of a Rule 56(f) declaration.

## CONCLUSION

For the reasons stated, defendant's motion to strike should be granted.

Respectfully submitted,

OF COUNSEL:
PAULA M. STANNARD
Acting General Counsel

KATHLEEN H. MCGUAN
Associate General Counsel

MARK D. POLSTON
Deputy Associate General
Counsel for Litigation

ROBERT BALDERSTON
Attorney
Department of Health
and Human Services

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

_____
SHEILA M. LIEBER
PETER ROBBINS
Department of Justice
20 Massachusetts Avenue, N.W., Room 7142
Washington, D.C. 20530
Tel: (202) 514-3953
Attorneys for Defendant