UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

———————————————————   )
FAIRVIEW HOSPITAL, <u>et al.</u>,   )
                                    )
          Plaintiff,                )
                                    )
          v.                        )   Civil Action No. 05-1065 (RWR)
                                    )
MICHAEL O. LEAVITT,                 )
                                    )
          Defendant.                )
———————————————————   )


<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiffs, three Massachusetts hospitals,[1] seek an order requiring the defendant, Secretary of the United States Department of Health and Human Services, to reopen cost reports from prior years and provide Medicare reimbursements for a state assessment under Medicare regulation 42 C.F.R. § 405.1885(d). Plaintiffs move for a stay of the proceedings pending the final resolution of <u>Bradley Memorial Hospital v. Leavitt</u>, Civil Action No. 04-416 (EGS) (D.D.C. filed Mar. 17, 2004). Because a stay of these proceedings would promote judicial economy and efficiency for the parties, plaintiffs' motion for a stay will be granted.

---

[1] Fairview Hospital, Tufts-New England Medical Center, and Mount Auburn Hospital.

-2-

BACKGROUND

Plaintiffs seek reimbursement for costs incurred as a result of the Massachusetts Uncompensated Care Pool ("UCP") assessment. (Am. Compl. ¶ 39.)  UCP "reimburse[s] hospitals and community centers for care provided to low-income, uninsured and underinsured residence of the commonwealth."  Mass. Gen. Laws Ann. Ch. 118G, § 18(a).  "The UCP is funded, in part, through [an assessment] against each hospital's private sector charges." (Am. Compl. ¶ 21.)

Plaintiffs claim that certain of defendant's intermediaries that processed plaintiffs' cost reports for Medicare reimbursements[2] maintained a policy that the UCP was not reimbursable for the plaintiffs and misled plaintiffs into believing that the UCP was not reimbursable while simultaneously reimbursing the UCP for other Massachusetts hospitals. Plaintiffs argue that this "dual policy" constitutes "similar fault" under § 405.1885(d), requiring that their cost reports be reopened under the regulation.  Plaintiffs filed a motion for a stay of proceedings until Bradley has been fully resolved, including any appeal.  Defendant's oppose plaintiffs' motion.

---

[2] Associated Hospital Services ("Associated") processed claims for Tufts and Mount Auburn, and Mutual of Omaha Insurance Company ("Mutual of Omaha") processed claims for Fairview. (Pls.' Reply at 1.)

-3-

DISCUSSION

"A trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere." Marsh v. Johnson, 263 F. Supp. 2d 49, 52 (D.D.C. 2003) (citing Landis v. N. Am. Co., 229 U.S. 248, 254 (1936)); see McSurely v. McClellan, 426 F.2d 664, 671 (D.C. Cir. 1970) ("[T]he District Court has a broad discretion in granting or denying stays so as to coordinate the business of the court efficiently and sensibly." (internal quotations omitted)). The court "must weigh competing interests and maintain an even balance," when determining whether to stay a proceeding. Landis, 299 U.S. at 254. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Id. A party may be required "to submit to delay not immoderate in extent and not oppressive in its consequences if . . . convenience will thereby be promoted." Id. at 256. "Indeed, '[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." IBT/HERE Employee Representatives' Council v. Gate Gourmet Div. Ams., 402 F. Supp. 2d 289, 292 (D.D.C. 2005).

-4-

Plaintiffs argue that a stay of proceedings in the instant case pending final resolution of Bradley is warranted because it would "promote efficiency and conserve party and judicial resources." (Pls.' Mem. in Support of Mot. for Stay of Proceedings ("Pls.' Stay Mot.") at 11.)  Given that the legal defenses are nearly identical in both cases and mostly involve pure issues of law, plaintiffs contend that "success on [these defenses] before the Court of Appeals for this Circuit would likely obviate the need for further proceedings . . . ." (Id.)  Plaintiffs point out that three previously filed Massachusetts lawsuits[3] have been stayed pending the outcome in Bradley for the same reasons argued by plaintiffs here.  Further, plaintiffs claim that the parties' joint requests for stays in those cases are instructive in this case because, with the exception of the fiscal years at issue, the complaints in all four are identical. (Pls.' Reply Mem. in Support of Mot. for Stay of Proceedings ("Pls.' Reply") at 3.)

In Milton, Dana-Farber, and Berkshire, the parties jointly moved to stay the proceedings until final resolution, including any appeal, of Bradley.  The parties represented that the stays were justified because the cases "raise[d] issues similar to

---

[3]  Milton Hospital v. Thompson, Civil Action No. 04-1497 (RWR) (D.D.C. filed Aug. 30, 2004); Dana-Farber Cancer Inst. v. Thompson, Civil Action No. 04-1537 (RWR) (D.D.C. filed Sept. 3, 2004); Berkshire Medical Ctr. v. Thompson, Civil Action No. 04-1562 (RWR) (D.D.C. filed Sept. 9, 2004).

-5-

those . . . in <u>Bradley Memorial Hospital v. Thompson</u>, D.D.C. No. 04-416 (EGS) (filed March 15, 2004)." (Joint Mot. for a Stay of Proceedings, <u>Milton</u>, at 1.)[4]  In addition, the parties believed that the stays "would promote efficiency and conserve party and judicial resources."  (<u>Id.</u>)  Despite factual differences between the cases, the parties urged stays arguing that the claims raised in all three cases were "virtually identical to those raised in <u>Bradley</u>, and the defenses [were] likely to be the same." (Supplemental Mem. in Supp. of Joint Mot. for a Stay of Proceedings ("Supplemental Mem."), <u>Milton</u>, at 5.)  Moreover, the parties postulated that "[e]ven if some issues remain for resolution after disposition in <u>Bradley</u>, . . . they are likely to be reduced to discrete factual questions. . . .  Such a narrowing of the case[s] would facilitate more economical proceedings and/or possible settlement discussions in the future."  (<u>Id.</u>)

When faced with the complaint filed in the instant case, instead of joining in the plaintiffs' motion for a stay as he had done in the prior three Massachusetts lawsuits, the defendant responded by filing a dispositive motion.  (<u>See</u> Def.'s Mot. to Dismiss or, In the Alternative, for Summ. J.)  Defendant argues that his prior positions in <u>Milton</u>, <u>Dana-Farber</u>, and <u>Berkshire</u> have no bearing on whether a stay should be granted in this case.

---

[4]  Identical motions and supplemental filings were filed in <u>Dana-Farber</u> and <u>Berkshire</u>.

-6-

(Def.'s Opp'n to Pls.' Mot. for Stay of Proceedings ("Def.'s Opp'n") at 15.)  However, given the similar nature of the cases and defendant's previous representations that staying those cases pending resolution of <u>Bradley</u> would promote convenience and efficiency, a stay in this case appears equally worthwhile. While defendant argues that the plaintiffs have not demonstrated that hardship or inequity would result if the case is not stayed (Def.'s Opp'n at 4), these considerations are not limitations upon a court's power to stay proceedings.  <u>See</u> <u>Landis</u>, 299 U.S. at 255.  This is especially so where simultaneous litigation may settle questions of law and simplify the proceedings.  <u>See</u> <u>id.</u> at 256.

Defendant also claims that the <u>Bradley</u> plaintiffs' amended complaint has now changed the factual allegations of that case such that they "differ dramatically from those pled here." (Def.'s Opp'n at 8.)  However, the defendant concedes that there are identical legal issues and defenses raised by the cases.[5]

---

[5]   The defendant argues that both here and in <u>Bradley</u>, the court should: (1) "dismiss the claims for failure to exhaust administrative remedies;" (2) "conclude that plaintiffs have no right to a reopening under 42 C.F.R. § 405.1885(d) . . . because the regulation, by its express terms, does not apply to the actions on intermediaries in issuing their own payment determinations;" (3) "conclude that an opinion of law is not a statement of material fact about which a fraudulent or negligent misrepresentation can be made;" (4) "conclude that the Secretary and his agents have no legal duty to provide hospitals with unsolicited opinions on specific Medicare questions;" and (5) "conclude that the alleged reliance on the putative legal opinions of Medicare fiscal agents is unjustifiable as a matter

-7-

(Def.'s Opp'n at 12.)  The amended complaint in <u>Bradley</u> contains

the same legal theories as those contained in the initial

complaint.  (<u>Compare</u> Pls.' Stay Mot., Ex. 3, <u>with</u> Pls.' Stay

Mot., Ex. 7.)  Additionally, the amended complaints in <u>Bradley</u>

and this case are strikingly similar (<u>compare</u> Pls.' Stay Mot.,

Ex. 7, <u>with</u> Pls.' First Am. Compl.), and the defenses raised in

the dispositive motions filed in both cases are nearly

identical.[6]  Further, that the facts in <u>Bradley</u> and this case may

be different is a particularly unpersuasive basis for denying a

stay.  The defendant has been aware for some time that the facts

in <u>Bradley</u>, a case involving Connecticut hospitals seeking

reimbursement for a state tax, were different from those of the

Massachusetts lawsuits (<u>see</u> Supplemental Mem., <u>Milton</u>, at 4),

where hospitals are seeking reimbursement of a state assessment.

Knowing of these differences, the defendant still urged that

stays be ordered in the three previous Massachusetts lawsuits.

Given the indistinguishable nature of the legal issues and

defenses raised by <u>Bradley</u> and the case at hand, efficiency

requires that this case be stayed.[7]

---

of law."  (Def.'s Opp'n at 12.)

[6]  The parties' counsel in <u>Bradley</u>, <u>Fairview</u>, <u>Milton</u>, <u>Dana-Farber</u>, and <u>Berkshire</u> are also the same.

[7]  The defendant also argues that a stay is not warranted because indefinite stays are disfavored and a stay would not foreclose the necessity of litigation in this case.  Defendant's arguments are flawed in two ways.  (Def.'s Opp'n at 6, 12.)

-8-

CONCLUSION AND ORDER

Because the case at hand raises nearly identical issues as those currently briefed and pending on cross-motions for summary judgment in Bradley Memorial Hospital v. Leavitt, Civil Action No. 04-416 (EGS) (D.D.C.), and because holding this case in abeyance pending the final resolution of that matter will foster efficiency and conservation of resources for both the parties and the court, the plaintiffs' motion for a stay will be granted. Accordingly, it is hereby

ORDERED that plaintiffs' motion [14] for a stay of the proceedings be, and hereby is, GRANTED. This case is STAYED and ADMINISTRATIVELY CLOSED pending final resolution of Bradley. It is further

ORDERED that the defendant's motion [12] to dismiss, or for summary judgment, be and hereby is, DENIED without prejudice. It is further

ORDERED that plaintiff's cross-motion [20] for summary judgment be, and hereby is, DENIED without prejudice. It is further

---

First, any stay issued here would not be indefinite because briefing in the Bradley case is complete and dispositive motions are currently pending before the court. Second, it is well established that a stay of the proceedings in one case is permitted even where proceedings in the other court "may not settle every question of fact and law . . ., but in all likelihood . . . will settle many and simplify them all." Landis, 299 U.S. at 256.

-9-

ORDERED that defendant's motion [24] to strike be, and
hereby is, DENIED without prejudice.  It is further

ORDERED that within 60 days after final resolution of
Bradley, the parties shall submit either a motion to re-open the
case addressing the need for any further proceedings in this
action, or a stipulation of dismissal.  Failure to comply timely
will result in the dismissal of the case.

SIGNED this 22nd day of May, 2007.


                              _____/s/_____
                              RICHARD W. ROBERTS
                              United States District Judge